UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF STATE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00400 |

## DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

The Government respectfully submits this response to the Court's February 11, 2025 Minute Order to show cause related to the assignment of this case. The Government maintains that both this action, *AIDS Vaccine Advocacy Coalition* (1:25-cv-400), and *Global Health Council* (1:25-cv-402) are related to the earlier filed matter of *American Foreign Service Association et al. v. Trump et al.* (1:25-cv-352)[1], presently pending before The Honorable Carl J. Nichols. None of these matters is related to *National Council of Nonprofits, v. Office of Management and Budget* (1:25-cv-239) for purposes of Local Civil Rule 40.5(a)(3).

---

[1] Here, and in earlier filings, the Government has referred to this matter as *American Foreign Service Association et al. v. Trump et al.* (1:25-cv-352), based on the order in which the parties were listed on the complaint in that case. The court in that case, however, docketed the case as *American Federation of Government Employees v. Trump et al.* The two captions refer to the same case.

1

I. ***AIDS Vaccine Advocacy Coalition* and *Global Health Council* are Related Matters to *American Foreign Service Association*.**

Under Local Civil Rule 40.5(a)(3), cases are properly deemed related when they "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." Plaintiffs in this case listed *American Foreign Service Association* as a related matter after they filed this case, clearly signaling based on their familiarity with that case—being counsel in it—that they view them as at least potentially related. And the plaintiffs in *Global Health Council* "do not dispute the characterization of [that] action in Defendants' Notice of Related Case, ECF 13" as related. *Global Health Council*, ECF No. 15. Moreover, the *Global Health Council* plaintiffs also acknowledge that "the claims in this case also involve common issues of fact and arise out of common transactions with [this case]." *Id.* Therefore, at this time, no party appears to argue that these three cases are not in fact related.

It makes sense that no party disputes the relatedness of these cases—all three involve common issues of fact and grow out of the same transaction or occurrence. At core, these three actions all challenge the propriety of Executive Order No. 14,169, "Reevaluating and Realigning United States Foreign Aid," 90 Fed. Reg. 8619 (Jan. 20, 2025). Moreover, the three complaints all make nearly completely overlapping legal claims:

- *American Foreign Service Association*: Separation of Powers and Take Care Clause (Compl ¶¶ 49-71), Administrative Procedures Act (Compl ¶¶ 72-75)

- *AIDS Vaccine Advocacy Coalition*: Separation of Powers and Take Care Clause (Compl. ¶¶ 45-59), Administrative Procedures Act (Compl. ¶¶ 60-66)

- *Global Health Council*: Separation of Powers and Take Care Clause (¶¶ 123-28), Administrative Procedures Act (Compl. ¶¶ 111-22)

Although the *Global Health Council* case includes a single additional claim (that President Trump's actions were ultra vires, *see Global Health Council*, Compl. ¶¶ 129-31), that claim appears to be derivative of the other claims.

Finally, although not determinative, it is notable that both this action and *American Foreign Services Association* involve the same plaintiffs' counsel, *compare AIDS Vaccine Advocacy Coalition*, Compl. at 21, with *American Foreign Service Association*, Compl. at 30. Assigning these three cases to the same Court would conserve the resources of the parties, counsel, and the Court and avoid the possibility of conflicting rulings on the same issues.

II.   **None of These Matters Relates to *National Council of Nonprofits*.**

*National Council of Nonprofits* is distinct under Local Civil Rule 40.5(a)(3) from the other three cases considered here. As the Court noted in its February 11, 2025 Minute Order, "'the mere presence of overlapping parties is not among the bases for a related-case designation.'" February 11 Minute Order (quoting *Klayman v. Porter*, No. 20-CV-3109, 2021 WL 1668067, at *2 (D.D.C. Apr. 28, 2021) (internal quotation marks and citation omitted)). Whereas the focus of the claims in *National Council of Nonprofits* is a challenged Office of Management and Budget memorandum (M-25-13), the other three cases concentrate on challenging Executive Order 14,169 and related actions by U.S. Agency for International Development ("USAID"). Indeed, the complaint in *National Council of Nonprofits* does not even reference Executive Order 14,169 or USAID.

~~~~~~~~~~~~~

For all of the aforementioned reasons, and without any apparent objection from any of the parties involved, the Government respectfully requests that the Court transfer *Aids Vaccine Advocacy Coalition* (1:25-cv-400), and *Global Health Council* (1:25-cv-402) to The Honorable

Carl J. Nichols as cases related to the first-filed *American Foreign Service Association et al. v. Trump et al.* (1:25-cv-352).

Dated: February 11, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

LAUREN A. WETZLER
Deputy Director
Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Christopher D. Edelman*
CHRISTOPHER D. EDELMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8659
Email: christopher.edelman@usdoj.gov

*Counsel for Defendants*