UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-400 (LLA) |

## ORDER

On February 10, 2025, Plaintiffs filed this case challenging Executive Order 14,169, 90 Fed. Reg. 8619, and designated it as related to *National Council of Nonprofits v. Office of Management and Budget*, No. 25-CV-239 (LLA), and *American Federation of Government Employees v. Trump*, No. 25-CV-352 (CJN). ECF No. 1. Because the undersigned has the lower-numbered case between *National Council of Nonprofits* and *American Federation of Government Employees*, this action was directly assigned to her under Local Civil Rule 40.5(c)(1).

The *National Council of Nonprofits* case concerns the Office of Management and Budget's Memorandum M-25-14, which directed federal agencies to "temporarily pause all activities related to [the] obligation or disbursement of all Federal financial assistance, and other relevant agency activities that may be implicated by" certain executive orders. *Off. of Mgmt. & Budget, Exec. Off. of the President, Temporary Pause of Agency Grant, Loan, and Other Financial Assistance Programs* (Jan. 27, 2025), https://perma.cc/69QB-VFG8 ("OMB Pause Memorandum"). Executive

Order 14,169 was one of the orders mentioned in the OMB Pause Memorandum, but the plaintiffs in *National Council of Nonprofits* do not directly challenge that order.[1]

Because it was not obvious that the claims presented in this case were related to those in *National Council of Nonprofits*, the court ordered Plaintiffs to show cause as to why this case should not be reassigned.  *See* First Feb. 11, 2025 Minute Order.  In their response, Plaintiffs argued that this case and *National Council of Nonprofits* involved "common issues of fact."  ECF No. 9, at 2.  They also argued that the matter is related to *American Federation of Government Employees* because both involve funding for foreign aid.  *Id.*  After the court received Plaintiffs' response to the show-cause order, ECF No. 9, it directed Defendants to file a response to the show-cause order, *see* Second Feb. 11, 2025 Minute Order.[2]  In their response, Defendants argue that this case is not related to *National Council of Nonprofits*, but that it is related to *American Federation of Government Employees*.  ECF No. 10.  Upon consideration of the parties' responses to the court's show-cause order, the court concludes that this case was erroneously designated as related to *National Council of Nonprofits*.  The case must therefore be returned to the Calendar and Case Management Committee for reassignment.

Local Civil Rule 40.5(a)(3) provides that "[c]ivil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same

---

[1] *American Federation of Government Employees* involves a challenge to Executive Order 14,169. No. 25-CV-352 (D.D.C. Feb. 6, 2025), ECF No. 1, at 2.  This court takes no position on whether the present case is related to *American Federation of Government Employees*.  *See* Local Civ. R. 40.5(c)(3) (explaining that disputes about the relatedness of a case "shall be determined by the judge to whom the case is assigned").

[2] After the court issued its show-cause order, but before Plaintiffs submitted their response, Defendants filed a notice stating that this case was related to *American Federation of Government Employees*, but it did not take a position on whether the matter was related to *National Council of Nonprofits*.  ECF No. 8.

event or transaction[,] or (iv) involve the validity or infringement of the same patent." "The party requesting related-case designation and seeking to avoid random assignment bears the burden of showing that the cases are related under a provision of Local Civil Rule 40.5." *United States v. Volvo Constr. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013) (quoting *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010)).

Plaintiffs have not carried their burden. The instant matter and *National Council of Nonprofits* are brought by different plaintiffs against almost entirely different sets of defendants, and each challenges a discrete policy. There is thus no reason to think that the "underlying facts" that the court must consider will "themselves . . . be common." *Dakota Rural Action v. U.S. Dep't of Agric.*, No. 18-CV-2852, 2019 WL 1440134, at *2 (D.D.C. Apr. 1, 2019). While Plaintiffs argue that the cases involve "'common issues of fact'" because Executive Order 14,169 "directs the OMB to 'enforce' the pause on 'foreign development assistance'" and because the "freeze in federal funding for foreign aid assistance may have been effectuated in part through the [OMB Pause Memorandum], ECF No. 9, at 2 (quoting Local Civ. R. 40.5(a)(3)(ii)), such connections are too attenuated for the cases to be properly deemed related. Thus, while the two cases may "pose similar questions dependent on a similar class of facts, [Plaintiffs] have failed to establish that the facts dictating the answers to those questions are common." *Dakota Rural Action*, 2019 WL 1440134, at *2.

The random assignment of cases is important because it "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000). While "the interests of judicial economy served by the related case rule" may sometimes "outweigh the fundamental interests served by the random

3

assignment rule[,] . . . [i]n light of the tenuous relationship of the claims in these two cases, this is not such an instance." *Lucas v. Barreto*, No. 04-CV-1262, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005).

Because the court concludes that this case is not related to *National Council of Nonprofits*, it is hereby **ORDERED** that the Clerk of Court shall transfer this case to the Calendar and Case Management Committee for reassignment.³ By separate minute order, the court will also transfer *Global Health Council v. Trump*, No. 25-CV-402, which was designated as related to this case, to the Calendar and Case Management Committee.

LOREN L. ALIKHAN
United States District Judge

Date:   February 11, 2025

---

³ As noted, *supra* n.1, the court takes no position on whether this case should be randomly reassigned or assigned as related to *American Federation of Government Employees*, No. 25-CV-352.