UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF STATE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00400 |

## DEFENDANTS' RENEWED NOTICE OF RELATED CASE

Pursuant to Local Civil Rule ("LCvR") 40.5(b)(3), Defendants again hereby notify the Court of the existence of a related case. As explained below, this subsequently filed case of *AIDS Vaccine Advocacy Coalition et al. v. Department of State et al.* (1:25-cv-400), as well as the case of *Global Health Council et al. v. Trump et al.* (1:25-cv-402), both now pending before The Honorable Amir H. Ali, implicate questions of law and fact that have already been raised in the *American Foreign Service Association et al. v. Trump et al.*, 1:25-cv-352[1], where a TRO already issued on February 7. At this time, based on the parties' filings in both *AIDS Vaccine Advocacy Coalition* and *Global Health Council*, no party appears to argue that these three cases are not in fact related. Pursuant to the requirements of LCvR 40.5(b)(3), Defendants file this notice with the

---

[1] Here, and in earlier filings, the Government has referred to this matter as *American Foreign Service Association et al. v. Trump et al.* (1:25-cv-352), based on the order in which the parties were listed on the complaint in that case. The court in that case, however, docketed the case as *American Federation of Government Employees v. Trump et al.* The two captions refer to the same case.

1

Clerk so that the instant case may be transferred to The Honorable Carl J. Nichols.  A copy of this notice has also been served on all other parties through the Court's electronic filing system.

I. **This Court Has Not Yet Ruled on Whether These Cases Are Related.**

Shortly after *AIDS Vaccine Advocacy Coalition* and *Global Health Council* were filed, the Government notified the courts in those cases that these cases were related to *American Foreign Service Association*.  *See AIDS Vaccine Advocacy Coalition*, ECF No. 8; *Global Health Council*, ECF No. 13.  Additionally, the *AIDS Vaccine Advocacy Coalition* plaintiffs notified this Court that this case was related to *American Foreign Service Association* and also to a separate case of *National Council of Nonprofits v. Office of Management and Budget* (1:25-cv-239), which was then pending before The Honorable Loren L. AliKhan.  *See AIDS Vaccine Advocacy Coalition*, ECF No. 4.  And the *Global Health Council* plaintiffs similarly notified the court there that the case was related to *AIDS Vaccine Advocacy Coalition*, ECF No. 2, and later that they "do not dispute the characterization of this action in Defendants' Notice of Related Case" as related to *American Foreign Service Association*, ECF No. 15 at 1.

After considering the various parties' filings, The Honorable Loren L. AliKhan held that *AIDS Vaccine Advocacy Coalition* was not related to *National Council of Nonprofits* and ordered "that the Clerk of Court shall transfer [*AIDS Vaccine Advocacy Coalition*] to the Calendar and Case Management Committee for reassignment."  Order (Feb. 11, 2025) at 4, ECF No. 12 (the "Order").  By separate minute order, the Court also transferred *Global Health Council* to the Calendar and Case Management Committee for reassignment.  The Court did not make any holding as to whether *AIDS Vaccine Advocacy Coalition* or *Global Health Council* were related to *American Foreign Service Association*.  Order at 2 n.1 ("This court takes no position on whether the present case is related to *American Federation of Government Employees*. *See* Local Civ. R.

40.5(c)(3) (explaining that disputes about the relatedness of a case 'shall be determined by the judge to whom the case is assigned').")); Order at 4 n.3 ("As noted, *supra* n.1, the court takes no position on whether this case should be randomly reassigned or assigned as related to *American Federation of Government Employees*, No. 25-CV-352."). Both cases were then reassigned to The Honorable Amir H. Ali, before whom they are now pending.

## II. *AIDS Vaccine Advocacy Coalition* and *Global Health Council* are Related Matters to *American Foreign Service Association*.

Under Local Civil Rule 40.5(a)(3), cases are properly deemed related when they "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." Plaintiffs in this case listed *American Foreign Service Association* as a related matter after they filed this case, clearly signaling based on their familiarity with that case—being counsel in it—that they view them as at least potentially related. And the plaintiffs in *Global Health Council* "do not dispute the characterization of [that] action in Defendants' Notice of Related Case" as related. *Global Health Council*, ECF No. 15. Moreover, the *Global Health Council* plaintiffs also acknowledge that "the claims in this case also involve common issues of fact and arise out of common transactions with [this case]." *Id.* Therefore, at this time, no party appears to argue that these three cases are not in fact related.

It makes sense that no party disputes the relatedness of these cases—all three involve common issues of fact and grow out of the same transaction or occurrence. At core, these three actions all challenge the propriety of Executive Order No. 14,169, "Reevaluating and Realigning United States Foreign Aid," 90 Fed. Reg. 8619 (Jan. 20, 2025), and related actions taken by the U.S. Agency for International Development ("USAID"). Moreover, the three complaints all make nearly completely overlapping legal claims:

3

- *American Foreign Service Association*: Separation of Powers and Take Care Clause (Compl ¶¶ 49-71), Administrative Procedures Act (Compl ¶¶ 72-75)

- *AIDS Vaccine Advocacy Coalition*: Separation of Powers and Take Care Clause (Compl. ¶¶ 45-59), Administrative Procedures Act (Compl. ¶¶ 60-66)

- *Global Health Council*: Separation of Powers and Take Care Clause (¶¶ 123-28), Administrative Procedures Act (Compl. ¶¶ 111-22)

Although the *Global Health Council* case includes a single additional claim (that President Trump's actions were ultra vires, *see Global Health Council*, Compl. ¶¶ 129-31), that claim appears to be derivative of the other claims.

Finally, although not determinative, it is notable that both this action and *American Foreign Services Association* involve the same plaintiffs' counsel, *compare AIDS Vaccine Advocacy Coalition*, Compl. at 21, with *American Foreign Service Association*, Compl. at 30. Assigning these three cases to the same court, which has already issued a temporary restraining order related to the issues in this case, would conserve the resources of the parties, counsel, and the Court and avoid the possibility of conflicting rulings on the same issues from different courts within the same district.

~~~~~~~~~~~~~

For all the aforementioned reasons, the Government respectfully requests that the Court transfer *Aids Vaccine Advocacy Coalition* (1:25-cv-400), and *Global Health Council* (1:25-cv-402) to The Honorable Carl J. Nichols as cases related to the first-filed *American Foreign Service Association et al. v. Trump et al.* (1:25-cv-352).

Dated: February 12, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

LAUREN A. WETZLER
Deputy Director
Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Christopher D. Edelman*
CHRISTOPHER D. EDELMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8659
Email: christopher.edelman@usdoj.gov

*Counsel for Defendants*