IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLOBAL HEALTH COUNCIL *et al.*,

    *Plaintiffs*,

v.

DONALD TRUMP *et al.*,

    *Defendants*.

Civil Action No. 1:25-cv-402

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

Upon consideration of Plaintiffs' motion for a temporary restraining order and accompanying brief (ECF No. 4), it is hereby

**ORDERED** that the motion is **GRANTED** as narrowed and specified below. It is further

**ORDERED** that Defendants Marco Rubio, Peter Marocco, Russell Vought, the U.S. Department of State, the U.S. Agency for International Development ("USAID"), and the Office of Management and Budget (the "Restrained Defendants") and their agents are restrained from implementing, enforcing, or otherwise giving effect to sections 3(a) and 3(c) of Executive Order 14169; sections 1, 5, 7, 8, and 9 of Dep't of State, Memorandum, 25 STATE 6828 (Jan. 24, 2025); USAID, Notice on Implementation of Executive Order on *Reevaluating and Realigning United States Foreign Aid* (Jan. 24, 2025); USAID, Initial Instructions for Implementing Executive Order Reevaluating and Realigning United States Foreign Aid (Jan. 22, 2025); USAID, Follow-Up Instructions for Implementing Executive Order Reevaluating and Realigning United States Foreign Aid (Jan. 24, 2025); USAID, Clarification on Implementing the President's Executive Order on Reevaluating and Realigning United States Foreign Aid (Jan. 26, 2025); and any other

actions by the Restrained Defendants or their agents to implement sections 3(a) and 3(c) of Executive Order 14169, including, without limitation:

- by freezing, pausing, or otherwise preventing the obligation or disbursement of appropriated foreign-assistance funds, including for any contracts, grants, cooperative agreements, and loans, for both past and ongoing expenses;

- by issuing, implementing, enforcing, or otherwise giving effect to terminations, suspensions, or stop-work orders on existing grants, cooperative agreements, or contracts for foreign assistance;

- by dismantling USAID or taking any other action, such as terminating, furloughing, or placing personnel on administrative leave, that prevents the Restrained Defendants from fulfilling their statutory duty to obligate and disburse appropriated foreign-assistance funds; or

- by issuing or reissuing any other orders or taking any other actions that have a materially similar effect. It is further

**ORDERED** that the Restrained Defendants shall take every step necessary to effectuate this Order, including clearing any administrative, operational, human resource, or technical hurdles to implementation of this Order. It is further

**ORDERED** that this Order shall apply to the maximum extent provided for by Federal Rule of Civil Procedure 65(d)(2) and 5 U.S.C. §§ 705 and 706. It is further

**ORDERED** that the Restrained Defendants are directed to provide written notice of this Order to all recipients of existing grants, cooperative agreements, and contracts for foreign assistance. It is further

**ORDERED** that the Restrained Defendants shall file a status report within two days of the entry of this Order, apprising the Court of the status of their compliance with this Order, including by providing a copy of the written notice described above; and it is further

**ORDERED** that the parties shall meet and confer and file a joint status report proposing a preliminary injunction briefing schedule within three days of the entry of this Order.

**IT IS SO ORDERED.**

_____
THE HONORABLE AMIR H. ALI
UNITED STATES DISTRICT JUDGE