IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00402 (AHA) |

**STATUS REPORT REGARDING TEMPORARY
RESTRAINING ORDER COMPLIANCE**

1. The Court entered an order on the evening of February 13, 2025 ("TRO"), temporarily restraining Defendants Marco Rubio, Peter Marocco, Russell Vought, the U.S. Department of State (Department), the U.S. Agency for International Development (USAID), and the Office of Management and Budget from "enforcing or giving effect to Sections 1, 5, 7, 8, and 9, of Dep't of State, Memorandum 25 STATE 6828 (Jan. 24, 2025) and any other directives that implement Sections 3(a) and 3(c) of Executive Order Number 14169, 'Reevaluating and Realigning United States Foreign Aid' (Jan. 20, 2025), including by suspending, pausing, or otherwise preventing the

1

obligation or disbursement of appropriated foreign-assistance funds in connection with any contracts, grants, cooperative agreements, loans, or other federal foreign assistance award that was in existence as of January 19, 2025; or issuing, implementing, enforcing, or otherwise giving effect to terminations, suspensions, or stop-work orders in connection with any contracts, grants, cooperative agreements, loans, or other federal foreign assistance award that was in existence as of January 19, 2025." TRO at 14.

2. The Court noted Defendants' representation "that some contracts at issue may include terms that allow them to be modified or terminated in certain circumstances." *Id.* The Court concluded "it would be overbroad to enjoin Defendants from taking action to enforce the terms of particular contracts, including with respect to expirations, modifications, or terminations pursuant to contractual provisions." *Id.* The Court thus "ORDERED that nothing in this order shall prohibit the Restrained Defendants from enforcing the terms of contracts and grants." *Id.* at 15.

3. In addition, the Court ordered Defendants to "take all steps necessary to effectuate this order" and to "provide written notice of this order to all recipients of existing contracts, grants, and cooperative agreements for foreign assistance." *Id.*

4. Finally, the Court required Defendants to "file a status report by February 18, 2025, apprising the Court of the status of their compliance with this order, including by providing a copy of the written notice described above." *Id.*

5. Defendants have worked diligently to comply with the Court's order during the two business days and three-day holiday weekend that have passed since the Court entered its order.[1]

---

[1] The Office of Management and Budget's compliance with the Court's order is explained in the attached declaration of Thomas Mackin Williams. *See* Ex. 2.

6. As the attached declaration of Peter Marocco explains, the Department and USAID have used their best efforts to distribute notice of the Court's order to the recipients of existing contracts, grants, and cooperative agreements for foreign assistance. *See* Ex. 1, ¶¶ 4, 20-22.

7. Mr. Marocco's declaration also explains that the Department and USAID issued directions to contracting officers and grants officers during the holiday weekend to comply with the TRO. *See id.* ¶¶ 5, 22.

8. Additionally, in light of the TRO, the Department of State and USAID have begun an analysis of the thousands of contracts, grants, and cooperative agreements on which action was taken during the almost four weeks between the issuance of the Executive Order and the Court's order. The Department and USAID have endeavored to determine the effect of the Court's temporary restraint on the Executive Order and the Secretary of State's January 24, 2025, direction as well as the effect of the Court's exception for enforcing the terms of contracts or grants.

9. Thus far, that analysis has confirmed that at least substantially all of the terminations, suspensions, and stop-work orders issued on USAID contracts, grants, and cooperative agreements were allowed by the terms of those instruments or terms implicitly incorporated into those instruments. *See* Ex. 1 ¶¶ 6, 9-19. USAID has not yet identified a termination, suspension, or stop-work order issued on a USAID contract, grant, or cooperative agreement that was not allowed by the terms of those instruments or terms implicitly incorporated into those instruments.

10. The Department's parallel analysis shows that a large share of the terminations, suspensions, and stop-work orders issued on the Department's contracts, grants, and cooperative agreements was allowed by those instruments' terms or terms implicitly incorporated into those instruments. *See id.* ¶¶ 23-30.

11. The Department has identified about 70 contracts and 6,824 grants suspended or on which a stop-work order has issued where the contract or grant instrument may not *expressly* authorize a suspension or stop-work order. *See id.* ¶¶ 26, 28. Given the number of contract and grant instruments involved, review is ongoing. Nevertheless, the Department understands it is entitled to terminate each of these contracts and grants under the express terms of those contracts and grants, or under terms implicitly incorporated into those instruments. *See id.*

12. To the extent there are instruments that do not explicitly or implicitly address suspensions and stop-work orders, the Department likewise understands it may terminate, suspend, or issue a stop-work order on those contracts and grants under its own authorities—independent of any authority conferred by the now-temporarily enjoined Executive Order or January 24, 2025, memorandum. *See id.* ¶¶ 24-28.

13. As was true before the Court's order, the Department of State and USAID continue to disburse substantial funding for foreign assistance. Mr. Marocco's declaration notes USAID's intent to disburse more than $250 million under foreign assistance awards this week. *See id.* ¶ 15.

14. The Court's order permits Defendants to exercise their rights under the terms of contracts and grants, which Defendants understand to include express and implied terms. The Court's order, however, appears to be silent on Defendants' exercise of authorities under statutes, regulations, and other legal authorities (not including the Executive Order and January 24, 2025, memorandum). Defendants have not read the TRO to temporarily restrain the exercise of those authorities. Defendants perceive no meaningful difference between exercising authority conferred by contracts, grants, and cooperative agreements and authority conferred by statutes, regulations, and other legal authorities. *See, e.g.*, *New York v. Trump*, No. 25-cv-39, Dkt. 107, at 3 (D.R.I. Feb. 12, 2025) (clarifying that a temporary restraining order did not apply to "acting to terminate

funding when that decision is based on *actual authority in the applicable statutory, regulatory, or grant terms*") (emphasis in original).

15. Out of an abundance of caution, Defendants are bringing this point to the Court's attention. To the extent Defendants' understanding of the Court's order is incorrect, Defendants respectfully request that the Court *sua sponte* modify its TRO—or permit Defendants to file an appropriate motion requesting such modification—so that the TRO explicitly does not restrain Defendants from exercising their legal authorities independent of the Executive Order and January 24, 2025, memorandum with respect to contracts, grants, cooperative agreements, loans or other federal foreign assistance awards.

16. Any such modification, should it prove necessary, would be consistent with the temporary restraining order entered in *New York v. Trump*, No. 25-cv-39 (D.R.I.), against a January 27, 2025, memorandum issued by the Office of Management and Budget. As the Plaintiffs in *AIDS Vaccine Advocacy Coalition* acknowledge, the *New York* temporary restraining order contained an "except[ion]" for conduct consistent with "applicable authorizing statutes, regulations, and terms." Complaint ¶ 36, *AIDS Vaccine Advocacy Coalition*, No. 1:25-cv-400, Dkt. 1 (Feb. 10, 2025). To the extent it does not already, Defendants respectfully submit that the same exception should apply to the temporary restraining order entered in this case.

17. If Defendants have misunderstood the Court's order, this modification may also prevent Defendants' termination of additional contracts and grants. The Department suspended instead of terminating the contracts and grants discussed in paragraphs 11-12, *supra*, and opted to consider the possibility of continuing these contracts and grants during the 90-day review process ordered by the Executive Order. If not permitted to rely on independent authorities to suspend or stop work under foreign assistance awards, the Department will need to review each of these

contracts and grants individually and may issue additional terminations, as allowed by the relevant contract and grant terms, to achieve compliance with the Court's order.

18. To the extent the Court intended to restrain Defendants from exercising their authorities under statutes, regulations, and other legal authorities not mentioned in the TRO, and the Court is unwilling to modify its order to exclude the exercises of those authorities, Defendants respectfully request that the Court convert its temporary restraining order into a preliminary injunction to permit Defendants to take an immediate appeal, stay its order pending any appeal authorized by the Solicitor General, and comply with Federal Rule of Civil Procedure 65(c) by requiring Plaintiffs to post security for any taxpayer funds wrongfully distributed during the pendency of the Court's Order.

Dated: February 18, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

LAUREN A. WETZLER
Deputy Director

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Indraneel Sur*
INDRANEEL SUR
CHRISTOPHER D. EDELMAN
Senior Counsels
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*