UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> Defendants. | Civil Action No. 25-00400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. 25-00402 (AHA) |

**MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF
PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION**

*Amicus curiae* Constitutional Accountability Center respectfully moves for leave to file the attached brief in support of Plaintiffs' motions for a preliminary injunction. In support of this motion, *amicus* states:

1. Constitutional Accountability Center (CAC) is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works to improve understanding of the Constitution and accordingly has an interest in this case.

2. CAC has filed *amicus* briefs in the Supreme Court and other courts addressing Congress's plenary power of the purse, including its control over spending and the appropriations

1

process. *See, e.g.*, Professors of History and Constitutional Law Brief, *CFPB v. Cmty. Fin. Servs. Ass'n of Am.*, No. 22-448 (U.S. filed May 15, 2023); Members of Congress Brief, *City of Evanston v. Barr* (9th Cir. filed Apr. 27, 2020). Accordingly, CAC has developed expertise relevant to the issue of impoundment of federal funding, and its brief provides a unique historic perspective and more detail on certain issues than the parties can provide.

3. This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *In re Search of Info. Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (same). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs.*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [the *amicus*]'s input"); *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 237 (same); *Microsoft Corp.*, 2002 WL 319366, at *3 (same).

4.	The proposed, attached *amicus curiae* brief satisfies these standards. The attached brief explains that the Framers of the Constitution, seeking to mitigate the risk of a tyrannical President, vested control of appropriations and spending in Congress. The brief also explains that, in exercise of that broad power, Congress has for centuries passed legislation jealously guarding its constitutionally assigned power of the purse and pushing back against executive branch attempts to encroach on that power. Finally, the brief explains that longstanding precedent and practice affirm that the executive branch has no authority to defy the will of Congress by refusing to execute duly enacted laws requiring the disbursement of federal funding.

5.	Counsel for all parties consent to this filing.

For the foregoing reasons, leave to file the attached *amicus curiae* brief should be granted. A proposed order is attached to this motion.

                                                Respectfully submitted,

Dated: February 19, 2025            */s/ Brianne J. Gorod*
                                                Brianne J. Gorod

                                                Elizabeth B. Wydra (DC Bar No. 483298)
                                                Brianne J. Gorod (DC Bar No. 982075)
                                                Brian R. Frazelle (DC Bar No. 1014116)
                                                Miriam Becker-Cohen (DC Bar No. 1616670)
                                                Nina G. Henry (DC Bar No. 90017399)
                                                CONSTITUTIONAL ACCOUNTABILITY CENTER
                                                1200 18th Street NW, Suite 501
                                                Washington, D.C. 20036
                                                (202) 296-6889
                                                brianne@theusconstitution.org

                                                *Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2025, the foregoing document and all attachments were filed with the Clerk of the Court, using the CM/ECF system, causing them to be served on all parties.

Dated:  February 19, 2025

*/s/ Brianne J. Gorod*
Brianne J. Gorod

*Counsel for Amicus Curiae*
