**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

AIDS VACCINE ADVOCACY
COALITION, *et al.*,

     *Plaintiffs*,

   v.

UNITED STATES DEPARTMENT OF
STATE, *et al.*,

     *Defendants*.

</td><td>

Civil Action No. 25-00400 (AHA)

</td></tr>
<tr><td>

GLOBAL HEALTH COUNCIL, *et al.*,

     *Plaintiffs*,

   v.

DONALD J. TRUMP, *et al.*,

     *Defendants*.

</td><td>

Civil Action No. 25-00402 (AHA)

</td></tr>
</table>

<u>**Order**</u>

The Court granted in part Plaintiffs' motions for a temporary restraining order ("TRO") in these two related cases on February 13, 2025. *AIDS Vaccine*, ECF No. 17; *see AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, No. 25-cv-00400, 2025 WL 485324 (D.D.C. Feb. 13, 2025). Defendants have filed a status report in both cases concerning their compliance with the Court's order and have asked the Court to confirm their understanding that the TRO does not restrain Defendants' "exercise of authorities under statutes, regulations, and other legal authorities." *AIDS Vaccine*, ECF No. 22 ¶¶ 14–18; *Glob. Health*, ECF No. 25 ¶¶ 14–18. As discussed below, the TRO is clear, and Defendants are correct that it does not restrain the agencies' exercise of authorities

under law. At the same time, of course, the TRO does not permit Defendants to simply search for and invoke new legal authorities as a post-hoc rationalization for the enjoined agency action. This is particularly so given that Defendants do not contend that any of the authorities bear on the justifications for granting the TRO—the authorities do not, for instance, have any effect on the Court's finding of irreparable harm or whether the blanket suspension of congressionally appropriated funds pending review was arbitrary or capricious for failing to even consider the immense reliance interests at stake. The *AIDS Vaccine* Plaintiffs have moved to enforce the TRO and to hold Defendants in contempt. *AIDS Vaccine*, ECF No. 26. Defendants oppose the motion, arguing that they have been making good faith efforts to comply with the TRO in limited time. *AIDS Vaccine*, ECF No. 28. As discussed below, Plaintiffs' motion is granted in part, insofar as Defendants have continued their blanket suspension of funds pending review of agreements, the very action that the TRO enjoined pending the parties' requested briefing schedule and the Court's prompt resolution of whether to issue a preliminary injunction. But the Court finds that contempt is not warranted on the current record and given Defendants' explicit recognition that "prompt compliance with the order" is required. *Id.* at 8.

The Court's TRO was clear. It found that Plaintiffs had satisfied their demanding burden for temporary injunctive relief, including by showing that Defendants' blanket suspension of congressionally appropriated foreign aid pending a review had and would continue to cause irreparable harm and that the blanket suspension was likely arbitrary and capricious under the Administrative Procedure Act (APA) for failing to consider the immense reliance interests of businesses and organizations around the country. *AIDS Vaccine*, ECF No. 17 at 5–13. The Court ordered that Defendants and their agents are:

temporarily enjoined from enforcing or giving effect to [certain sections of the Secretary of State's January 24, 2025, memorandum] and any other directives that implement Sections 3(a) and 3(c) of Executive Order Number 14169 . . . , including by:

- suspending, pausing, or otherwise preventing the obligation or disbursement of appropriated foreign-assistance funds in connection with any contracts, grants, cooperative agreements, loans, or other federal foreign assistance award that was in existence as of January 19, 2025; or

- issuing, implementing, enforcing, or otherwise giving effect to terminations, suspensions, or stop-work orders in connection with any contracts, grants, cooperative agreements, loans, or other federal foreign assistance award that was in existence as of January 19, 2025.

*Id.* at 14. The Court explained, however, that while it was enjoining directives to suspend aid, it "would be overbroad to enjoin Defendants from taking action to enforce the terms of particular contracts, including with respect to expirations, modifications, or terminations pursuant to contractual provisions." *Id.* It accordingly ordered that "nothing in this order shall prohibit the Restrained Defendants from enforcing the terms of contracts or grants." *Id.* at 15.[1]

In their status report, Defendants state that they "have begun an analysis of the thousands of contracts, grants, and cooperative agreements on which action was taken" pursuant to the Executive Order and other agency directives. *AIDS Vaccine*, ECF No. 22 ¶ 8. They state that "at least substantially all" of USAID's actions and "a large share" of the State Department's actions to terminate or suspend foreign aid contracts and grants could have been "allowed by the terms of those instruments or terms implicitly incorporated into those instruments." *Id.* ¶¶ 9–10. Defendants also ask the Court to confirm their understanding that the TRO does not enjoin Defendants from

---

[1] The Court also narrowed the scope of the relief granted by declining to enjoin the President or the Executive Order itself; by temporarily enjoining enforcement only of specific sections of the Executive Order, the January 24 memorandum, and other directives concerning the blanket pause of congressionally appropriated funds; and by declining to issue any specific commands to Defendants regarding personnel decisions or operational details. *AIDS Vaccine*, ECF No. 17 at 13–14.

taking actions with respect to agreements based on "exercise of authorities under statutes, regulations, and other legal authorities," consistent with the court's order in *New York v. Trump*, No. 25-cv-00039, ECF No. 107, at 3 (D.R.I. Feb. 12, 2025) (confirming that the court's temporary restraining order did not prevent the defendants from terminating funding "based on actual authority in the applicable statutory, regulatory, or grant terms" (emphasis omitted)). *AIDS Vaccine*, ECF No. 22 ¶ 14. They ask the Court to modify the TRO if necessary or, if the TRO restrains them from making grant decisions based on other legal authorities, to convert the TRO into a preliminary injunction to permit an immediate appeal. *Id.* ¶ 18.

As in the case Defendants point to, *New York v. Trump*, the Court's TRO in this case does not restrain Defendants from taking action with respect to agreements based on their "exercise of authorities under statutes, regulations, and other legal authorities." While the Court made clear that the agencies may take action on particular contracts pursuant to their contractual terms, it did so because Defendants had specifically raised that as a concern and in the interest of ensuring its temporary injunction was as tailored as possible to the irreparable harm and reliance interests that had been shown. However, nothing in the TRO limits the agencies from conducting an individualized review of agreements and taking action as to a particular agreement where the agency determines that it has lawful authority to do so. Having confirmed that the TRO does not restrain the agencies in this respect, the Court denies Defendants' request to convert the TRO into a preliminary injunction as moot.[2]

---

[2] As in *New York v. Trump*, the Court emphasizes that Defendants are not required "to seek 'preclearance' from the Court before acting to terminate funding when that decision is based on actual authority in the applicable statutory, regulatory, or grant terms." *New York*, ECF No. 107, at 3 (emphasis omitted). In that case, for example, the court saw no need for clarification of its order where the defendants represented that they "intend[ed] to provide notice to [a funding recipient] regarding the funding pause and will provide the information and process required by

At the same time, of course, the Court's TRO does not permit Defendants to simply continue their blanket suspension of congressionally appropriated foreign aid pending a review of the agreements for whether they should be continued or terminated. That is the very action that the Court temporarily enjoined because Plaintiffs had shown that blanket suspension pending review would cause irreparable harm and was likely arbitrary and capricious under the APA for failing to consider the massive reliance interests. *AIDS Vaccine*, ECF No. 17 at 5–13. By doing so, and by enjoining Defendants and their agents from implementing any directives to undertake such blanket suspension, the Court was not inviting Defendants to continue the suspension while they reviewed contracts and legal authorities to come up with a new, post-hoc rationalization for the *en masse* suspension. The Court notes that Defendants do not make any argument that the authorities they are examining bear on the Court's analysis of the TRO factors. To date, Defendants have not offered any evidence to rebut the showing of irreparable harm or that Defendants failed to consider the immense reliance interests in undertaking the blanket suspension. The Court stands prepared to consider such arguments and evidence at the preliminary injunction stage, on the briefing schedule the parties requested. In the meantime, however, to the extent Defendants have continued the blanket suspension, they are ordered to immediately cease it and to take all necessary steps to honor the terms of contracts, grants, cooperative agreements, loans, and other federal foreign assistance awards that were in existence as of January 19, 2025, including but not limited to disbursing all funds payable under those terms.

As the TRO states and the Court reiterates, Defendants may not simply replace their earlier implementations with "other directives" to their agencies to "suspend[], paus[e], or otherwise

---

regulation and the terms and conditions of the award." *Id.* (internal quotation marks and citation omitted).

prevent[] the obligation or disbursement of appropriated foreign-assistance funds" or "issu[e], implement[], enforc[e], or otherwise giv[e] effect to terminations, suspensions, or stop-work orders" as to programs in existence as of January 19, 2025. *Id.* at 14. The TRO does not preclude Defendants from undertaking a good-faith, individualized assessment of a contract or grant and, where the terms or authority under law allows, taking action with respect to that particular agreement consistent with any procedures required (including, for example, notice to contracting parties). But a new directive for the agencies to suspend or terminate contracts and grants is not consistent with the terms of the TRO and is appropriately enjoined for all the same reasons stated in the TRO.[3]

Plaintiffs' motion to enforce the TRO is therefore granted to the extent Defendants have not complied with the terms of the TRO, as confirmed above. However, the Court finds contempt is not warranted on the current record and given Defendants' explicit recognition that "prompt compliance with the order" is required. *AIDS Vaccine*, ECF No. 28 at 8.

Understandably given the early, emergency posture of these cases, the record and the parties' arguments have been evolving quickly. The Court held a hearing within one day of being assigned to the cases and issued an order resolving the motions for a temporary restraining order the next day. As the Court emphasized throughout its earlier order, the parties' arguments are still developing, and Defendants in particular have not yet offered refutations of Plaintiffs' evidence or fully developed their arguments at this early stage. *See, e.g.*, *AIDS Vaccine*, ECF No. 17 at 9 n.3,

---

[3] The Court notes that while case-by-case action taken as to particular agreements based on their terms or other authorities might not give rise to the same problems under the APA because it would better account for reliance interests, it may have implications for Plaintiffs' constitutional arguments, such as the failure to spend congressionally appropriated funds. As the Court explained in its TRO order, it expects those arguments to be developed further in the parties' forthcoming preliminary injunction briefing. *AIDS Vaccine*, ECF No. 17 at 11 n.4.

11 n.4. The Court adopted in large part the parties' proposed briefing schedule for the preliminary injunction motions, giving Defendants until February 21, 2025, to brief those motions as they had requested, and shortening Plaintiffs' proposed reply deadline to noon on February 27, 2025, in the interest of proceeding as expeditiously as possible. The Court is prepared to hold a hearing on the preliminary injunction motions in both cases by March 4, 2025, and issue an opinion considering the full record and arguments before it with full dispatch. To facilitate this expedited schedule, and for the reasons stated in the Court's TRO order, the Court will set the expiration date for the TRO at 11:59 p.m. on March 10, 2025, or the date the Court resolves the preliminary injunction motions, whichever is sooner.

        **SO ORDERED.**



                                        _____

                                        AMIR H. ALI
                                        United States District Judge


Date:    February 20, 2025



7