## **DECLARATION OF JOCELYN DOE**

I, Jocelyn Doe, declare the following under penalty of perjury:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am a member of the American Federation of Government Employees (AFGE).

3. I have worked for USAID for over a decade. I currently serve in Washington, D.C. as a Contracting Officer's Representative (COR), and in that role I am responsible for providing administrative approval for payments to USAID foreign assistance partners (contractors and grantees).

4. As a COR, I am designated by a Contracting Officer in USAID's Office of Acquisition and Assistance to perform delegated duties in the daily management of contracts. This responsibility includes performing administrative review of vouchers submitted to USAID for payment.

5. As CORs are closely involved in the direct oversight of each contract, we are in the best position to thoroughly evaluate whether or not the invoiced expenses are in alignment with the contract terms, provisions, and scope of work, and that the contractor has delivered the required goods and/or services in a satisfactory way to justify payment.

6. Implementing Partners are required to follow the invoicing procedures as outlined in their contract or cooperative agreement. In general, the internal review process is as follows:

    a. The contractor or awardee submits an invoice accompanied by supporting documentation to ei@usaid.gov, copying the COR. This invoice seeks reimbursement for goods or services provided to USAID for a prior period. For

    instance, an invoice submitted in January 2025 would likely cover costs incurred December 1, 2024 - December 31, 2024.

b.   The USAID Office of the Chief Financial Officer (CFO) reviews the invoice and supporting documentation, confirming that the correct information is reflected, for instance that the dates are correct and that the total amount of funds obligated matches what is in the USAID Phoenix system. If not, the CFO contacts the implementing partner to resubmit fixing any errors. If yes, the CFO routes the voucher to the COR for review and administrative approval in a financial system called the Agency Secure Image and Storage Tracking (ASIST).

c.   The COR has five business days to review the voucher. As a COR, I thoroughly review the invoice and supporting documentation (which can vary widely from several to hundreds of pages, depending on the complexity of the contract and individual contract requirements for invoicing) and ensure that every cost is in line with the contract scope of work and my understanding of all activities completed in the referenced time period. I then complete the Administrative Approval Form and Checklist, via ASIST, which is required per Agency policy to either approve the invoice or reject it in whole or in part based on my review. If approved, I also provide detailed payment instructions to the CFO. As USAID has many different types of funding that each carry different congressional directives on how they must be spent, this ensures that I properly instruct the Agency to pay the costs with the correct type of funding. I maintain documentation in support of this review.

    d.    The voucher then is routed in ASIST to the Certifying Official for review. The Certifying Official ensures that the law permits the payment; the appropriation amounts are available at the time and USAID uses them for the intended purpose; USAID has received the goods and services and they conform to the requirements of the order or agreement; the authorized paying office has obtained the required administrative approvals; and the prices and calculations are accurate prior to the disbursement of funds.

7.    This payables management policy is outlined in USAID Automated Directives System (ADS) Chapter 630. The ADS is the Agency's policy, which USAID leadership removed from the USAID website as of February 1, 2025. An archived version of Chapter 630 is available at: https://2017-2020.usaid.gov/sites/default/files/documents/1868/630.pdf.

8.    As of February 23, 2025, most USAID CORs have received either immediate termination notices and are not working or received Reduction in Force notices and are on Administrative Leave. For example, every certified COR in my unit has been put on Administrative Leave and is therefore unable to provide technical review and administrative approval of any vouchers submitted after this date. These are the only staff with thorough knowledge of the operations of each contract or grant, and the only staff who can provide detailed payment instructions to comply with all congressional directives connected to our foreign assistance funding.

9.    Prior to being placed on Administrative Leave, CORs reviewed all invoices submitted to date and provided memos to document administrative approval of invoices. These are on file and should be accessible to staff in the Office of Acquisition and Assistance to

facilitate rapid administrative approval of past-due payments to implementing partners managed by our unit.

10. Additionally, prior to being placed on Administrative Leave, I personally had several vouchers that had been submitted to me for COR approval in ASIST that I had previously approved. These include vouchers that covered expenses incurred as far back as November 2024 that have not yet been paid to U.S. small businesses.

11. In Peter Marocco's February 25, 2025 declaration he states: "[A]t USAID, my understanding is that some payment requests are not supported by any documentation or, where there is documentation, inadequate documentation to show actual work performed, compliance with the terms of the relevant contract or award, and the like."

12. His statement demonstrates a limited understanding of the Agency policy of payables management and further highlights the need for COR involvement in the administrative approval of invoices. Someone without a sophisticated understanding of the individual contract terms, scope of work, and invoicing requirements, is simply unable to provide effective review.

13. Additionally, in Peter Marocco's February 25, 2025, declaration he states: "[F]or a majority of the plaintiff requests, there are currently no payments prepared and sitting in the USAID system that can be readily sent to recipients. Making the payments the Court has ordered will generally require an entirely new process for each that includes the creation of a new payment, certification, approval at the accounting level, preparation in the payment computer, and recertification for disbursement."

14. While I cannot personally comment on any of the plaintiffs' contracts specifically as they are not in my direct portfolio, I can state that there are many pending vouchers in the ASIST system that require Agency action to continue the payment process. These have been

approved by CORs, including me in my duties as COR, and possibly Certifying Officials, and are ready to be paid. There is no need for the Agency to develop a new payment process when they can simply allow the existing process, codified in Agency policy, to proceed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2025.

*/s/ Jocelyn Doe*
Jocelyn Doe
