IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' motions for preliminary injunction (*Aids Vaccine Advocacy Coalition*, ECF No. 13, *Global Health Council*, ECF No. 4), it is hereby

**ORDERED** that the motions are **GRANTED**. It is further

**ORDERED** that Defendants Marco Rubio, Peter Marocco, Russell Vought, the U.S. Department of State, the U.S. Agency for International Development ("USAID"), and the Office of Management and Budget (the "Restrained Defendants") and their agents are restrained from implementing, enforcing, or otherwise giving effect to sections 3(a) and 3(c) of Executive Order 14169, sections 1, 5, 7, 8, and 9 of Dep't of State, Memorandum, 25 STATE 6828 (Jan. 24, 2025);

USAID, Notice on Implementation of Executive Order on Reevaluating and Realigning United States Foreign Aid (Jan. 24, 2025); USAID, Initial Instructions for Implementing Executive Order Reevaluating and Realigning United States Foreign Aid (Jan. 22, 2025); USAID, Follow-Up Instructions for Implementing Executive Order Reevaluating and Realigning United States Foreign Aid (Jan. 24, 2025); USAID, Clarification on Implementing the President's Executive Order on Reevaluating and Realigning United States Foreign Aid (Jan. 26, 2025); and any other actions by the Restrained Defendants or their agents to implement sections 3(a) and 3(c) of Executive Order 14169, including, without limitation:

- freezing, pausing, or otherwise preventing the obligation or disbursement of appropriated foreign-assistance funds, including for any contracts, grants, cooperative agreements, and loans, for both past and ongoing expenses;

- issuing, implementing, enforcing, or otherwise giving effect to terminations, suspensions, or stop-work orders on existing grants, cooperative agreements, or contracts for foreign assistance;

- dismantling USAID or taking or enforcing any other action, such as terminating, furloughing, or placing personnel on administrative leave, that prevents the Restrained Defendants from fulfilling their statutory duty to obligate and disburse appropriated foreign-assistance funds; or

- issuing or reissuing any other orders or taking any other actions that have a materially similar effect. It is further

**ORDERED** that, in accordance with the foregoing, Restrained Defendants shall:

- revoke all terminations, suspensions, and stop-work orders on grants, cooperative agreements, or contracts for foreign assistance issued since January 20, 2025;

- work cooperatively with Plaintiffs to develop and approve plans within 10 days of the date of this Order to restart programs that had received such terminations, suspensions, and stop-work orders on grants, cooperative agreements, or contracts, to allow for the orderly resumption of such programs. It is further

**ORDERED** that, subject to applicable payment review processes that were in place before January 20, 2025 or their functional equivalent, Restrained Defendants shall:

- immediately pay all outstanding invoices and outstanding drawdown requests for all work completed before the Court's TRO was entered on February 13, 2025, with interest, as applicable;
- pay all other invoices during the period the preliminary injunction is in effect within 30 days of receipt;
- support and fulfill all drawdown requests for necessary operating funds under grants and cooperative agreements; and
- take all other necessary actions to ensure the prompt payment of appropriated foreign-assistance funds going forward. It is further

**ORDERED** that the Restrained Defendants shall take every step necessary to restore the status quo as it existed before January 20, 2025, including:

- restoring technical systems used in the funding processes, such as Phoenix, to their pre-January 20, 2025 status, or implementing their functional equivalent;
- ensuring staffing levels sufficient to maintain payment processing rates equivalent to those achieved before January 20, 2025, and to provide the level of technical and contract support, supervision, and counterpart engagement for all projects as was provided before January 20, 2025;

3

- restoring the fund approval processes that existed before January 20, 2025 or adopting their functional equivalent, including by ceasing processes devised on or after January 20, 2025 that limited the number of individuals authorized to approve payments;

- clearing any other administrative, operational, human resource, or technical hurdles to fulfilling Restrained Defendants' statutory duty to obligate and disburse appropriated foreign-assistance funds. It is further

**ORDERED** that this Order shall apply to the maximum extent provided for by Federal Rule of Civil Procedure 65(d)(2) and 5 U.S.C. §§ 705 and 706. It is further

**ORDERED** that Defendants are directed to provide written notice of this Order to all recipients of existing grants, cooperative agreements, and contracts for foreign assistance, and of grants, cooperative agreements, and contracts for foreign assistance that were in effect before January 20, 2025. It is further

**ORDERED** that the Restrained Defendants shall file a status report every two weeks after the entry of this Order, apprising the Court of the status of their compliance with this Order. Such status report shall include an individualized statement of reasons for any new termination, suspension, or stop-work order, sufficient to allow the Court to assess whether or not that action complies with this Order. Such status report shall also include an individualized statement of reasons for any denial of payment for work completed before the Court's TRO was entered on February 13, 2025, sufficient to allow the Court to assess whether such denial of payment complies with this Order.

**IT IS SO ORDERED.**

_____
THE HONORABLE AMIR H. ALI
UNITED STATES DISTRICT JUDGE