IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-00400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-00402 (AHA) |

**DEFENDANTS' PARTIALLY UNOPPOSED MOTION
FOR LEAVE TO FILE SURREPLY**

Plaintiffs AIDS Vaccine Advocacy Coalition (AVAC) and Global Health Council (GHC) have filed multiple declarations and, in the case of GHC, a dramatically expanded proposed order, in connection with their reply briefs in support of their motions for a preliminary injunction. Defendants respectfully seek leave to file a surreply to address these new materials and their implications for these cases.

Plaintiffs have advised that they would not oppose Defendants filing a surreply addressing their new declarations, except that, "to the extent Defendants' proposed 'surreply' addresses matters beyond the scope of those declarations (such as legal arguments), Plaintiffs oppose

Defendants' motion." Plaintiffs have also advised that they do not oppose the filing of a supplemental declaration of Pete Marocco, provided they have an opportunity to respond to it.

Leave to file a surreply is proper when "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). The decision of whether to grant leave for a surreply lies in the sound discretion of the district court. *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011). "In exercising its discretion, the district court should consider whether the movant's reply in fact raises arguments or issues for the first time; whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion; and whether the movant would be unduly prejudiced were leave to be granted." *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011).

Each of those factors points in favor of allowing a surreply here. GHC has introduced five new declarations with their reply brief, *GHC* Doc. 46-1, 46-2, 46-3, 46-4 & 46-5, and AVAC has introduced one new declaration, *AVAC* Doc. 44. The reply declarations raise numerous points that were not presented in Plaintiffs' initial motions. For example, declarant Can Varol provides new, detailed information about how payments are made to his organization and the audit functions that are performed, *GHC* Doc. 46-1; declarant James Butcher provides new information about the impact non-payment is having on his organization, *GHC* Doc. 46-2; and declarant Jessica Doe espouses new concerns about USAID payment systems, *GHC* Doc. 46-4. AVAC's declarant, Andrew Sullivan, discusses a new wave of terminations that his organization recently received, *AVAC* Doc. 44. These declarations "in fact raise[] arguments or issues for the first time." *Glass*, 786 F. Supp. 2d at 231.

Moreover, Defendant GHC submitted a proposed order that dramatically expands the scope

1

of relief relative to what it was originally seeking, with new decretal clauses apparently predicated on the reply declarations. For example, the proposed order would prohibit Defendants from "terminating, furloughing, or placing personnel on administrative leave," *GHC* Doc. 46-6 at 2, and require "staffing levels sufficient to maintain payment processing rates equivalent to those achieved before January 20, 2025," *id.* at 3. Those clauses and other requested relief well exceeds what Plaintiffs asked for in the first proposed order they submitted. *GHC* Doc. 4-1. In addressing this new material, Defendants' surreply would aid the court in resolving the pending preliminary injunction motions. Moreover, Defendants would be unduly prejudiced if they did not have an opportunity to respond to the new matter.

Courts routinely grant motions for leave to file a surreply where, as here, parties introduce new declarations and other new matter in their reply briefs. *See, e.g, Pub. Emps. for Env't Resp. v. Nat'l Park Serv.,* 605 F. Supp. 3d 28, 36-38 (D.D.C. 2022) (granting leave to file surreply to address new affidavit filed with reply brief); *Doe v. Roman Catholic Diocese of Greensburg,* Civ. Action No. 20-1750 (EGS), 2021 WL 12137383, at *2-3 (D.D.C. Feb. 12, 2021) (granting motion for leave to file a surreply where plaintiffs filed a new affidavit and introduced new factual material in reply); *Lee v. Christian Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 23 n.4 (D.D.C. 2001) (granting motion for leave to file a surreply brief where plaintiffs included three new declarations in their reply brief); *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting motion for leave to file a surreply where the reply included a declaration not included in the original motion). This Court should do the same and allow Defendants to file their proposed surreply attached herewith.

Dated: March 3, 2025						Respectfully submitted,

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

LAUREN A. WETZLER
Deputy Director

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar 978017)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*