# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AIDS VACCINE ADVOCACY
COALITION, *et al.*,

        *Plaintiffs*,

    v.

UNITED STATES DEPARTMENT OF
STATE, *et al.*,

        *Defendants*.

Civil Action No. 25-00400 (AHA)

GLOBAL HEALTH COUNCIL, *et al.*,

        *Plaintiffs*,

    v.

DONALD J. TRUMP, *et al.*,

        *Defendants*.

Civil Action No. 25-00402 (AHA)

**[[PROPOSED]]**
**DEFENDANTS' RESPONSE TO**
**AVAC PLAINTIFFS' MARCH 7, 2025 SUPPLEMENTAL MATERIALS AND**
**GHC PLAINTIFFS' MARCH 8, 2025 SUPPLEMENTAL MATERIALS**

Plaintiffs' supplemental submissions do not support their pending motion for a preliminary injunction. The AVAC Plaintiffs contend that their supplemental submission of March 7, 2025 supports their depiction of the contract termination process as a "blanket." 2d Jessica Doe Decl. ¶ 9 (AVAC Doc. 55-1). The GHC Plaintiffs, with their supplemental submission of March 8, 2025 (GHC Doc. 55), aim to stretch alleged defects in the grant termination documents received by one Plaintiff (the American Bar Association (ABA), *see* Vladimir Gurin Decl. (GHC Doc. 55-1)) into a basis to rescind *all* terminations since January 20, 2025. Both arguments are groundless.

As to the AVAC Plaintiffs' submission, all it shows is that, following the individualized review Defendants have described, contracting personnel were expected to follow up with more particularized information about the terminations. *See* 2d Jessica Doe Decl. ¶¶ 3-4 & Ex. A (Doc. 55-1). Given that USAID initially used "expedited notices" of termination, the e-mail from USAID Chief Acquisition Officer and Senior Procurement Executive, Jami J. Rodgers, notes that the contracting personnel "must issue" for each terminated award "a detailed, expanded termination notice," and points to "termination templates" for such notices. Doc. 55-1 at 4. The templates "are designed to ensure consistent and detailed communication" between the agency and funding recipients. *See id.* at 5. USAID's initial use of "expedited notices" of termination, followed by more "expanded" notices with additional "detail[s]," does not indicate any deficiency in the decisional process, or in any way rebut the clear testimony that the termination decisions were individualized.

As to the GHC Plaintiffs' submission, they assert that termination documents issued to the ABA mistakenly mention the Executive Order implemented by the Secretary's memo whose application this Court temporarily restrained, and contain additional procedural defects. *See, e.g.*, Gurin Decl. ¶¶ 9-11. Whatever the merits of those allegations, the GHC Plaintiffs make no effort

1

to show that the alleged errors they identify caused harm to any Plaintiff. To the contrary, Gurin's attestation that he refused to execute the allegedly deficient documents indicates the ABA suffered no harm at all. *See* Gurin Decl. ¶ 8; *see also Shinseki v. Sanders*, 556 U.S. 396, 406-07 (2009); *cf. Fla. Dep't of Ins. v. United States*, 81 F.3d 1093, 1098 (Fed. Cir. 1996). More fundamentally, whatever objection the ABA may have to a particular grant-specific communication or implementation document is not remotely a basis for the sweeping injunction Plaintiffs seek.

Dated: March 9, 2025                             Respectfully submitted,

                                                  YAAKOV M. ROTH
                                                  Acting Assistant Attorney General
                                                  Civil Division

                                                  ERIC J. HAMILTON
                                                  Deputy Assistant Attorney General

                                                  ALEXANDER K. HAAS
                                                  Director

                                                  LAUREN A. WETZLER
                                                  Deputy Director

                                                  CHRISTOPHER R. HALL
                                                  Assistant Branch Director

                                                  */s/ Indraneel Sur*
                                                  INDRANEEL SUR (D.C. Bar 978017)
                                                  Senior Counsel
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  1100 L St. NW
                                                  Washington, DC 20005
                                                  Phone: (202) 616-8488
                                                  Email: indraneel.sur@usdoj.gov

                                                  *Counsel for Defendants*