UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action No. 25-cv-400 |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT**

Plaintiffs respectfully submit the following three points in response to Defendants' March 19, 2025, status report on payments. ECF 69.

**1.** As to payment for work performed prior to February 13, 2025, the Court ordered Defendants to complete payments to Plaintiffs no later than 6 pm on March 10, 2025. Defendants missed that deadline and represented to this Court that they "expect[ed] to process the remaining payments to Plaintiffs by March 21, 2025." ECF 69 at ¶ 4. Defendants missed that date as well. As of today, Plaintiff JDN is still owed approximately $234,000 for past work performed on one of its grants and approximately $19,000 on one of its cooperative agreements. *See* Fourth Decl. of Andrew Sullivan at ¶¶ 3–4.

**2.** As to funding on awards that Defendants have *not* terminated, this Court ordered Defendants not to "giv[e] effect" to suspensions or stop-work orders "issued

1

between January 20, 2025, and February 13, 2025." ECF 60 at 48; *see also* ECF 47-2 at ¶ 3 (declaration stating that Defendants had directed agencies to "expeditiously process payment requests" for "awards where work has now resumed"). Defendants are not in compliance.

Plaintiff AVAC's USAID cooperative agreement provides funding through June 19, 2026, for AVAC's efforts to prepare African nations for the rollout of HIV pre-exposure prophylaxis medication and development of new HIV prevention options. ECF 1-11 at ¶¶ 3–4, 9. USAID approved AVAC's 2025 work plan in December 2024. *See* Third Decl. of Mitchell Warren at ¶ 3. Defendants issued a stop-work order on January 27, 2025, and informed AVAC on March 4, 2025, that the stop-work order was lifted, and that "all work may continue for this award." *Id.* at ¶¶ 4–5; Ex. A, B. However, Defendants have not allocated funds to AVAC's letter of credit for 2025, thereby preventing AVAC from performing work for that award. *Id.* at ¶¶ 6–7. In fact, AVAC has been advised by USAID that it may not resume the work, notwithstanding that the stop-work order was lifted. *Id.* at Ex. C.

The supposed "multi-level review process" undertaken by USAID and the State Department, ECF No. 37-1 at ¶ 5, resulted in *retaining* AVAC's award. Thus, Defendants' ongoing instruction not to work does not derive from that process. Instead, Defendants' actions are, in effect, a continuation of the funding suspension effectuated by Executive Order No. 14169 and the January 24 State Department Memorandum—implementation of which this Court has enjoined. ECF 60 at 47–48.

2

**3.** More than two weeks have passed since this Court issued a preliminary injunction enjoining the restrained Defendants from "unlawfully impounding congressionally appropriated foreign aid funds" and directing those Defendants to "make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024." ECF 60 at 48; *see* Gov't Accountability Office, *Office of Management and Budget—Withholding of Ukraine Security Assistance*, B-331564, at 7 (Jan. 16, 2020) (stating that, to avoid an unlawful impoundment, an agency must make "reasonable efforts to obligate"). Defendants have produced no evidence of *any* effort to comply with this Court's order.

In light of the foregoing, this Court should direct Defendants to include in their March 27 status report a description of the efforts that they have taken to date to comply with the portion of the preliminary injunction that requires Defendants to make congressionally apportioned funds available for obligation.

In addition, this Court should direct Defendants to produce the administrative record with respect to the actions challenged in this case, including the actions to suspend funding, the issuance of stop-works orders on or after January 20, 2025, and the subsequent suspensions and terminations of foreign assistance awards. Plaintiffs and their constituencies continue to suffer irreparable harm as a result of Defendants'

withholding of federal funds,[1] and the rationale for Defendants' actions is a central issue in this case. Production of the administrative record will allow for prompt assessment of both Defendants (non-)compliance with this Court's orders and whether Defendants' actions are the product of individualized review or are an extension of the January 20 funding freeze that this Court has held to be likely unlawful.

Dated: March 26, 2025  

Respectfully submitted,

/s/ Lauren E. Bateman
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Nicolas A. Sansone (D.C. Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

---

[1] *See* Nicholas Kristof, *Musk Said No One Has Died Since Aid Was Cut. That Isn't True.*, N.Y. Times (Mar. 15, 2025), https://www.nytimes.com/interactive/2025/03/15/opinion/foreign-aid-cuts-impact.html.

## CERTIFICATE OF SERVICE

On March 26, 2025, I caused the foregoing status report to be filed electronically via the Court's CM/ECF system, which provides electronic notice to all counsel of record.

Dated: March 26, 2025                                    /s/ Lauren E. Bateman
                                                         Lauren E. Bateman