IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00402 (AHA) |

**DEFENDANTS' OPPOSED MOTION FOR INDICATIVE RULING REGARDING PRELIMINARY INJUNCTION AND
UNOPPOSED REQUEST FOR ADMINISTRATIVE STAY PENDING DECISION ON MOTION FOR INDICATIVE RULING**

The Supreme Court in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (April 4, 2025) (per curiam), granted the Government a stay, heavily relying on lack-of-subject-matter jurisdiction grounds that Defendants raised here in opposition to the preliminary injunction. Defendants here respectfully seek an indicative ruling under Federal Rule of Civil Procedure 62.1 that, in light of *California*, if the D.C. Circuit returned jurisdiction over the preliminary injunction to this Court, it would dissolve the provision of the preliminary injunction mandating monetary payments to non-Plaintiffs for work completed prior to February 13, 2025.

1

*See* Order, No. 25-cv-400 (Doc. 60), No. 25-cv-402 (Doc. 60), 2025 WL 752378 (D.D.C. Mar. 10, 2025), *appeals docketed* (D.C. Cir. Nos. 25-5097, 25-5098).  Unless dissolved, that provision would compel Defendants to disburse more than $1.1 billion dollars to nonparties, all stemming from an assertion of subject-matter jurisdiction by this Court that the *California* Court has now rejected.  Such an improvident outcome is properly avoided.

Additionally, Defendants request that this Court administratively stay the past-payments provision of the preliminary injunction as to non-Plaintiffs pending this Court's resolution of this motion for an indicative ruling.

Under Local Civil Rule 7(m), counsel for Defendants corresponded with counsel for Plaintiffs on April 10, 2025 to seek Plaintiffs' position before filing this motion.  Counsel for *AVAC* and for *GHC* Plaintiffs stated on April 11, 2025 that they consent to the proposed administrative stay but will file oppositions to the motion for an indicative ruling.

**1.**  While Defendants are appealing from the preliminary injunction, USAID and State have been processing payments to Plaintiffs and to non-Plaintiffs.  *See, e.g.*, *AVAC* Doc. 77 (weekly report by Court order).  The agencies are nearing completion of the payments to Plaintiffs.  *See id*.  But more than $1.1 billion remains to be disbursed to non-Plaintiffs, unless relief is granted from the provisions of the preliminary injunction requiring that "for any grants, cooperative agreements, or contracts for foreign assistance," the restrained Defendants "shall not withhold payments or letter of credit drawdowns for work completed prior to February 13, 2025."  2025 WL 752378 at *23.  Underpinning that provision is this Court's ruling (over Defendants' objection), 2025 WL 752378 at **7-9, that the Court has subject-matter jurisdiction to require *monetary* payments specified in foreign-assistance funding instruments disputed in this suit under the Administrative Procedure Act (APA).

2

That is so, this Court reasoned, even though the APA provides a limited waiver of sovereign immunity only for claims "seeking relief other than monetary damages," which "does not apply where another statute 'grants consent to suit expressly or impliedly forbids the relief which is sought.'" 2025 WL 752378 at *7 (quoting 5 U.S.C. § 702).  In allowing Plaintiffs to rely on that APA waiver of sovereign immunity—and refusing to dismiss for lack of subject-matter jurisdiction so that Plaintiffs could proceed, as appropriate, with monetary recovery claims in the Court of Federal Claims under the Tucker Act (28 U.S.C. §1491(a)(1))—this Court chiefly relied on *Bowen v. Massachusetts*, 487 U.S. 879 (1988).  2025 WL 752378 at **8-9. [1]

In concluding that this Court could, consistent with the APA, order specific monetary payments for past-due work by a specific time, this Court rejected Defendants' position that Plaintiffs had not met their burden on that question because they did not identify the pertinent terms of their funding instruments.  As Defendants explained  (PI Opp. 12-18 (*AVAC* Doc. 33)): Insofar as some of those instruments are procurement contracts, the Contract Disputes Act would govern any dispute about payment on those contracts for work already performed.  That statute permits suit only following administrative exhaustion in the Civilian Board of Contract Appeals or the Court of Federal Claims. *See* 41 U.S.C. §§ 7103, 7104, 7105.  Those remedies operate to

---

[1] The Supreme Court previously clarified the proper scope of *Bowen* in *Maine Community Health Options* v. *United States*, 590 U.S. 296 (2020), which explained that suits involving "prospective declaratory and injunctive relief " in the context of a "'complex ongoing relationship,'" may be brought under the APA, but suits that "'remedy[] particular categories of past injuries or labors' " instead are properly brought under the Tucker Act—*i.e.*, in the Court of Federal Claims.  *See id.* at 327.  The plaintiffs in *Bowen*, the Supreme Court explained, could bring APA claims because they had sued "not merely for past due sums, but for an injunction to correct the method of calculating payments going forward." *Id.* at 326-327 (citation omitted). In *Maine Community Health*, by contrast, the plaintiffs requested "specific sums already calculated, past due, and designed to compensate for completed labors," which this Court held was the kind of claim that "lies in the Tucker Act's heartland." *Id.* at 327.  The provision of the preliminary injunction on which Defendants here seek an indicative ruling compels payment of specific past-due sums under particular funding instruments, hence landing "in the Tucker Act's heartland."

the exclusion of any suit in district court under the APA. *A&S Council Oil Co. v. Lader*, 56 F.3d 234, 239-42 (D.C. Cir. 1995) (citing, *inter alia*, *Ingersoll–Rand Co. v. United States*, 780 F.2d 74, 77 (D.C. Cir. 1985)). And insofar as Defendants operate grant programs by "employ[ing] contracts to set the terms of and receive commitments from recipients," then the proper recourse for any Plaintiff asserting a violation of those grant terms may also be a "suit in the Claims Court for damages relating to an alleged breach." *Boaz Housing Auth. v. United States*, 994 F.3d 1359, 1368 (Fed. Cir. 2021).

**2.** Now, in light of *California*, the Court should issue an indicative ruling under Rule 62.1 that it would dissolve the past-payments provision of the preliminary injunction if the Court of Appeals were to return jurisdiction over the preliminary injunction to this Court. The *California* Court endorsed the reading of the APA's waiver of sovereign immunity that Defendants pressed here in opposition to the preliminary injunction (as well as the monetary-payments requirement of the temporary restraining order). The *California* Court newly clarifies the law, and its decision is properly given effect under Rule 62.1. *See, e.g.*, *Thompson v. U.S. Dep't Of Housing & Urban Dev.*, 404 F.3d 821, 826 (4th Cir. 2005) ("The proposition that a court has the authority to alter the prospective effect of an injunction in light of changes in the law or the circumstances is, of course, well established.") (quoting *Benjamin v. Jacobson*, 172 F.3d 144, 161 (2d Cir. 1999) (en banc)); *Golden v. NBCUniversal Media, LLC*, No. 22-cv-9858, 2024 WL 4904676 at *1 (S.D.N.Y. Nov. 27, 2024) (Rule 62.1 promotes conformity to "intervening change of controlling law").

In particular: The *California* Court stayed a temporary restraining order issued by the U.S. District Court for the District of Massachusetts that had not only "enjoin[ed] the Government from terminating various education-related grants," but also "require[d] the Government to pay out past-due grant obligations." 2025 WL 1008354 at *1. In declining to stay that temporary restraining

4

order pending appeal, the First Circuit's conclusion that the past-due payments order was compatible with the APA (and did not require proceeding under the Tucker Act) hinged on the observation in *Bowen*, 487 U.S. at 893, that "[t]he fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages.'" No. 25-1244, 2025 WL 878431 at *2 (1st Cir. Mar. 21, 2025).

But the Supreme Court in *California* disagreed with that expansive application of *Bowen*. The Government was "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under" the APA, the Supreme Court concluded, 2025 WL 1008354 at *1–2, given that "the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States,'" *id.* at *1 (quoting 28 U.S.C. §1491(a)(1)). Crucially, although "a district court's jurisdiction 'is not barred by the possibility' that an order setting aside an agency's action may result in the disbursement of funds," *id.* (quoting *Bowen*, 487 U.S. at 910)), "the APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money' along the lines of what the District Court ordered," *id.* (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002)).

In light of the *California* Court's explanation that *Great-West* rather than *Bowen* governs an APA claim for "past-due" monetary "obligations" allegedly owed under Government funding instruments, *id.*, this Court's reliance on *Bowen* in granting the preliminary injunction cannot be sustained. Indeed, the First Circuit echoed that reliance on *Bowen*, and the Supreme Court disagreed with the First Circuit's denial of the stay. *Compare* 2025 WL 878431 at *2 (1st Cir.) *with* 2025 WL 1008354 at *1 (Supreme Court). Defendants here therefore have new Supreme Court authority for their argument that Plaintiffs have failed to show that this Court has subject-matter jurisdiction to order the Government to make monetary payments for amounts past-due

5

under the foreign-assistance funding instruments disputed here.

For purposes of assessing the scope of the APA's waiver of sovereign immunity, the controlling rule now is stated in *California*, where the Court granted a stay, rather than in the Supreme Court's *denial* of Defendants' stay application in *Department of State v. AVAC*, 145 S. Ct. 753 (2025). There, in denying the stay, the Court did not comment on the arguments Defendants raised in their stay application and hence the denial is not properly understood as having reached those arguments.

Nor can Plaintiffs evade the *California* Court's rationale by citing the variety of funding instruments that purportedly underlie their monetary relief contentions. In that regard, while *California* concerned Department of Education *grants*, Plaintiffs in their submissions here have "suggest[ed]" that some of their funding instruments are "subawards and cooperative agreements," and this Court in a footnote chided Defendants for not showing that the holders of those instruments could proceed under the Tucker Act. 2025 WL 752378 at *9 n.7. That footnote reflects at least two errors in Plaintiffs' position.

First, simply labeling an instrument as a "subaward" or a "cooperative agreement" does not render the instrument categorically incapable of supporting a monetary-payment claim for past-due amounts under the Tucker Act. *San Juan City Coll. v. United States*, 391 F.3d 1357, 1360-62 (Fed. Cir. 2004). To the contrary, cooperative agreements can support Tucker Act claims so long as all elements of a Government contract are present, *see San Antonio Hous. Auth. v. United States*, 143 Fed. Cl. 425, 461-64 (2019), as can "subaward" situations, *see Int'l Tech. Corp. v. Winter*, 523 F.3d 1341, 1347 (Fed. Cir. 2008) (where subcontractor "could hold the prime contractor liable" for a government-caused harm, prime contractor may assert claim against government).

Second, it is always Plaintiffs' burden to establish subject-matter jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), so the proper question is whether Plaintiffs have shown that the particular terms of their instruments are consistent with their contention that this Court has subject-matter jurisdiction. They have not.[2]

The need for the requested indicative ruling is reinforced by the reality that at this stage of the proceedings the past-payments remaining due are for non-Plaintiffs, not Plaintiffs (because Defendants are nearing completion of their payments to Plaintiffs). Leaving the past-payments obligation in place as to non-Plaintiffs, despite the *California* decision, would be particularly improvident because traditionally, parties who are not properly before the Court would not be able to insist on the enforcement of an injunction to which they have not demonstrated their own entitlement. *See Gill v. Whitford*, 585 U.S. 48, 73 (2018) (holding that judicial remedies "must be tailored to redress the plaintiff's particular injury"); *see also Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring) ("Whether framed as injunctions of 'nationwide,' 'universal,' or 'cosmic' scope, these orders share the same basic flaw—they direct how the defendant must act toward persons who are not parties to the case."); *see Trump v. Hawaii*, 585 U.S. 667, 712-21 (2018) (Thomas, J., concurring). Such worldwide relief violates the core principle that equitable remedies must be tailored to "the plaintiff's injuries." *Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921, 927 (2024) (Gorsuch, J., concurring).

**3.** Moreover, in light of the consideration the *California* Court's decision warrants here,

---

[2] This Court's prior conclusion that Plaintiffs had shown subject-matter jurisdiction for purposes of obtaining the preliminary injunction appropriately gives way to the intervening Supreme Court decision in *California*. The grant of the preliminary injunction was an interlocutory order, which "can always be reconsidered and modified by a district court prior to entry of a final judgment." *Keepseagle v. Perdue*, 856 F.3d 1039, 1048 (D.C. Cir. 2017) (quoting *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 620 (8th Cir 2007)); see *Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997).

this Court should administratively stay the past-payments provision of the preliminary injunction as to non-Plaintiffs pending this Court's disposition of the instant motion for an indicative ruling. *See* Order in *New York v. Trump*, No. 1:25-cv-39 (D.R.I. Apr. 7, 2025) (temporarily staying enforcement of pertinent order "until such time as the Court can adequately address" Government's motion for reconsideration in light of *California* Court's stay); *see also Am. Ass'n of Colleges for Teacher Educ. v. McMahon*, No. 25-1281, Doc. 30 (4th Cir. Apr. 10, 2025) (staying preliminary injunction pending appeal and citing *California* Court's stay).

## CONCLUSION

For the foregoing reasons, this Court should issue an indicative ruling in light of *California* that if jurisdiction were returned to this Court over the preliminary injunction of March 10, 2025, the Court would dissolve the provision in that preliminary injunction that requires Defendants to make monetary payments to non-Plaintiffs for work completed prior to February 13, 2025. Pending decision on this motion for an indicative ruling, the Court should administratively stay the provision at issue as to non-Plaintiffs.

Dated: April 11, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

LAUREN A. WETZLER
Deputy Director

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar 978017)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*