UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Civil Action No. 25-cv-400 (AHA) |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) | |
| *Defendants.* | ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR INDICATIVE RULING REGARDING PRELIMINARY INJUNCTION**

Defendants have moved for an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure regarding the preliminary injunction that this Court entered on March 10, 2025, and that is currently on appeal to the D.C. Circuit. Defendants ask that this Court indicate to the court of appeals that if jurisdiction over the injunction were returned to this Court, it would dissolve the portion of the injunction directing Defendants to make payments for foreign-assistance work completed prior to February 13, 2025, the date on which this Court issued a temporary restraining order (TRO) lifting an indiscriminate freeze of virtually all foreign assistance that this Court concluded was likely unlawful. Mem. Op., ECF 60 at 20–24, 47–48. According to Defendants, the Supreme Court's order granting a stay in *Department of Education v. California*, 145 S. Ct. 966 (2025) (per curiam), justifies their request for such an indicative ruling.

1

This Court should deny that request. First, an indicative ruling would create purposeless delay. The only issue Defendants seek to revisit is that of this Court's subject-matter jurisdiction to issue the challenged portion of the injunction: a pure question of law that will be resolved de novo by the D.C. Circuit. Second, there is no reason to disturb this Court's conclusion that Defendants' jurisdictional argument was "unpersuasive for several reasons." Mem. Op. 16; *see also id.* at 15–20. In fact, following briefing on that precise argument, the Supreme Court denied Defendants' application to vacate an earlier order of this Court enforcing its TRO by directing payment for work completed prior to February 13, 2025—the same relief that Defendants now claim, yet again, that this Court lacked jurisdiction to order. *Dep't of State v. AIDS Vaccine Advoc. Coal.*, 145 S. Ct. 753 (2025). *California* did nothing to change the law on which this Court and the Supreme Court relied in rejecting Defendants' argument, and the Court's brief decision granting a stay in a different case has no bearing on this one.

## I.    An Indicative Ruling Would Thwart the Purpose of Rule 62.1

Rule 62.1 permits federal district courts, upon timely motion for "relief that the court lacks authority to grant because of an appeal that is docketed and is pending," to state that "it would grant the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a). This procedural device serves a "narrow" purpose, Steven Gensler, 2 *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 62.1 (Feb. 2024), "allow[ing] for the timely resolution of motions which may further the appeal or obviate its necessity," *Ret. Bd. of Policemen's Annuity & Ben.*

*Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013). For example, if "a district court concludes … that newly discovered evidence warrants vacatur of a judgment that is already on appeal," the Rule "promote[s] judicial efficiency and fairness by providing a mechanism for the district court to inform the parties and the court of appeals how it would rule on a motion made after the district court has been divested of jurisdiction." *Amarin Pharms. Ireland Ltd. v. FDA*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015); *see, e.g., Howard v. Cook Cnty. Sheriff's Off.*, 989 F.3d 587, 596 (7th Cir. 2021) (discussing remand following a district court's indicative ruling where the plaintiffs sought to refine a class definition based on newly produced evidence that would not otherwise have been before the court of appeals).

By contrast, the Rule's purpose is not served where a party seeks "an indicative rule on the very issue on appeal." *Amarin Pharms.*, 139 F. Supp. 3d at 447 (quoting *Ret. Bd.*, 297 F.R.D. at 221); *see also LFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 750 (2d Cir. 2017) ("Rule 62.1 'does not supply a free-standing basis for parties to solicit the district court's views on matters currently on appeal.'" (quoting Steven Gensler, 2 *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 62.1 (Feb. 2017))).

Here, Defendants' sole basis for seeking an indicative ruling is their contention that *California* "newly clarifies the law" as to the "past-payments provision of the preliminary injunction." Def. Mot., ECF 78 at 4. That assertion is wrong on the

3

merits. *See* Part II, *infra*. It also is not a proper basis for an indicative ruling, for two reasons.

First, Defendants seek a ruling on a pure question of law that the court of appeals will review de novo irrespective of how the district court rules. An indicative ruling would therefore *frustrate* orderly and expedient resolution of the issues in this case. Rather than "aiding the Court of Appeals … an indicative ruling …would do just what the filing of a notice of appeal is designed to avoid; it would … get 'the district court and the courts of appeals' in 'each other's hair.'" *Amarin Pharms.*, 139 F. Supp. 3d at 437–38 (quoting *Matter of Jones*, 768 F.2d 923, 931 (7th Cir. 1985) (Posner, J., concurring)).

Second, Defendants have appealed this Court's order granting a preliminary injunction, of which the requirement that Defendants pay overdue invoices was just one part. To date, Defendants have not filed a statement of issues on appeal. At this time, therefore, neither this Court nor Plaintiffs know whether Defendants intend to seek appellate review of the entire order or only the portion that requires "monetary payments to non-Plaintiffs for work completed prior to February 13, 2025." Def. Mot. 1. Unless Defendants' appeal is cabined to that single issue, an indicative ruling on that one issue would neither "further the appeal" nor "obviate its necessity." *Ret. Bd.*, 297 F.R.D. at 221.

This case is therefore quite unlike *Golden v. NBCUniversal Media LLC*, No. 22-cv-9858, 2024 WL 4904676 (S.D.N.Y. Nov. 27, 2024)—the sole case that Defendants cite in which a district court issued an indicative ruling in response to an

4

intervening change in law. Def. Mot. 4. In *Golden*, the district court had based its previous decision to grant the defendant's motion to dismiss on the reasoning in another district court opinion that was, at the time, pending on appeal to the Second Circuit. Recognizing that the Second Circuit's disposition of that appeal would be "patently consequential" to the case, at the time that it granted the motion to dismiss, the district court in *Golden* invited the plaintiff to seek an indicative ruling if the Second Circuit ultimately resolved the pending appeal "'in a manner inconsistent'" with its decision. *Golden*, 2024 WL 4904676, at *1 (quoting order on motion to dismiss). That invitation made good sense, because—after the Second Circuit vacated the previous district court's order—the necessity of the *entire* appeal was obviated by new, binding precedent. *See Ret. Bd.*, 297 F.R.D. at 221.

In sum, Defendants do not suggest that the pending appeal would be rendered unnecessary were this Court to revisit one element of the preliminary injunction. They likewise do not suggest that returning jurisdiction over the preliminary injunction to this Court to enable it to opine on one aspect of that order would promote judicial efficiency or fairness. An indicative ruling under Rule 62.1 is, therefore, inappropriate.

## II.     *California* does not draw this Court's order into question.

The portion of the preliminary injunction order that restrained Defendants from "withhold[ing] payments or letter of credit drawdowns for work completed prior to February 13, 2025," Mem. Op. 48, was well supported by law and correct. "*California* does not change [that] conclusion … because *California* does not change

the governing law." *Widakuswara v. Lake*, -- Fed. Supp. 3d --, No. 1:25-CV-1015-RCL, 2025 WL 1166400, at *9 (D.D.C. Apr. 22, 2025) (rejecting the argument that *California* precluded jurisdiction in a case where grant terms were not at issue but rather "grants are involved only as a vehicle to distribute congressionally appropriated funds").

**A.** In this case, Plaintiffs challenged the President's Executive Order on Foreign Aid, Exec. Order. No. 14169, 90 Fed. Reg. 8619 (Jan. 20, 2025), and implementing directives that froze substantially all congressionally appropriated foreign assistance awards and ground international humanitarian assistance to a halt. *See* Compl., ECF 1. They brought claims for declaratory and injunctive relief under the Constitution and the Administrative Procedure Act (APA). *Id.* at 15–20.

In briefing on Plaintiffs' motion for a preliminary injunction, Defendants argued that this Court lacked subject-matter jurisdiction over Plaintiffs' claims because those claims were claims for money damages, subject to either the Contract Disputes Act or the Tucker Act. Def. Opp. to Pl. Mot. for P.I., ECF 33 at 11–18. Rejecting that argument, this Court held that Plaintiffs' APA claims were properly brought in federal district court. Mem. Op. 15–20. As the Court explained, Plaintiffs "do not seek money damages." *Id.* at 16. And even though "release of funds" may be a "natural consequence" of a successful challenge to agency action, the Supreme Court has "'long recognized' that '[t]he fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages.'" *Id.* (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988)). "The

6

critical point is that here Plaintiffs assert APA claims to invalidate agency policy directives, regardless of any breach of any agreement or the extent of their losses." *Id.* at 19 (citing *Kidwell v. Dep't of Army*, 56 F.3d 279, 284 (D.C. Cir. 1995) ("Even where a monetary claim may be waiting on the sidelines, as long as the plaintiff's complaint only requests non-monetary relief that has considerable value independent of any future potential for monetary relief—that is, as long as the sole remedy requested is declaratory or injunctive relief that is not negligible in comparison with the potential monetary recovery—we respect the plaintiff's choice of remedies.") (internal citations and quotation marks omitted))).

**B.** In *California*, Plaintiff states challenged the termination of federal education-related grants, and the district court issued a temporary restraining order enjoining those terminations and directing the government to "continue paying obligations as they accrue." *Dep't of Educ. v. California*, 145 S. Ct. 966, 968 (2025). The Supreme Court, in a brief 5-4 decision granting a stay, held that the government was "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA" because "the APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money' along the lines of what the District Court ordered." *Id.* (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002)).

"It was true before *California*, and it remains true now, that '[w]hether a claim is 'at its essence' contractual for the Tucker Act 'depends both on the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought (or

7

appropriate).'" *Widakuswara,* 2025 WL 1166400, at *9 (quoting *Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*, 38 F.4th 1099, 1106 (D.C. Cir. 2022)). Thus, numerous district courts have concluded that *California* does not alter the jurisdictional analysis of prior holdings based on *Bowen* and other well-established precedent. *Id.*; *Com'ty Legal Servs. in E. Palo Alto v. HHS*, No. 25-cv-02847, 2025 WL 1168898, at *3 (N.D. Cal. Apr. 21, 2025) (declining to dissolve a TRO enjoining the government from cutting off access to funds for direct legal representation to unaccompanied children because the government "fail[ed] to identify anything different about the law following [*California*], much less a significant change sufficient to warrant dissolution of earlier-granted injunctive relief"); *Woonasquatucket River Watershed Council v. USDA*, No. 25-cv-00097, 2025 WL 1116157, at *14 (D.R.I. Apr. 15, 2025) (concluding that *California* did not divest the court of jurisdiction to hear claims related to the freezing of federal funds); *Maine v. USDA*, No. 25-cv-00131, 2025 WL 1088946, at *19 n. 8 (D. Me. Apr. 11, 2025) (same).

As in those cases, *California* does not affect the outcome here. In *California*, the plaintiffs alleged claims only under the Administrative Procedure Act (APA). *See Calif. v. U.S. Dep't of Educ.*, No. 25-cv-10548, (D. Mass. Mar 06, 2025), ECF 1 (complaint seeking relief exclusively under the APA). Here, by contrast, Plaintiffs have also alleged claims sounding in the Constitution—claims that have nothing to do with the APA's waiver of sovereign immunity. *See* Compl., ECF 1 at 15–17; *see also Chi. Women in Trades v. Trump*, No. 25-C-2005, 2025 WL 1114466, at *10 (N.D. Ill. Apr. 14, 2025) (holding that *California* did not preclude exercise of jurisdiction in

a case seeking an injunction on constitutional grounds precluding the Department of Labor from terminating a grant because the *California* plaintiffs' "only claim was that the government's termination of grants was arbitrary and capricious" under the APA). In fact, Defendants "acknowledged at the preliminary injunction hearing" that their jurisdictional argument "applies only to Plaintiffs' APA claims and does not bear on their constitutional claims." Mem. Op. 16 n.6. And "a claim of entitlement to congressional appropriations is certainly one over which the Court can exercise jurisdiction." *Widakuswara*, 2025 WL 1166400, at *10 (citing *Md. Dep't of Hum. Res. v. HHS*, 763 F.2d 1441, 1446 (D.C. Cir. 1985); *Nat'l Ctr. for Mfg. Scis. v. United States*, 114 F.3d 196, 200 (Fed. Cir. 1997)).

Moreover, in *California*, "the terms and conditions of each individual grant award" were "at issue." *California v. U.S. Dep't of Educ.*, 132 F.4th 92, 96–97 (1st Cir. 2025); *see Widakuswara,* 2025 WL 1166400, at *9. Even as to the portion of this Court's order directing payment for work completed prior to February 13, neither Plaintiffs' arguments nor the Court's order concerned the terms of Plaintiffs' grants or cooperative agreements. Rather, as the Court explained, Defendants' decision to stop payment was arbitrary and capricious precisely because it was a comprehensive and undifferentiated "blanket" suspension, and the record did not include "a rational connection between the facts found and the choice made" for that suspension and indicated that "Defendants 'entirely failed to consider'" reliance interests that accreted prior to the suspension. Mem. Op. at 64. *California*—which challenged the termination of particular grants, not a blanket policy of withholding all

9

congressionally mandated spending in a particular category—is inapplicable to such a case. *See San. Fran. Unified School Dist. v. Americorps*, No. 25-cv-02425, 2025 WL 1180729, at *9 (N.D. Cal. Apr. 23, 2025) (holding *California* inapplicable to a challenge based on plaintiffs' "statutory and constitutional rights" rather than the "terms" of plaintiffs' "federal awards"); *New York v. Trump*, No. 25-cv-39, 2025 WL 1098966, at *2 (D.R.I. Apr. 14, 2025) (holding *California* inapplicable to a case that implicated a "a broad, categorical freeze on obligated funds" that "was not based on individualized assessments of any particular grant terms and conditions or agreements" but rather on executive orders and implementing directives).

As for the type of relief sought, while *California* stated the uncontested proposition that "the APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money,'" 145 S. Ct. at 968 (quoting *Great-West*, 534 U.S. at 212), this Court's preliminary injunction was not such an order. Instead, "Plaintiffs' APA claims, by their terms, challenge specific agency actions—here, the implementing policy directives—and ask the Court to 'hold them unlawful and set them aside.' That's precisely the relief that is afforded—indeed, *required*—by and routinely granted under the APA," and that's precisely the relief that this Court granted. Mem. Op. 16 (internal citations omitted). After all, the Supreme Court has held that the Court of Federal Claims "categorically" has no power to grant such relief, *see Bowen*, 487 U.S. at 905, so, as this Court concluded, Plaintiffs' claims for "specific relief … rather than for money damages" are within the Court's jurisdiction. Mem. Op. 16 (quoting *Bowen*, 487 U.S. at 910).

10

Defendants themselves recognize that federal district court is the appropriate forum where a suit is "not merely for past due sums, but for an injunction to correct the method of calculating payments going forward." Def. Mot. 3 n.1 (quoting *Maine Com'ty Health Options v. United States*, 590 U.S. 296, 326–27 (2020)). They ask, however, that the Court treat the type of relief *sought* by Plaintiffs (declaratory and injunctive relief) as a damages payment for "past-due sums." *Id.* This invitation is utterly at odds with *Bowen*, which directs that "[t]he fact that [a] mandate is one for the payment of money must not be confused with the question whether such payment, in these circumstances, is a payment of money as damages or as specific relief." 487 U.S. at 900–01.

Defendants' argument is also at odds with the Supreme Court's order *in this very case*, which—following briefing in which Defendants made the same arguments as in their pending motion—denied vacatur of this Court's order directing "the Government to issue payments … owed for work already completed" before February 13. *Dep't of State v. AIDS Vaccine Advoc. Coal.*, 145 S. Ct. 753, 753 (2025).

What is more, Defendants do not meaningfully address this Court's observation that Plaintiffs have produced evidence that their awards include "cooperative agreements that do not fall under the [Contract Disputes Act] or Tucker Act." Mem. Op. 19 n. 7. While Defendants suggest that this might be a matter of legally inconsequential "label[s]," Def. Mot. 6, they previously conceded that "not *all* of Plaintiffs' awards are contracts subject" to the Tucker Act, Mem. Op. 19 n.7. Agreeing with that concession, this Court recognized that "even assuming Plaintiffs

have some agreements that qualify as contracts within the CDA or Tucker Act, they also have agreements that would lack those alternative avenues and fall within the APA." *Id.* (citing *Ams. for Safe Access v. DEA*, 706 F.3d 438, 440 (D.C. Cir. 2013) (denying jurisdictional challenge where court found that at least one named petitioner had standing)). Consequently, Plaintiffs' claims belong in federal district court.

Finally, this Court should reject out of hand Defendants' argument that it should revisit its preliminary injunction order because Defendants continue to object to the scope of relief ordered. Def. Mot. 7. *California* did not address this issue at all and so provides no basis for this Court to reverse conclusions it has already reached. Defendants do not seriously argue otherwise.

## CONCLUSION

This Court should deny Defendants' motion for an indicative ruling under Federal Rule of Civil Procedure 62.1.

Dated: April 25, 2025                    Respectfully submitted,

/s/ Lauren E. Bateman
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Nicolas A. Sansone (D.C. Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
*Counsel for Plaintiffs*