IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00402 (AHA) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully provide notice of Saturday's Order of the Court of Appeals in *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir. May 3, 2025) (Doc. 2114139) (attached as the Exhibit). For the reasons stated in the per curiam concurring statement attached to that Order, the Court of Appeals granted the Government's motion for stay pending appeal from preliminary injunctions in several cases, including in *Widakuswara v. Lake*, No. 25-cv-1015, 2025 WL 1166400 (D.D.C. Apr. 22, 2025). Here, in opposing Defendants' motion for an indicative ruling as to the past-payments provision of the preliminary injunction, Plaintiffs cited that District Court decision. *AVAC* Opp. 5-6 (Doc. 83); *GHC* Opp. 7 (Doc. 77). The Order further supports

Defendants' contention that the past-payments provision is predicated on contractual claims for monetary payment over which this Court lacks subject-matter jurisdiction.

The *Widakuswara* plaintiffs challenged decisions of the United States Agency for Global Media (USAGM) terminating grant agreements for the 2025 fiscal year awarded to two private, non-profit corporations, where Congress "allocated specific funding" for those networks, "which USAGM disburses through grants." *Widakuswara*, slip op. at 1. The District Court's preliminary injunction, in pertinent part, "requir[ed] USAGM to (1) restore . . . contractors to their pre-March 14 status," and "(2) restore its FY 2025 grants with" the two networks.

The Court of Appeals granted a stay by a divided vote, concluding that the Government "is likely to succeed on the merits because the district court likely lacked subject-matter jurisdiction . . . to compel the agency to restore RFA's and MBN's FY 2025 grants." *Id.* at 2. In reaching that conclusion, the Court of Appeals applied *Department of Education v. California*, 145 S. Ct. 966 (2025) (per curiam). *Id.* at 5-6.

The Court of Appeals reasoned that in the "grants at issue, USAGM . . . promised to pay the appropriated funds to the networks in monthly installments. In return, the networks promised to use the funds to advance statutory objectives and to comply with all program requirements." *Id.* at 6. Such "exchanges of promises—reflecting offer, acceptance, consideration, mutuality of intent, and action by an official with authority to bind the government—constitute government contracts for Tucker Act purposes." *Id.* (citing *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1338-39 (Fed. Cir. 2021)). Hence, "the injunction" at issue "in substance orders specific performance of the grant agreements—a quintessentially contractual remedy." *Id.* And "the claims of government nonpayment necessarily challenge its performance under the grants. Such claims are squarely contract claims under the Tucker Act." *Id.* at 8.

The Court of Appeals also rejected the *Widakuswara* plaintiffs' contention that their "non-APA claims regarding grant money"—*i.e.*, multiple constitutional claims and an *ultra vires* claim (slip op. at 8-9)—undercut the conclusion that the District Court lacked subject-matter jurisdiction in light of the Tucker Act.  Under *Dalton v. Specter*, 511 U.S. 462, 472-74 (1994), those "constitutional claims simply flow from allegations that the Executive Branch has failed to abide by governing congressional statutes," and inclusion of such claims "does not suffice to trigger the distinctively strong presumptions favoring judicial review of constitutional claims." *Id.* at 9.  The Court of Appeals also cited *Ingersoll-Rand Co. v. United States*, 780 F.2d 74, 79-80 (D.C. Cir. 1985), for the lesson that the "Tucker Act governs challenge[s] to contract termination, 'despite plaintiff's allegations of statutory and constitutional violations.'"  *Id.*

Plaintiffs here have made arguments similar to those rejected in *Widakuswara*, and the Order in that appeal accordingly reinforces Defendants' contention concerning lack of subject-matter jurisdiction.

Dated: May 4, 2025                                  Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

LAUREN A. WETZLER
Deputy Director

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar 978017)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*