UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action No. 25-cv-400 (AHA) |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL FILINGS
AS TO DEFENDANTS' MOTION FOR INDICATIVE RULING**

As this Court is aware, the March 10 order granting a preliminary injunction is currently on appeal to the D.C. Circuit Court of Appeals. Meanwhile, on April 11, Defendants filed in this Court a motion for an indicative ruling, asking the Court to state, in response to that motion, that if the preliminary injunction were returned to this Court, the Court would dissolve the provision of the injunction requiring monetary payments to non-Plaintiffs for work completed prior to February 13, 2025. Plaintiffs file this supplemental notice to briefly bring to the Court's attention two recent filings.

First, Plaintiffs' Response to Defendants' Motion for Indicative Ruling explains that an indicative ruling under Federal Rule of Civil Procedure 62.1 is inappropriate in this case because Defendants seek an indicative ruling only as to a portion of the preliminary injunction, and "[u]nless Defendants' appeal is cabined to that single issue, an indicative ruling on that one issue would neither 'further the appeal' nor 'obviate its necessity.'" ECF 83 at 4. This point is bolstered by Defendants' opening brief before the D.C. Circuit, which was filed on Friday, May 9. In that

1

brief, Defendants concede that they are "contractually obligated to pay legitimate costs incurred on funding instruments before they were terminated." Br. for Appellants, *Global Health Council v. Trump*, No. 25-5097, at 18 n.1 (May 9, 2025). On that basis, they explicitly decline to challenge this Court's conclusion that the "initial directives to pause foreign assistance funding were arbitrary and capricious" and this Court's entry of an injunction against "enforcing various parts of those directives or withholding payments for certain prior completed work." *Id.* That is, Defendants' appeal does not challenge the only portion of the preliminary injunction for which Defendants seek an indicative ruling before this Court—the "provision of the preliminary injunction mandating monetary payments to non-Plaintiffs for work completed prior to February 13, 2025." ECF No. 78 at 1–2. An indicative ruling in this posture would serve no purpose because it would do nothing to assist the Court of Appeals in resolving any issue presented by Defendants' appeal of this Court's preliminary injunction.

Second, Plaintiffs note that the order of the D.C. Circuit cited in Defendants' Notice of Supplemental Authority (ECF 88), *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir. May 3, 2025), has been partially administratively stayed by the en banc D.C. Circuit. At this time, the portion of the district court's order requiring restoration of the grants at issue in that case remains in effect. *Widakuswara*, (D.C. Cir. May 7, 2025).

Dated: May 12, 2025                           Respectfully submitted,

/s/ Lauren E. Bateman
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Nicolas A. Sansone (D.C. Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*