UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., | ) ) ) ) |  |
| *Plaintiffs*, | ) ) | Civil Action No. 25-cv-400 (AHA) |
| v. | ) ) ) |  |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) |  |
| *Defendants*. | ) ) |  |

**PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

On June 3, 2025, Defendants filed a motion to dismiss the amended complaint in this case, accompanied by a memorandum of points and authorities that is 88 pages long—nearly twice the length allowed by Local Rule 47(e). *See* ECF 95. This Court should strike the memorandum and direct Defendants to file a new memorandum that complies with the Court's rules.

Local Rule 47(e), titled "PAGE LIMITATIONS," states: "A memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages and a reply memorandum shall not exceed 25 pages, without prior approval of the Court. Documents that fail to comply with this provision shall not be filed by the Clerk." Defendants did not seek approval of the Court before filing an 88-page memorandum. The memorandum should therefore be stricken. *Cf. Estate of Fakhoury v. Islamic Republic of Iran*, No. CV 21-1218 (JDB), 2022 WL 3355799, at *3 (D.D.C. Aug. 15, 2022) (striking surreply filed without court permission, in violation of the local rules).

1

Pursuant to Local Rule 7(m), Plaintiffs sought Defendants' position on this motion to strike. Defendants stated that they oppose. In Defendants' view, because they chose to file the same motion and memorandum in this case and in *Global Health Council v. Trump*, No. 25-cv-402, they have up to 90 pages. The Local Rules, however, do not establish a different page-length limitation where a party chooses to make a joint filing. (In fact, the Local Rules do not alter the page limitations even in consolidated cases.) Defendants stated that the "similarity" of the actions warranted a joint filing to eliminate duplicative briefing. That reasoning, however, does not support allowing briefing at twice the length provided by the Rules. And their 88-page memorandum reflects that they did not choose to file a joint brief to avoid making the same arguments in two briefs, but rather to grant themselves *43 extra pages*. Had they filed a compliant brief in each case, those briefs may have had overlap, but Defendants would not have been entitled to extra pages in either brief.

## CONCLUSION

The Court should strike Defendants' memorandum of points and authorities in support of its motion to dismiss, ECF 95, and direct Defendants to file a new memorandum compliant with the rules of this Court.

Dated: June 4, 2025                    Respectfully submitted,

<div style="margin-left:3em">

/s/ Lauren E. Bateman
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Nicolas A. Sansone (D.C. Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
*Counsel for Plaintiffs*

</div>