**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 25-cv-400 (AHA) |
| UNITED STATES DEPARTMENT OF STATE, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS' OPPOSITION TO MOTION TO STRIKE**
**COMBINED JUNE 3, 2025 MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS**

AVAC Plaintiffs' motion (Doc. 96) to strike Defendants' memorandum (Doc. 95) in support of the motions to dismiss the amended complaint in this action as well as the substantially similar amended complaint in No. 25-cv-402 (GHC) should be denied.

Defendants filed a combined memorandum in support of their motions to dismiss the amended complaints in each of these two suits raising similar issues and claims. Under D.D.C. Local Civil Rule 7(e), Defendants would have had 45 pages for their memorandum supporting the motion to dismiss the AVAC amended complaint (Doc. 86), with 94 numbered paragraphs of allegations, and 45 pages for their memorandum supporting the motion to dismiss the GHC amended complaint (GHC Doc. 73), with 274 numbered paragraphs of allegations. The combined memorandum Defendants filed on June 3, 2025 in this action as well as in the GHC action does not exceed 90 pages and should not be deemed to violate Local Civil Rule 7(e).

Defendants' filing of a combined brief was warranted by the parties' and the Courts' prior approach to the two actions, where separate 45-page briefs in the two actions would not have aided

1

the decisional process.  Given the similarity between the claims asserted in the AVAC and GHC actions, the District Court heard argument on the AVAC Plaintiffs' motion for a temporary restraining order and a preliminary injunction together with argument on the GHC Plaintiffs' motion for such relief, and the Court's resulting orders of February 13, 2025 (Doc. 17), and March 10, 2025 (Doc. 60), concurrently addressed both actions.  Additionally, Defendants filed a combined 50-page brief in opposition to those preliminary injunction motions (that is, exceeding without objection by Plaintiffs the 45-page limit for a single opposition), and Defendants have sought to reduce duplicative briefing between the two actions throughout.  For its part, the D.C. Circuit on its own motion, evidently understanding the interrelationship between these two suits, consolidated the Government's appeals (Nos. 25-5097, No. 25-5098) from the preliminary injunction entered in each action.  Order in No. 25-5097 (Apr. 2, 2025) (Doc 2108934).

In light of that background, a combined memorandum supporting the motions to dismiss the two amended complaints is appropriate because of the substantial similarities of the amended pleadings.  Indeed, the amended complaint in each action explicitly contains allegations relying on matter filed in the preliminary injunction record docketed in the other action.  *See* AVAC Am. Compl. ¶¶ 39 (citing GHC Docs. 57-1 and 57-2, filings by Defendants in response to GHC Plaintiffs' inquiry); GHC Am. Compl. ¶ 195 (citing AVAC Doc. 26-3, "Jessica Doe" Decl.).

Importantly, asserting various claims for relief, Plaintiffs raise substantially similar allegations tracking the allegations on which they obtained the preliminary injunction provision as to obligation of appropriated funds.  *See, e.g.*, GHC Am. Compl. ¶¶ 122-23, 168-69, 217, 224, 230; GHC Am. Compl. ¶¶ 244, 246 (GHC 2d Claim (APA—contrary to law)); GHC Am. Compl. ¶ 253 (GHC 3d Claim (separation of powers)); AVAC Am. Compl. ¶ 87 (AVAC 4th Claim (APA)); AVAC Am. Compl. ¶ 89 (AVAC 5th Claim (APA)).  And they also raise substantially similar

2

allegations to support their request for reinstatement of the terminated awards. *See, e.g.*, GHC Am. Compl. ¶¶ 112-16, 188-95, 223; GHC Am. Compl. ¶¶ 234-35 (GHC 1st Claim (APA—arbitrary and capricious)); GHC Am. Compl. ¶¶ 241-42 (GHC 2d Claim (APA—contrary to law)); AVAC Am. Compl. ¶ 75 (AVAC 1st Claim (separation of powers)); AVAC Am. Compl. ¶ 81 (AVAC 2d Claim (Take Care Cl.)); AVAC Am. Compl. ¶ 83 (AVAC 3d Claim (APA)).

Defendants' combined brief appropriately addresses those common legal contentions and factual allegations in a manner that minimizes duplication—which would improvidently result if Defendants were required to file separate memorandums of up to 45 pages in support of the motions to dismiss. This setting is plainly not where a motion to strike is sought to "correct an imbalance when one party has raised a new matter" in a brief to the prejudice of the opposing party. *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 196-97 (D.D.C. 2003).

Hence, AVAC Plaintiffs' motion to strike should be denied. Defendants, of course, would not object to the AVAC Plaintiffs agreeing to combine their opposition with that of the GHC Plaintiffs in a joint opposition within the 90-page limit for the two suits. And while Defendants believe it would be duplicative to have separate opposition briefs, Defendants would also not object to a reasonable extension of the page-limit should Plaintiffs choose to file separate opposition briefs.

Insofar as the Court concludes that a more concise memorandum from Defendants is warranted notwithstanding the complexity of the legal claims asserted, the length of the factual allegations in the amended complaints, and the similarity of the issues as described above, Defendants respectfully request that the Court allow Defendants seven days from docketing of an order to Defendants to file a revised brief.

Dated: June 4, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar 978017)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*