UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action No. 25-cv-400 (AHA) |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs submit this short reply memorandum to emphasize the illogic of Defendants' opposition, ECF 97, to Plaintiffs' Motion to Strike, ECF 96. As set forth in the motion, Defendants have filed a motion to dismiss the amended complaint in this case, accompanied by a memorandum of points and authorities that is 88 pages long. *See* ECF 95. That memorandum violates Local Rule 47(e), which caps memoranda at 45 pages, absent prior approval of the Court. Plaintiffs' motion asks this Court to strike the overlength memorandum and to direct Defendants to file a new memorandum that complies with the Court's rules.

In response, Defendants argue that, because they chose to file one memorandum in support of motions to dismiss complaints filed in two separate cases, this one and *Global Health Council v. Trump*, No. 25-cv-402 (*GHC*), they can double the page limit. They cite to no provision of the Local Rules and no other authority allowing such doubling. Their memorandum is no more proper under the Local Rules because it was captioned and filed in two cases than if it had been captioned and filed in just this one.

1

Asking this Court to allow the exceedingly lengthy memorandum, Defendants argue that "separate" briefs in the two cases would be "duplicative." ECF 97 at 2. This argument overlooks that Defendants have filed a "duplicative" memorandum in each of the two cases. The 88-page brief does not avoid "duplication"; it simply adds 43 extra pages to each of the two. And notably, because the vast majority of the memorandum appears to apply to this case, Defendants' doubling of the page limit, if allowed, would require Plaintiffs to respond to nearly the whole of the 88 pages, including 70 pages of Argument.

Defendants' suggestion that Plaintiffs here file a combined opposition with the Plaintiffs in *GHC* is no answer. The Local Rules would limit that combined filing to 45 pages—just as they should have limited Defendants' filing. In any event, Plaintiffs have no desire to combine filings with the plaintiffs in *GHC*—Plaintiffs here have filed an independent action, with their own legal counsel, to assert their own interests. This Court has not consolidated the two actions, and Plaintiffs would oppose consolidation. Defendants should not be permitted essentially to unilaterally force consolidation by choosing to file a non-compliant brief.

## CONCLUSION

The Court should strike Defendants' memorandum of points and authorities in support of its motion to dismiss, ECF 95, and direct Defendants to file a new memorandum compliant with the rules of this Court.

Dated: June 5, 2025                    Respectfully submitted,

/s/ Lauren E. Bateman
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Nicolas A. Sansone (D.C. Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

Case 1:25-cv-00400-AHA    Document 98    Filed 06/05/25    Page 3 of 3

*Counsel for Plaintiffs*