UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action No. 25-cv-400 (AHA) |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF THE ADMINISTRATIVE RECORD**

In cases involving judicial review of agency action, Local Civil Rule 7(n)(1) requires the agency to file a certified list of the contents of the administrative record within 30 days following the service of an answer to the complaint or simultaneously with the filing of a dispositive motion, whichever comes first. On June 12, 2025, Defendants filed an amended motion to dismiss the amended complaint in this case, ECF 101, but did not file a list of the contents of the administrative record. The motion concedes that Defendants did not comply with Rule 7(n). *See id.* at 64. This Court should issue an order compelling Defendants to comply with the rule and to file the list of the contents of the administrative record.[1]

**ARGUMENT**

The language of Rule 7(n)(1) is unequivocal: "In cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency *must* file a

---

[1] Defendants oppose this motion.

1

certified list of the contents of the administrative record with the Court … simultaneously with the filing of a dispositive motion." (emphasis added). Defendants did not seek permission for noncompliance from this Court before filing their motion, instead inserting two paragraphs at the end of the motion stating that their noncompliance should be excused. ECF 101 at 64. It should not be.

This is not a case in which waiver of compliance is permissible on the basis that "the administrative record is not necessary for the court's decision." *Sharifymoghaddam v. Blinken*, No. 1:23-CV-1472-RCL, 2023 WL 8047007, at *3 (D.D.C. Nov. 17, 2023). To the contrary, Defendants have moved to dismiss Plaintiffs' claim that Defendants acted arbitrarily and capriciously, in violation of the Administrative Procedure Act (APA), in terminating the vast majority of foreign assistance awards. And Defendants' motion reflects the fact-bound nature of that inquiry. *See* ECF 101 at 46 (arguing that Defendants are "better equipped to assess what facts are relevant to their own decisions than a court is" (internal citations, quotation marks, and alterations omitted)).

For instance, Defendants attempt to justify the terminations as consistent with the "national interest" or "agency priorities." *Id.* at 49. The Court's assessment of that defense, though, will require examination of the relevant facts, an understanding of whether Defendants considered the relevant factors, and an evaluation of the connection between the facts before the agencies and the decision to terminate—facts that, if they exist, would be contained in an administrative record. *See Swedish Am. Hosp. v. Sebelius*, 691 F.Supp.2d 80, 88 (D.D.C. 2010) (denying motion to dismiss and granting motion to compel production of the administrative record because, "[w]ithout the administrative record, the court is unable" to assess whether agency action is arbitrary and capricious); *Hamal v. U.S. Dep't of Homeland Sec.*, No. CV 19-2534, 2020 WL 2934954, at *4

(D.D.C. June 3, 2020) (denying motion to dismiss because, "without fully reviewing the entire administrative record, it would be premature to declare that the agency acted reasonably"); *Narragansett Indian Tribe by & Through Narragansett Indian Tribal Historic Pres. Off. v. Nason*, No. CV 20-576, 2020 WL 4201633, at *4 (D.D.C. July 22, 2020) (denying motion to dismiss because "Defendant's arguments about the highly deferential review of agency action under the APA, while correct, are premature given that the Court does not have the administrative record"). Likewise, it is prejudicial to Plaintiffs to require them to respond to Defendants' fact-bound claims without access to a record on which Defendants seem to rely.

Defendants' motion is replete with other factual contentions about agency processes. They argue, for instance, that the claim that they acted arbitrarily and capriciously should be dismissed because the terminations resulted from "a rigorous multi-level review process" with "spreadsheets" containing relevant information, culminating in the "Secretary of State's personal involvement" and confirmation that "termination decisions were taken with full visibility into the unique diplomatic, national security and foreign policy interests at stake vis-à-vis foreign assistance programs." ECF 101 at 45 (quoting ECF 37-1, 2/25 Marocco Decl. ¶ 5) This process, they argue, resulted in the "agencies' identification and termination of awards on the basis of common characteristics." *Id.* at 49. Plaintiffs cannot meaningfully respond, and this Court cannot possibly assess whether any of that is accurate—let alone sufficient to establish that the agencies' actions were reasonable—without the administrative record, including the referenced spreadsheets and any additional agency records pertaining to Defendants' supposed consideration of the "unique" interests at stake. Indeed, at the preliminary injunction stage, the Court ruled that Plaintiffs had not made an adequate showing to counter this argument on the record available at that time. *See* ECF 60 at 28 ("While Plaintiffs' showing is sufficient to raise questions, on this

3

record they have not met the high standard[.]"); *see also id*. at 24 ("This is a close question on this record[.]). Yet Defendants now ask the Court to enter final judgment based on the preliminary factual record, without affording either Plaintiffs or the Court with the full record on which assessment of alleged arbitrary and capricious agency action depends.

Exhibiting considerable tension with their contention that the administrative record is not necessary to resolve the issues in the motion to dismiss, Defendants also accuse Plaintiffs of "cherrypick[ing]" a "sample of agency communications" to establish that Defendants' justification for the terminations was pretextual. ECF 101 at 52. Only Defendants, however, have access to the full range of agency communications. To the extent that Defendants possess communications pertinent to their decision to terminate awards en masse, those communications should be placed in the record before the Court, to enable effective response by Plaintiffs and effective judicial review of the question whether the terminations were lawful.

Finally, this Court should reject Defendants' unsupported assertion that they need not produce the administrative record because there is no discrete agency action. *Id.* at 64. This Court already considered and rejected that argument as it pertained to the initial directives to freeze foreign assistance, holding that "the agency directives Plaintiffs challenge are precisely the sort of 'agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy' that the APA explicitly includes and is routinely applied to." ECF 60 at 20 n.8 (quoting 5 U.S.C. § 551(4)). The same is true of the decision to terminate awards—a decision that represents a "final disposition … of an agency in a matter other than rule making." 5 U.S.C. § 551(6); *see Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62 (2004) (describing a "final disposition" under § 551(6) as a "circumscribed, discrete agency action[ ]"); *see also Widakuswara v. Lake*, No. 1:25-CV-1015-RCL, 2025 WL 1166400, at *12 (D.D.C. Apr.

22, 2025) (holding that cancellation of a grant is discrete agency action). In any event, the assertion does not excuse compliance with Rule 7(n)(1), where the support for or against it lies in the administrative record.

## CONCLUSION

The Court should issue an order setting a deadline for Defendants to comply with Rule 7(n) and holding Defendants' Motion to Dismiss in abeyance until Defendants do so.

Dated: June 12, 2025                             Respectfully submitted,

/s/ Lauren E. Bateman
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Nicolas A. Sansone (D.C. Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
*Counsel for Plaintiffs*
