UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No. 25-cv-400 |

**PLAINTIFFS' MOTION TO ENFORCE THE PRELMINARY INJUNCTION**

On March 10, 2025, this Court issued a preliminary injunction enjoining Defendants from "unlawfully impounding congressionally appropriated foreign aid funds" and ordering them to "make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024." ECF 60 at 48. As this Court recognized in issuing that order three months ago, Defendants' actions impounding congressionally appropriated funds threaten "the very subsistence of [Plaintiff] organizations" as well as the "viability of their humanitarian missions." *Id.* at 42. The threat has only grown since. Plaintiffs thus move this Court for an order requiring Defendants promptly to file a plan for compliance with its March 10 order.[1]

**FACTUAL BACKGROUND**

Concluding that Plaintiffs were likely to succeed on their claim that the impoundment of federal foreign assistance funding violated the separation of powers, this Court, on March 10,

---

[1] Defendants have indicated that they oppose this motion.

1

enjoined Defendants from "unlawfully impounding congressionally appropriated foreign aid funds" and directed them to "make available for obligation the full amount of funds that Congress appropriated." ECF 60 at 48. Defendants have not complied.

Plaintiffs first raised Defendants' noncompliance during a meet-and-confer on March 13—three days after the Court issued its preliminary injunction. Plaintiffs "asked Defendants whether and how they intend to comply with the impoundment portion of the Court's preliminary injunction." ECF 68 at 4 (March 14 Joint Status Report). "Defendants responded with a general statement to the effect that, unless the preliminary injunction is stayed or reversed or vacated on appeal, they intend to comply." *Id.* As Plaintiffs stated at that time, a vague and generalized statement of intent was insufficient to "demonstrate and ensure actual compliance" in light of Defendants' history of non-compliance with this Court's orders. *Id.* at 4–5. Moreover, "substantial evidence in the public record" indicated that "Defendants [did] *not* intend to obligate and disburse all congressionally appropriated foreign-assistance funds." *Id.* at 6–7. For their part, Defendants claimed to be "analyzing the provision of the Court's order of March 10, 2025 concerning obligation and expenditure of funds appropriated to USAID and State." *Id.* at 12.

On March 26, Plaintiffs once again raised Defendants' non-compliance with the preliminary injunction, observing that "Defendants have produced no evidence of *any* effort to comply with this Court's order" with respect to impoundment. ECF 70 at 3 (Pls' Resp. to Defs' Status Report). Plaintiffs therefore sought an order directing Defendants to include in their next status report "a description of the efforts that they have taken to date to comply" with the impoundment portion of the preliminary injunction and to produce the administrative record to "allow for prompt assessment of … Defendant[s'] (non-)compliance with this Court's orders." *Id.* at 3–4.

On March 28, this Court issued a minute order directing Defendants to include in their next status report "(1) the steps they have taken to date to comply with the [impoundment portion of the preliminary injunction] and (2) any next steps necessary to come into compliance with that aspect of the Court's preliminary injunction."

In their next status report, filed April 3, Defendants "recogniz[ed] … that the preliminary injunction applies until or unless Defendants receive appellate relief from it." ECF 75 at 2. Yet they did not articulate any past or future steps toward compliance, instead stating that "USAID and State continue to evaluate the appropriate next steps to address the provision in this Court's March 10, 2025, order regarding the obligation of funds." *Id.* at 4. In the ensuing months, Defendants repeatedly echoed that they "continue to evaluate the appropriate next steps to address" compliance with the impoundment portion of the preliminary injunction. ECF 82 at 2 (April 24 status report); ECF 85 at 2 (May 1 status report); ECF 89 at 2 (May 8 status report); ECF 92 at 2–3 (May 15 status report); ECF 93 at 2–3 (May 22 status report); ECF 94 at 2 (May 29 status report); ECF 99 at 2 (June 5 status report), ECF 102 at 2 (June 12 status report).

On May 6, 2025, this Court held a hearing at which it addressed, among other things, compliance with the impoundment provision of the preliminary injunction. Once again, the Court explicitly asked the government for the "next steps" it intended to take to come into compliance with its obligation to spend congressionally appropriated funds. May 6 Hr'g Trans. at 26–27. Defendants did not provide a compliance plan. Plaintiffs once again emphasized at the May 6 hearing that there have been "literally zero steps taken by the defendants to obligate a single dollar of this money. It's as if the preliminary injunction was never issued." *Id.* at 36.

Importantly, although on April 1, 2025, Defendants appealed the impoundment portion of the preliminary injunction, ECF 72, they did not seek a stay of that aspect of this Court's order.

As of today—more than 13 weeks after the Court issued its order—Defendants still have not produced any evidence that they have obligated any portion of the impounded funds.

## LEGAL STANDARD

"District courts have the authority to enforce the terms of their mandates, and the exercise of this authority is particularly appropriate when a case returns to a court on a motion to enforce the terms of its mandate to an administrative agency." *Yanofsky v. Dep't of Com.*, No. 1:16-CV-95, 2019 WL 5110502, at *2 (D.D.C. Apr. 25, 2019) (Jackson, J.) (internal citations, quotation marks, and alterations omitted). "The Court should grant a motion to enforce if a 'prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it.'" *Sierra Club v. McCarthy*, 61 F. Supp. 3d 35, 39 (D.D.C. 2014) (quoting *Heartland Hosp. v. Thompson,* 328 F.Supp.2d 8, 11 (D.D.C. 2004)). In assessing a motion to enforce a prior order, "a court may take into account the compliance with the court's previous orders and the need for a further order to prevent 'inadequate compliance' in the future." *Nat'l L. Ctr. on Homelessness & Poverty v. U.S. Veterans Admin.*, 765 F. Supp. 1, 6 (D.D.C. 1991) (quoting *Hutto v. Finney*, 437 U.S. 678, 687 (1978)).

## ARGUMENT

Defendants have not complied with the preliminary injunction. The Court's order was clear: Defendants were ordered to cease "unlawfully impounding" funds and to make those funds "available for obligation." ECF 60 at 48. Defendants were further directed to "take all steps necessary to effectuate this order." *Id.* Defendants have taken no steps to comply. Further, Defendants have obfuscated their non-compliance by filing months' worth of weekly status reports claiming that they "continue to evaluate the appropriate next steps to address" compliance with the impoundment portion of the preliminary injunction. ECF 82, 85, 89, 92, 93, 94, 99, 102.

4

"At some point, [the Court] must lean forward from the bench to let an agency know, in no uncertain terms, that enough is enough." *Pub. Citizen Health Rsch. Grp. v. Brock*, 823 F.2d 626, 627 (D.C. Cir. 1987). That point is now. As this Court previously found, Defendants do not intend to spend the impounded funds. *See* ECF 60 at 36–37 (finding that Defendants' impoundment was "specifically designed to negate congressional budgetary policies" and that they "have not disputed when given the opportunity" their public statements that they have withheld funds "to save taxpayer money and end USAID for policy reasons" (internal quotation marks omitted)). Instead, Defendants appear to be running out the clock. In fact, the Administration has previewed plans to let impounded funds expire unspent. *See* Jennifer Scholtes et al., *Congress Finally Gets Trump's Request to Codify DOGE Cuts to NPR, PBS, Foreign Aid*, Politico (June 3, 2025), https://tinyurl.com/mrn6fefn.[2]

Against this backdrop, Defendants' unadorned claim, week after week, that they are "evaluat[ing] the appropriate next steps to address" the Court's March 10 order rings hollow. ECF 82, 85, 89, 92, 93, 94, 99, 102; *see Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019) (noting that courts are "not required to exhibit a naiveté from which ordinary citizens are free"). As each day passes, there is increased risk that Defendants will never comply with the Court's order. And Defendants' months' long treatment of this Court's orders as "a mere suggestion" should not be

---

[2] Although the President recently submitted several proposed rescissions of budgetary authority under the Impoundment Control Act, including proposed rescissions of billions in funding under several foreign-aid appropriations, his proposals did not include the Fiscal Year 2024 appropriations at issue in this case. *See* Mem. from Pres. Donald J. Trump to the Congress, Proposed Rescissions of Budgetary Resources, at 2–17 (May 28, 2025), https://tinyurl.com/5pvthded. The Director of the Office of Management and Budget has signaled plans to propose further rescissions "later in the year," when it is too late for them to be spent, enabling the Administration to avoid spending the appropriated funds "without [a rescission] bill actually being passed." Scholtes, *supra*.

countenanced. *Hillman v. Am. Fed. of Gov't Emps.*, 2020 WL 5763580, at *4 (D.D.C. Sept. 28, 2020).

Accordingly, Plaintiffs request that the Court order Defendants to file, within five days, a plan for compliance with the preliminary injunction. If Defendants do not do so or the plan fails to show compliance, the Court should hold Defendants in contempt and impose sanctions for their continued non-compliance.

## CONCLUSION

Plaintiffs' motion to enforce should be granted.

Dated: June 13, 2025

Respectfully submitted,

/s/ Lauren E. Bateman
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Nicolas A. Sansone (D.C. Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*