**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-400 (AHA) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
<u>PRODUCTION OF THE ADMINISTRATIVE RECORD</u>**

Defendants have moved to dismiss this action under Rule 12(b)(1) or, alternatively, Rule 12(b)(6). Plaintiffs have now filed their own motion seeking to: (1) compel filing of a certified list of the contents of the administrative record, purportedly under Local Civil Rule 7(n), and, (2) until such filing, hold the Rule 12(b) motion in abeyance. But courts in this District have not required the filing of a certified list where, as here, Defendants file a motion to dismiss that does not rely on the administrative record. The Rule 12(b) motion here advances numerous threshold jurisdictional grounds for dismissal, and, alternatively, challenges the facial plausibility of Plaintiffs' allegations, and evaluating those arguments does not require review of an administrative record. And, in any event, if the Court concludes it is not capable of deciding the Rule 12(b) motion based on materials properly considered at the pleadings stage, the proper course would be to decline to dismiss the action, not to delay decision on the Rule 12(b) motion.

Accordingly, the Court should deny AVAC Plaintiffs' motion to compel. Insofar as Local Rule 7(n) applies here, the Court should stay any requirement to file a certified copy of the contents of an administrative record until after the Rule 12(b) motion has been fully resolved.

## BACKGROUND

This Court partially granted Plaintiffs' motions for a preliminary injunction on March 10, 2024. The Court rejected Plaintiffs' request to enjoin the agencies' terminations of funding instruments post-dating the February 13, 2025 temporary restraining order, explaining that Plaintiffs had not shown that those terminations arose "from the same agency action they challenged in this case." 2025 WL 752378, at *11-13. Thus, the Court declined to order the agencies to revoke terminations and suspensions of previous funding instruments and to resume funding those instruments. *Id.* at *13.

AVAC Plaintiffs on May 2, 2025 voluntarily amended their complaint to address some events subsequent to their original complaint. They allege, *inter alia*, that Defendants' terminations post-dating the February 13, 2025 TRO were based on purportedly insufficient review of the underlying instruments, where the agencies announced the terminations in batches. *See* AVAC Am. Compl. ¶¶ 56-58 (alleging terminations—including as described in Defendants' February 18, 2025 post-TRO status report incorporating a declaration—were not "based on *meaningful review*") (emphasis added).[1] The Amended Complaint prays for a permanent injunction matching the provision in the Court's preliminary injunction concerning obligation of appropriated funds. AVAC Am. Compl., Prayer for Relief (C). AVAC Plaintiffs also seek to undo the challenged terminations—no matter that the original TRO permitted individualized

---

[1] Asserting various claims for relief, Plaintiffs raise allegations tracking the allegations on which they obtained the preliminary injunction provision as to obligation of appropriated funds. *See, e.g.*, AVAC Am. Compl. ¶ 87 (AVAC 4th Claim (APA)); AVAC Am. Compl. ¶ 89 (AVAC 5th Claim (APA)). And they also raise allegations to support their request for reinstatement of the terminated awards. *See, e.g.*, AVAC Am. Compl. ¶ 75 (AVAC 1st Claim (separation of powers)); AVAC Am. Compl. ¶ 81 (AVAC 2d Claim (Take Care Cl.)); AVAC Am. Compl. ¶ 83 (AVAC 3d Claim (APA)).

terminations and regardless whether the instruments expressly authorized termination. AVAC Am. Compl., Prayer for Relief (B)-(C).

The Rule 12(b) motion, revised June 12, 2025 (Doc. 101), seeks dismissal of the Amended Complaint on multiple grounds. It seeks dismissal for lack of subject-matter jurisdiction, including because the alleged claims either fall outside the APA's waiver of sovereign immunity and instead are properly brought in the Court of Federal Claims under the Tucker Act, or because Plaintiffs lack Article III standing to present the asserted claims. Doc. 101 at 13-32. Alternatively, the motion seeks dismissal for failure to state a claim based on the entire Amended Complaint, documents incorporated into it by reference, and matter subject to judicial notice. Doc. 101 at 40-56; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The motion argues, *inter alia*, that the Amended Complaint does not plausibly allege an APA claim because it does not challenge "circumscribed" and "discrete" action, but rather "seek[s] supervision of" USAID and State "day-to-day" funding activities. *Norton v. So. Utah Wilderness All.*, 542 U.S. 55, 62 (2004); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 899 (1990); Doc. 101 at 42-43.

The Rule 12(b) motion also contends that Local Civil Rule 7(n) should be held in abeyance pending resolution of the Rule 12(b) motion, because the absence of a challenge to "discrete agency action" means there is no applicable administrative record, and even if such a record could be compiled eventually, reviewing such a record is unnecessary to deciding the Rule 12(b) motions. *Id.* at 64.

AVAC Plaintiffs' motion of June 12, 2025 (Doc. 103) seeks an order compelling administrative record production, and asks the Court to hold the Rule 12(b) motion in abeyance until Defendants do so. Mot. 5.

**ARGUMENT**

AVAC Plaintiffs' motion to compel is predicated on a misunderstanding of Rule 7(n). The first sentence of that rule provides: "In cases involving judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." The second and third sentences of the rule then connect the memorandums supporting or opposing that motion to such a record: "Thereafter, counsel shall provide the Court with an appendix containing copies of those portions of the administrative record *that are cited or otherwise relied* upon in any memorandum in support of or in opposition to any dispositive motion. Counsel shall not burden the appendix with excess material from the administrative record that *does not relate to the issues raised in* the motion or opposition." LCvR 7(n)(1).

Here, the Rule 12(b) motion does not cite or otherwise rely on the administrative record, which has not yet even been compiled and certified—including because Plaintiffs do not allege a challenge to "discrete" agency action as *Norton* requires. 542 U.S. at 62. Plaintiffs' contention that an administrative record is required at this stage of the Rule 12(b) motions process is incorrect. *See e.g.*, *Patterson v. Haaland*, No. 21-cv-2391, 2022 WL 4534685, at *1 n.2 (D.D.C. Sept. 28, 2022) ("follow[ing] the practice of other courts in this jurisdiction," waiving Rule 7(n) compliance where consideration of motion to dismiss did not entail administrative record review), *appeal voluntarily dismissed*, 2023 WL 2604280 (D.C. Cir. Mar. 21, 2023).[2]

---

[2] *See also Nat'l Ass'n of Postal Supervisors v. U.S. Postal Serv.*, No. 19-cv-2236, 2023 WL 5221367, at *6 (D.D.C. Aug. 15, 2023) ("[s]trict compliance with" Rule 7(n)(1) "is not required when the administrative record is not necessary to the Court's decision," where "[t]he issues raised" in motion to dismiss "were purely legal and did not require administrative record to resolve"); *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (waiving Rule 7(n) compliance "follow[ing] the practice of other courts in this jurisdiction when

AVAC Plaintiffs argue that an agency is obligated to certify a list of the administrative record's contents and produce the record even where, as here, the agency files a motion to dismiss the suit and does not rely on the record in seeking such dismissal. But it is clear from the text and logic of the rule that the administrative record obligations are triggered only by a dispositive motion that *relies* on the contents of the agency's administrative record. *See* LCvR 7(n)(1) (second and third sentences, quoted above). The evident function of Rule 7(n) is not to insist that every motion to dismiss is accompanied by an administrative record. Rather, it is to ensure that the Court is not unnecessarily burdened with the filing of an administrative record in cases where a dispositive motion does rely on such a record. To that end, Sentence Three of Rule 7(n)(1) directs counsel not to "burden the appendix with excess material from the administrative record that does not relate to the issues raised in the motion or opposition." LCvR 7(n)(1). That situation hardly resembles the present suit. Here, the pending motion to dismiss does not rely on the administrative record, and thus does not trigger obligations to produce such a record or to file a certified list of its contents. *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001) (affirming dismissal of claims and rejecting contention that District Court erred in refusing to compel production of administrative record before deciding motion to dismiss); *Carroll v. U.S. Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017); Note 2, *supra*.[3]

---

'the administrative record is not necessary for [the court's] decision' regarding a motion to dismiss") (quoting *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017)); *Mdewakanton Sioux*, 264 F. Supp. 3d at 123 n.12 ("construing Defendants' motion to dismiss as incorporating a motion to waive compliance with" Rule 7(n), "the Court grants the motion because the administrative record is not necessary for its decision"); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (it was "immaterial" that agency's Rule 12(b) motion, which court granted, "did not include" Rule 7(n) certified list).

[3] The Comment to Rule 7(n)(1) instructively identifies an environmental impact statement as the paradigmatic case for which the rule is designed. "For certain infrastructure projects that are built, funded, or approved by the Federal Government," the National Environmental Policy Act (NEPA) "requires federal agencies to prepare an environmental impact statement, or EIS."

Indeed, it is not clear in this suit whether an administrative record can be compiled at all before the Court determines the scope of the Plaintiffs' APA challenge, in light of *the Amended Complaint's failure* to concentrate the challenge on "discrete" and "circumscribed" actions by State and USAID rather than all of the terminations since Executive Order 14,169 of January 20, 2025. *Norton*, 542 U.S. at 62; *see Beyond Pesticides/Nat'l Coal. Against Misuse of Pesticides v. Whitman*, 360 F. Supp. 2d 69, 71 (D.D.C. 2004) (motion to compel administrative record denied as moot where court dismissed APA action impermissibly seeking "wholesale correction" of agency program).  Contrary to AVAC Plaintiffs' contention (Mot. 4), this Court's preliminary injunction decision did not purport to, nor could have, addressed the discreteness problem presented in the later-filed Amended Complaint's challenge to the entirety of those terminations.

And, even if an administrative record could be compiled notwithstanding the impermissible breadth of Plaintiffs' APA challenge, such an administrative record would still be unnecessary to resolve the Rule 12(b) motion.  The motion relies on the facts alleged in the Amended Complaint, and the documents either attached to or incorporated by reference in the Amended Complaint (such as the Plaintiffs' agreements, excerpts of which Defendants supplied in the Appendix of exhibits accompanying the Rule 12(b) motion—and which Plaintiffs themselves, as parties to those agreements, of course possess).  The motion also relies on matters subject to judicial notice, such as the President's special message to the Congress of June 3, 2025.  *See Tellabs*, 551 U.S. at 322.

If the Court grants the Rule 12(b) motion, either for lack of subject-matter jurisdiction or for failure to state a claim, that would obviate the need to compile and file the administrative

---

*Seven Cnty. Infrastructure Coal. v. Eagle Cnty., Colo.*, 145 S. Ct. 1497, 1507 (2025).  "NEPA says that the EIS should be 'detailed.'"  *Id.* at 1512 (quoting 42 U.S.C. § 4332(2)(C)).  So when a NEPA plaintiff challenges an EIS as insufficiently "detailed," the Comment to Rule 7(n) indicates that such an EIS itself is a "voluminous record" on which the dispositive motions are likely to rely. This suit involves nothing like an EIS.

record, thereby conserving "scarce agency resources." *Akbar v. Cuccinelli*, No. 18-cv-2808, 2020 WL 1287817, at *4 (D.D.C. Mar. 18, 2020). In that regard, the Rule 12(b)(1) contentions—seeking dismissal including because the alleged claims either fall outside the APA's waiver of sovereign immunity and instead are properly brought in the Court of Federal Claims under the Tucker Act, or because Plaintiffs lack Article III standing to present the asserted claims—plainly do not require review of an administrative record. *See, e.g. US Inventor, Inc. v. U.S. Pat. & Trademark Off*., No. 22-cv-2218, 2023 WL 4488913, at *9 (D.D.C. July 12, 2023) (administrative record unnecessary as it would have no bearing on standing analysis), *appeal transferred*, 2024 WL 1021257 (D.C. Cir. Jan. 23, 2024); *Jimenez Verastegui v. Wolf*, 468 F. Supp. 3d 94, 97 n.3 (D.D.C. June 18, 2020) (declining to consider argument that agency failed to file certified list of record contents "irrelevant to" determining subject-matter jurisdiction).

Moreover, the Rule 12(b) motion includes arguments challenging the facial plausibility of the Amended Complaint's allegations under the APA and under the various non-statutory grounds invoked by Plaintiffs. Those arguments are predicated on the allegations in the Amended Complaint, not on any administrative record, so Rule 7(n) does not apply, and any failure to provide the list is "immaterial." *See Carroll*, 235 F. Supp. 3d at 81 n.1.

Contrary to AVAC Plaintiffs' contention (Mot. 2-4), the Rule 12(b) arguments properly rely on materials within the legitimate scope of Rule 12(b) inquiry—not on factual matter that must be produced via an administrative record or otherwise at the pleadings stage. *See Tellabs*, 551 U.S. at 322. The Rule 12(b)(6) question as to Plaintiffs' allegations concerning terminations is *not*, as Plaintiffs mischaracterize it (Mot. 2), whether "Defendants" can "justify the terminations as consistent with the 'national interest' or 'agency priorities.'" Instead, that Rule 12(b)(6) question is whether the Amended Complaint *plausibly alleges* that Defendants' determinations—that the

terminations were warranted under the pertinent "national interest" or "agency priorities" provisions of the agreements and governing regulations—were arbitrary and capricious because those determinations were not "based on meaningful review" (*see* AVAC Am. Compl. ¶¶ 56-58). It is only *after* the Court determines that the Amended Complaint's nonconclusory factual allegations on that score are facially plausible that it would become necessary to examine, such as at summary judgment, whether the administrative record "justif[ies] the terminations" under the operative funding instruments and governing regulations (Mot. 2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Also incorrect is AVAC Plaintiffs' assertion (Mot. 3-4) that the Rule 12(b)(6) arguments rely on "factual contentions about agency processes" unavailable at the pleadings stage. AVAC Plaintiffs fault Defendants' Rule 12(b)(6) argument for quoting (Doc. 101 at 10, 45) from their February 25, 2025 declaration describing the agencies' reviews. That declaration became part of the Rule 12(b)(6) inquiry when GHC Plaintiffs incorporated that declaration into their Amended Complaint. Doc. 101 at 10 (citing GHC Am. Compl. ¶¶ 105, 223). To be sure, because the AVAC Amended Complaint did not incorporate that February 25, 2025 declaration by reference, the Court would not consider that particular declaration for purposes of assessing the facial plausibility, under Rule 12(b)(6), of AVAC Plaintiffs' bare legal conclusion that the agencies' "review" was not "meaningful" (*see* AVAC Am. Compl. ¶¶ 56-58). *Cf.* AVAC Am. Compl. ¶ 56 (selectively quoting from, and thereby incorporating by reference, Defendants' February 18, 2025 status report, which in turn incorporated a declaration describing review).

That simply reflects different pleading choices by different Plaintiffs. The comparative brevity of the AVAC pleading compared to the GHC pleading, and the decision of the AVAC Plaintiffs to incorporate by reference the February 18, 2025 declaration but not the February 25,

2025 declaration, do not indicate that the Rule 12(b)(6) arguments in either suit veer into factual materials outside the pleadings so as to warrant examination of an administrative record.

AVAC Plaintiffs are also mistaken in arguing that any such administrative record would necessarily include the predecisional and deliberative recommendations, internal to the agencies, that resulted ultimately in terminations and retentions. Such documents within the deliberative process privilege are not part of an administrative record "because, when a party challenges agency action as arbitrary and capricious, the reasonableness of the agency's action 'is judged in accordance with its stated reasons.'" *Ctr. for Bio. Diversity v. U.S. Off. of Surface Mining Reclamation & Enforcement*, No. 23-cv-343, 2025 WL 1503802, at *10 (D.D.C. May 27, 2025) (quoting *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Hum. Servs.*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009) (quoting *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 156 F.3d 1279, 1279 (D.C. Cir. 1998)). And AVAC Plaintiffs' allegations of arbitrary terminations do not trigger the rare exception to that principle for cases, such as "Title VII action[s] or . . . constitutional claim[s] for discrimination," involving inquiry into "subjective motivation." *See Fed. Trade Comm'n v. Meta Platforms, Inc.*, No. 20-cv-3590, 2022 WL 4078930, at *6 (D.D.C. Sept. 6, 2022) (citations modified).

## **CONCLUSION**

For the reasons stated, the Court should deny the motion to compel. Insofar as Rule 7(n) applies, the Court should stay any requirement to file a certified copy of the contents of an administrative record until after the Rule 12(b) motion has been fully resolved.

Dated: June 26, 2025

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar No. 978017)
Senior Counsel
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: Indraneel.Sur@usdoj.gov

*Counsel for Defendants*