IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AIDS VACCINE ADVOCACY
COALITION, *et al.*,

        *Plaintiffs*,

v.

UNITED STATES DEPARTMENT
OF STATE, *et al.*,

        *Defendants*.

Civil Action No. 25-cv-400 (AHA)

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The Supreme Court in *Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631 (U.S. June 27, 2025) (Exhibit A), issued after Defendants filed their opposition (Doc. 106) to the pending motion to enforce the preliminary injunction, announced restrictions on universal injunctions that are pertinent to disposition of that motion. Although there is no basis for granting AVAC Plaintiffs' motion or the additional relief improperly sought in their reply of June 27, 2025, any purported "enforcement" of the preliminary injunction's appropriations provision must, under *CASA*, properly be limited to the AVAC Plaintiffs only. Such equitable relief would not validly extend to any funding recipients not before the Court.

The PI's appropriations provision rests on this Court's construction of the Further Consolidated Appropriations Act, 2024, and the Impoundment Control Act of 1974, *see* PI Op., 770 F. Supp. 3d 121, 143-48 (D.D.C. 2025). Under *CASA*, the Court's corresponding equitable relief is bounded by the Judiciary Act of 1789, which "endowed federal courts with jurisdiction over 'all suits . . . in equity,'" and which "still today is what authorizes the federal courts to issue equitable remedies," *CASA*, 2025 WL 1773631 at *6 (citations modified). That "statutory grant

encompasses only those sorts of equitable remedies 'traditionally accorded by courts of equity' at our country's inception." *Id.* (quoting *Grupo Mexicano de Desarrollo, S. A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 319 (1999)). The *CASA* Court addressed "universal injunctions," which are injunctions that bar the defendant from enforcing "a law or policy against *anyone*," in contrast to an injunction that bars the defendant from enforcing the challenged law or policy against the plaintiff. 2025 WL 1773631 at *4. "Congress has granted federal courts no such power," *id.* at *6, as universal injunctions have no historical analogue in equity practice, *id.* at *6-13.

Observing that the Court had "consistently rebuffed requests for relief that extended beyond the parties," *id.* at *7, the *CASA* Court determined that "[n]othing like a universal injunction was available at the founding, or for that matter, for more than a century thereafter. Thus, under the Judiciary Act, federal courts lack authority to issue them," *id.* at *13.

Instead, the governing principle is that a court granting equitable relief "may administer complete relief *between the parties*." *Id.* at *11 (citation modified). "Under this principle, the question is not whether an injunction offers complete relief to *everyone* potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*." *Id.* (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). And even then, "[c]omplete relief is not a guarantee—it is the maximum a court can provide." *Id.* at *12. Thus, "the broader and deeper the remedy the plaintiff wants, the stronger the plaintiff's story needs to be." *Id.* (citation modified).

Focusing on the "plaintiffs before the court" and not "everyone" is especially important because, "[w]hen a federal court enters a universal injunction against the Government, it 'improper[ly] intru[des]' on 'a coordinate branch of the Government' and prevents the Government

from enforcing its policies against nonparties." *Id.* at *14 (quoting *INS v. Legalization Assistance Project of L.A. Cnty. Fed'n of Labor*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers)).

Here, under *CASA*, extending any relief on the PI's appropriations provision beyond the particular AVAC Plaintiffs "to cover all other similarly situated" foreign-assistance funding recipients "would not render" the relief to those particular plaintiffs "any more complete." *See* 2025 WL 1773631 at *11. Hence, any "enforcement" relief as to the appropriations provision, such as the relief AVAC Plaintiffs have sought, would necessarily be confined to the three funding recipients who filed the instant suit, whereas the Court would "lack authority to issue" broader equitable "relief that extended beyond the parties." *See id.* at *7, 13.

Dated: July 1, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar No. 978017)
Senior Counsel
Joshua N. Schopf
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: Indraneel.Sur@usdoj.gov

*Counsel for Defendants*