UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., | ) ) ) ) |
| *Plaintiffs*, | ) ) Civil Action No. 25-cv-400 |
| v. | ) ) ) |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) |
| *Defendants*. | ) ) |

**REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL THE ADMINISTRATIVE RECORD**

On June 3, when Defendants filed their first motion to dismiss, they violated the Local Rules in two ways: They filed an 88-page motion, ECF 95—nearly twice the number of pages allowed by Local Rule 47(e)—without obtaining leave of Court. And they did not file the certified list of the administrative record as required by Local Rule 7(n)(1)—again without obtaining leave of Court. As to the administrative record, their motion asserted that they could not comply or, in the alternative, that they should not have to. *Id.* at 87–88. Following the Court's order striking the overlength motion to dismiss, and in advance of Defendants' filing a new motion, Plaintiffs emailed Defendants about compliance with Rule 7(n)(1). Again, however, when Defendants filed their amended motion to dismiss, they chose not comply with Rule 7(n)(1), asserting that the Rule either does not apply or should not be enforced.

Plaintiffs' motion to compel production of the administrative record should be granted. The relief that Plaintiffs seek in this case is time-sensitive, as recognized in this Court's temporary restraining order and order granting a preliminary injunction. Plaintiffs' work and the lives of the

1

people who rely on that work remain at risk until final judgment is entered in Plaintiffs' favor. Compliance with Rule 7(n)(1) would have advanced resolution of Defendants' motion to dismiss and, just as importantly, Plaintiffs' ability to proceed expeditiously to summary judgment to obtain a final resolution of this case. Because it is too late for Defendants now to comply with the timing required by Rule 7(n)(1), the Court should set a deadline for Defendants to produce the record.

**A.** To start, Defendants' reading of Rule 7(n)(1)—to require a certified index of the administrative record only when Defendants cite to the administrative record in a dispositive motion, Opp. at 4—is unsupported by the Rule's text. Rule 7(n)(1) unequivocally directs that the government take a specific action ("file a certified list of the contents of the administrative record") on a specific timeframe ("simultaneously with the filing of a dispositive motion"). Defendants' assertion is also contradicted by the fact that the Rule also requires filing of the certified index "within 30 days following service of the answer to the complaint," regardless of whether any dispositive motion is on file at that time.

Defendants' observation that the Rule also requires the parties to later file with the district court an appendix containing copies of the portions of the administrative record "cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion," Opp. at 4, does not undercut the plain meaning of the Rule's first sentence. There is, in short, no textual basis for the reading of Rule 7(n)(1) that Defendants urge.

**B.** As Plaintiffs acknowledged in their motion, courts may waive compliance with the Rule. *See* Pls.' Mot. to Compel at 2. Defendants argue that the Court should do so here because the Court may adjudicate their *jurisdictional* arguments without the administrative record. *See* Opp. at 6–7 (citing cases). In making that argument, though, they ignore that their motion is not cabined to jurisdictional arguments—arguments that, in any case, the Court has already determined are

2

unlikely to succeed. ECF 60 at 15–20. Rather, Defendants also move under Federal Rule of Civil Procedure Rule 12(b)(6) for dismissal of Plaintiffs' Administrative Procedure Act (APA) claims, including claims that Defendants acted arbitrarily and capriciously. *See Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010) (determining that while production of the administrative record may not be necessary for the court's evaluation of threshold jurisdictional matters, it could not decide a motion to dismiss an APA claim without the administrative record).

Arbitrary and capricious review necessarily entails "confirm[ation] that the agency has fulfilled its duty to examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Ark Initiative v. Tidwell*, 816 F.3d 119, 127 (D.C. Cir. 2016) (internal quotation marks omitted) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)); *see Swedish Am. Hosp.*, 691 F. Supp. 2d at 88 ("Without the administrative record, the court is unable to perform this function."). And indeed, Defendants purport to offer an explanation for their decision to mass terminate foreign assistance awards through the statement of a former Administration official and that statement's references to documents on which the decision was purportedly based—documents detailing the supposed "rigorous multi-level review process that began with spreadsheets including each contract, grant, or funding instrument where each line of the spreadsheeting reflected one such agreement and included information about the recipient, the amount of the award, the subject matter, and a description of the project that often included the location of the project." ECF 101 at 45 (quoting 2/25 Marocco Decl. ¶ 5). In short, the arguments that Defendants "raise[] in [their] Motion to Dismiss rely, at least in part, upon the Administrative Record. Accordingly, the Government must produce the Record in order to allow Plaintiff to rely

upon it as well as to enable the Court to evaluate the strength of both Parties' arguments." *Vargus v. McHugh*, 87 F. Supp. 3d 298, 302 (D.D.C. 2015).

Trying to fit within the cases that waive compliance with Rule 7(n)(1) (and undercutting their own motion to dismiss), Defendants concede that the statement in the Marocco declaration on which they rely is not incorporated in Plaintiffs' amended complaint, and that, "[t]o be sure," the Court "would not consider" it in evaluating the Motion to Dismiss. Opp. at 8. This disclaimer of the evidence that forms the crux of Defendants' argument for dismissal of Plaintiffs' APA claim of arbitrary and capricious agency action underscores that the claim cannot be adjudicated without examination of the administrative record. And while Defendants are correct that the Court should deny Defendants' Rule 12(b)(6) motion if it determines that materials outside the pleadings are needed to evaluate the claim, *see* Opp. at 1, that point does not obviate the need for the record. Instead, once the Court has denied Defendants' motion, the claim will need to proceed to judgment, and the record is needed to enable all parties to prepare summary judgment motions in this grave and time-sensitive matter. *See* Daniella Medeiros Cavalcanti, et al., *Evaluating the impact of two decades of USAID interventions and projecting the effects of defunding on mortality up to 2030*, The Lancet (Jun. 30, 2025) (concluding that Defendants' actions will result in more than 2.4 million additional deaths each year, with 14 million additional deaths by 2030).

**C.** Defendants also assert that no record exists because there is no discrete agency action in Plaintiffs' challenge to the mass termination of foreign assistance awards. Opp. at 6. They do not respond, though, to Plaintiffs' point that terminations are "final dispositions"—paradigmatic discrete agency action under the APA. 5 U.S.C. § 551(6); Pls.' Mot. to Compel at 4–5. And to the extent Defendants argue that the scope of the administrative record is in dispute because the mass terminations were the product of multiple, discrete individualized assessments—each with its own

4

administrative record—Defendants have now disclaimed reliance on the Marocco Declaration, *see* Opp. at 8, which was the only support they offered for their contention that Plaintiffs' allegation to the contrary is implausible. *See* Mot. to Dismiss at 45. Moreover, whether Plaintiffs or Defendants are right on this factual point, the answer lies in the administrative record.

**D.** Finally, Defendants are wrong to suggest that Plaintiffs argue that the administrative record "would necessarily include the predecisional material and deliberative recommendations that resulted" in the termination decisions. Opp. at 9. The administrative record would, however, include an "explanation" for the actions undertaken that would enable the Court to ascertain whether there is a "rational connection between the facts found and the choice made" to terminate the vast majority of foreign assistance awards. *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43 (internal citation and quotation marks omitted). No more, and no less, is required to evaluate whether Defendants' actions were arbitrary and capricious.

## CONCLUSION

Plaintiffs' motion to compel production of the administrative record should be granted and the Court should set a deadline for production of the record.

Dated: July 3, 2025                            Respectfully submitted,

/s/ Lauren E. Bateman
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Nicolas A. Sansone (D.C. Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*