**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————— )
                                                                )
AIDS VACCINE ADVOCACY                   )
COALITION, et al.,                                    )
                                                                )
                            *Plaintiffs*,                    )         Civil Action No. 25-cv-400
                                                                )
            v.                                                 )
                                                                )
UNITED STATES DEPARTMENT           )
OF STATE, et al.,                                     )
                                                                )
                            *Defendants*.                 )
———————————————————— )

**RESPONSE TO DEFENDANTS' NOTICE
OF SUPPLEMENTAL AUTHORITY**

As Defendants acknowledge, ECF 110 at 3, the Supreme Court's order granting a stay in

*Trump v. CASA, Inc.*, No. 24A844, 2025 WL 1773631 (U.S. June 27, 2025), does not impact this

Court's equitable authority to enforce its preliminary injunction with respect to Plaintiffs. Indeed,

Defendants have acknowledged in briefing before the D.C. Circuit that "an order as to programs

or funds for which [Plaintiffs] are willing and able to compete" would fall within the proper scope

of this Court's remedial powers. Appellants' Br. at 63, *Global Health Council v. Trump*, No. 25-

5097 (D.C. Cir 2025); *see CASA*, 2025 WL 1773631, at *10 (affirming "the principle that a court

of equity may fashion a remedy that awards complete relief" and observing that this principle "has

deep roots in equity").

Given the range of programs and funds for which Plaintiffs AIDS Vaccine Advocacy

Coalition (AVAC), the Journalism Development Network (JDN), and the Center for Victims of

Torture (CVT) are willing and able to compete, this Court should enforce the impoundment portion

of the preliminary injunction, at minimum, with respect to the following appropriations:

1

- Approximately $4.3 billion to the Department of State "for the prevention, treatment, and control of, and research on, HIV/AIDS." Fifth Decl. of Mitchell Warren, ¶ 2; Further Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, div. F, tit. III, 138 Stat. at 742 (appropriating $6.045 billion for these purposes, and excluding funds earmarked for purposes other than foreign assistance programming).

- Approximately $330 million to USAID for global health programs related to HIV/AIDS. Warren Decl., ¶ 2; Pub. L. No. 118-47, Sec. 4, 138 Stat. at 461 (explaining the effect of the March 22, 2024, explanatory statement of the chair of the Committee on Appropriations with regard to allocation of funds under the Act); Explanatory Statement Submitted by Chair of House Appropriations Committee Regarding the Further Consolidated Appropriations Act of 2024, 170 Cong. Rec. H1501, H2087 (Mar. 22, 2024) (stating that federal agencies are directed to comply with the explanatory statement), *available at* https://tinyurl.com/bwxm7uz5; *id.* at H2090 (authorizing $330 million).

- $12 million to USAID for development assistance global programs related to victims of torture. Decl. of Scott Roehm, ¶ 2; 170 Cong. Rec. at H2091.

- $3 million to USAID for global programs related to atrocities prevention. Roehm Decl., ¶ 2; 170 Cong. Rec. at H2091.

- $15 million to USAID for the Leahy War Victims Fund. Roehm Decl., ¶ 2; 170 Cong. Rec. at H2091.

- $8 million to USAID for programs in Burma involving accountability and justice for Rohingya and for atrocity prevention and accountability, including the documentation and preservation of evidence, and transitional justice programs. Roehm Decl., ¶ 2; 170 Cong. Rec. at H2091.

- $5 million to USAID for conflict and stabilization programs. Roehm Decl., ¶ 2; 170 Cong. Rec. at H2091.

- Approximately $770 million to USAID for assistance for Europe, Eurasia, and Central Asia. Fifth Decl. of Andrew Sullivan, ¶ 2; 170 Cong. Rec. at H2091.

- $25 million to the Department of State for International Narcotics Control and Law Enforcement programs to fight corruption. Sullivan Decl., ¶ 2; 70 Cong. Rec. at H2091.

- $89.5 million to the Department of State for International Narcotics Control and Law Enforcement programs to combat trafficking in persons. Roehm Decl., ¶ 2; 170 Cong. Rec. at H2091.

- Approximately $6.3 billion to the Department of State for refugee and entrant assistance. Roehm Decl., ¶ 2; Pub. L. No. 118-47, div. D, tit. II, 138 Stat. at 664.

- $140 million for programs funded by USAID's Bureau for Democracy, Human Rights, and Governance. Sullivan Decl., ¶ 2; 170 Cong. Rec. at H2091.

- Approximately $117 million in funding to the Department of State's Bureau of Democracy, Human Rights, and Labor for democracy programs, including: $92.5 million for country- and region-specific programming, $1.4 million for programs countering transnational repression, and $19.6 million for the Human Rights Defenders fund. Roehm Decl., ¶ 2; 170 Cong. Rec. at H2094.

- Approximately $110.75 million in funding to the Department of State and USAID for programs promoting global internet freedom. Roehm Decl., ¶ 2; 170 Cong. Rec. at H2097.

Plaintiffs in *Global Health Council v. Trump*, No. 25-cv-402, likewise are willing and able to compete for a vast array of foreign assistance programming. *See* Appellees' Br. at 58–62, *Global Health Council v. Trump*, Nos. 25-5097, 25-5098 (D.C. Cir. 2025).

Further, the Supreme Court made clear that nothing in the *Trump v. CASA* opinion "resolves the distinct question whether the Administrative Procedure Act (APA) authorizes federal courts to vacate federal agency action." 2025 WL 1773631, at *8 n. 10. As this Court had held, Plaintiffs' APA claims challenging the Executive Order and implementing directives as contrary to law "are likely to succeed … for the same reasons Plaintiffs' separation of powers claims … are likely to succeed." ECF 60 at 29 n. 12. Therefore, when this Court enters permanent relief, it may do so by vacating the final agency action impounding foreign assistance funds.

Dated:  July 7, 2025                            Respectfully submitted,

                                                /s/ Nicolas A. Sansone
                                                Nicolas A. Sansone (D.C. Bar No. 1686810)
                                                Lauren E. Bateman (D.C. Bar No. 1047285)
                                                Allison M. Zieve (D.C. Bar No. 424786)
                                                Public Citizen Litigation Group
                                                1600 20th Street NW
                                                Washington, DC 20009
                                                (202) 588-1000

                                                *Counsel for Plaintiffs*