UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action No. 25-cv-400 |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) | |
| *Defendants*. | ) ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE ADMINISTRATIVE RECORD**

This case challenges the government's ongoing impoundment of foreign assistance funds: a course of conduct that is daily causing "dire humanitarian consequences" and "devastat[ion]" for "businesses and programs across the country," as this Court has observed and the government has never disputed. ECF 60 at 43. On June 12, the government moved to dismiss without complying with Local Civil Rule 7(n)'s requirement that it simultaneously produce the administrative record. ECF 101. Plaintiffs moved to compel production of the record, ECF 103, and the government opposed, arguing that this Court should "stay" Rule 7(n)'s requirements until after resolution of the motion to dismiss, ECF 107 at 1. At the request of the plaintiffs in a related case, *Global Health Council v. Trump*, No. 25-402 (*GHC*), this Court has now entered a minute order holding the briefing schedule on the motion to dismiss in abeyance. Given this development, and the mounting

1

humanitarian toll of the government's actions, Plaintiffs submit this supplemental memorandum in support of their motion to compel production of the administrative record.

**A.** Prior to yesterday's minute order, the government's motion to dismiss was due to be fully briefed by July 24. Now, briefing is stayed pending the D.C. Circuit's ruling in the government's appeal of one aspect of a preliminary injunction that this Court entered after concluding that the government had likely violated constitutional separation of powers principles. *See* ECF 60 at 29–38. Although the government has requested that the D.C. Circuit issue a ruling by August 15, the court of appeals is not bound to do so. When it does rule, briefing on the motion to dismiss will not resume immediately, but rather according to a "new briefing schedule" that the parties submit following the D.C. Circuit's ruling. Minute Order, July 15, 2025.

Unless the government produces the administrative record in the interim, Plaintiffs will be unable to move forward in preparing a motion for summary judgment seeking final relief in this case as rapidly as the humanitarian circumstances demand. Among Plaintiffs' claims is a claim that the government's actions are arbitrary and capricious in violation of the Administrative Procedure Act (APA). The administrative record is "necessary for the court's decision" on this issue. *Sharifymoghaddam v. Blinken*, 2023 WL 8047007, at *3 (D.D.C. Nov. 17, 2023) (citation omitted); *see Vassiliades v. Rubio*, 2025 WL 1905654, at *12 (D.D.C. July 10, 2025) (ruling that, because the defendants had not produced the administrative record, the court could not properly evaluate the claim that the defendants acted arbitrarily and capriciously); *Narragansett Indian Tribe ex rel. Narragansett Indian Tribal Historic Pres. Off. v. Nason*, 2020 WL 4201633, at *4 (D.D.C. July 22, 2020) (denying motion to dismiss because "Defendant's arguments about the highly deferential review of agency action under the APA, while correct, are premature given that the Court does not have the administrative record"); *Hamal v. DHS*, 2020 WL 2934954, at *4

(D.D.C. June 3, 2020) (stating that, "without fully reviewing the entire administrative record, it would be premature to declare that the agency acted reasonably"); *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010) (stating that, "[w]ithout the administrative record, the court is unable" to assess whether agency action is arbitrary and capricious).

**B.** The outcome of the pending D.C. Circuit appeal will have no bearing on Plaintiffs' arbitrary-and-capricious claim under the APA—and thus no bearing on whether or when the government should produce the administrative record. The appeal concerns this Court's determination that the government's mass termination of foreign assistance awards and resulting impoundment of congressionally appropriated funds likely violated the separation of powers. *See* ECF 60 at 29–38. Although the Court separately held that the government's implementation of an initial 90-day freeze on foreign assistance disbursements was arbitrary and capricious under the APA, that aspect of the Court's ruling is not at issue on appeal. Moreover, that holding did not extend to the mass terminations because the Court concluded that Plaintiffs had not shown that they "resulted from the same agency action [Plaintiffs] challenge[d]" in their original complaint, *i.e.*, from the 90-day freeze. *Id.* at 24. The First Amended Complaint, however, directly challenges the mass termination campaign as arbitrary and capricious agency action. *See* ECF 86 ¶¶ 82–84; ECF 60 at 27 n.11 (recognizing that Plaintiffs "may be able to formulate some new challenge to … these … terminations … in an APA claim premised on the relevant action"). That challenge,

3

on which the Court has not yet opined, will not be affected by the resolution of the government's appeal of this Court's preliminary resolution of a different claim rooted in a different legal theory.

There is accordingly no reason to await the D.C. Circuit's ruling before ordering the government to produce the administrative record that is necessary for resolution of the First Amended Complaint's arbitrary-and-capricious claim.

**C.** Although the government has moved for dismissal of the claim that the mass termination was arbitrary and capricious, the government's arguments lack merit, as Plaintiffs' opposition brief will demonstrate. For example, the government repeats its argument that the Tucker Act divests this Court of jurisdiction, but this Court has already found that argument "unpersuasive for several reasons." ECF 60 at 14. Further, on the merits of the claim, the government's arguments rely heavily on a declaration, *see* ECF 101 at 45, that the government concedes is not properly considered in connection with its motion. *See* ECF 107 at 8 (conceding that this Court should "not consider that particular declaration for purposes of assessing the facial plausibility" of the First Amended Complaint). Moreover, the complaint's allegations that the government acted arbitrarily when it terminated the vast majority of the foreign assistance awards administered by the U.S. Agency for International Development and the U.S. Department of State—more than 9,000 of them—over the course of mere weeks "via form letters that included little-to-no reasoning," and without performing any "meaningful review," ECF 86 ¶¶ 7, 55–58, easily satisfies the plausibility standard that governs at the motion-to-dismiss stage.

**D.** Finally, postponing production of the administrative record until after resolution of the motion to dismiss raises an additional concern in light of the coordination of the filing deadlines in this case and *GHC*. Already, requests for an extension and then for abeyance in *GHC* have delayed resolution of the motion to dismiss and, thus, production of the administrative record. *See*

*GHC*, ECF 95 & ECF 104. An order requiring prompt production in the meantime would eliminate the potential for additional prejudice to Plaintiffs caused by the coordination of the schedules for briefing the motion to dismiss in the two cases.

<div align="center">* * *</div>

Every day that Defendants continue their unlawful course of impounding foreign assistance funds invites hunger, suffering, disease, and death, as well as inflicting grave harm on Plaintiffs. Particularly in light of the order holding the briefing schedule on the government's motion to dismiss in abeyance, this Court should order Defendants to produce the administrative record without further delay to enable Plaintiffs to proceed with their affirmative case.

## CONCLUSION

Plaintiffs' motion to compel production of the administrative record should be granted.

Dated: July 16, 2025                                       Respectfully submitted,

<div style="margin-left: 50%;">

/s/ Nicolas A. Sansone
Nicolas A. Sansone (D.C. Bar No. 1686810)
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

</div>