IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLOBAL HEALTH COUNCIL, *et al.*,

    *Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

    *Defendants*.

Civil Action No. 25-cv-402 (AHA)

**SUPPLEMENTAL BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION**

Jeremy Lewin is, as of July 11, 2025, performing the duties of Under Secretary for Foreign Assistance, Humanitarian Affairs and Religious Freedom (F) at the State Department, and the United States Agency for International Development (USAID) Deputy Administrator.[1] Previously, he served as the Director of Foreign Assistance at State, and he performed the duties and functions of Deputy Administrator and Chief Operating Officer of USAID. 6/30 Lewin Decl. ¶ 2 (Doc. 99-1). In opposition to GHC Plaintiffs' motion to enforce the preliminary injunction, Defendants offered Mr. Lewin's declaration to explain certain aspects of State and USAID contract and grants and pertinent timelines for obligating funds.

Citing that declaration in its discussion, the Order of July 21, 2025 declined to require Defendants to submit the obligation plan GHC Plaintiffs sought, and also provided opportunity for Defendants to file the instant supplemental brief to further explain why GHC Plaintiffs' effort to exploit Mr. Lewin's declaration as grounds for an expedited deposition is properly rejected. Doc. 107 at 4-6, 9. The request to take the deposition of Mr. Lewin is improper at this stage because

---

[1] U.S. Dep't of State, Biographies—Jeremy P. Lewin, *at* https://www.state.gov/biographies/jeremy-p-lewin (last accessed July 23, 2025).

1

GHC Plaintiffs do not even attempt to satisfy the requirements for such a burdensome measure in aid of their request, which the Court has denied, for an obligation plan.

The precedent is clear: "[T]op executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *See Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985) (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941), and directing district court to "remain mindful of the requirement that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted"). Compelling the testimony of high-ranking government officials is justified only in "extraordinary instances." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977). "A district court commits a 'clear abuse of discretion' when it compels apex testimony absent extraordinary circumstances." *In re Paxton*, 60 F.4th 252, 258 (5th Cir. 2023) (quoting *In re FDIC*, 58 F.3d 1055, 1062 (5th Cir. 1995)); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 701 (9th Cir. 2022) (collecting cases); *see also In re Clinton*, 973 F.3d 106, 112-13 (D.C. Cir. 2020) (noting burdens of depositions).[2]

Under the so-called "apex doctrine" *Simplex Time* applied, a "high ranking government official[]" is "generally not subject to deposition[]," *Alexander v. FBI*, 186 F.R.D. 1, 4 (D.D.C. 1998), where the deposition proponent has not shown that (1) the official has "unique personal knowledge" pertinent to the request, *Cmty. Fed. Sav. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 96 F.R.D. 619, 621-22 (D.D.C. 1983), and also (2) the information is unavailable through less intrusive means, such as interrogatories, *Alexander*, 186 F.R.D. at 5; *see also In re Cheney*, 544

---

[2] *Cf. In re Dep't of Com.*, 139 S. Ct. 16, 17 (2018) (mem.) (opinion of Gorsuch, J., joined by Thomas, J.) (agreeing with order staying deposition of Secretary of Commerce, while concluding that the Court should have gone further to limit depositions and other extra-record discovery because any "extraordinary claim of bad faith against a coordinate branch of government requires an extraordinary justification").

F.3d 311, 314 (D.C. Cir. 2008) ("The duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere."). Courts in this District have recognized the important functions of the doctrine are to: (1) "protect the integrity and independence of the government's decision-making processes[;]" (2) "permit high-ranking government officials to perform their official tasks without disruption or diversion[;]" and (3) "limit indiscriminate depositions that would discourage individuals from accepting positions as public servants[.]" *See Husayn v. Austin*, No. 08-cv-1360, 2024 WL 4443740, at *26 (D.D.C. Oct. 8, 2024) (citations modified); *see also United States v. Newman*, 531 F. Supp. 3d 181, 188 (D.D.C. 2021); *FDIC v. Galan-Alvarez*, No. 15-mc-752, 2015 WL 5602342 at *3-4 (D.D.C. Sept. 4, 2015).

At the outset, Mr. Lewin's current and previous roles and functions qualify him as a "high-ranking executive officer[]" subject to the apex doctrine. *In re Cheney*, 544 F.3d at 314. "While there is no definitive line," courts have applied the apex doctrine to officials subject to supervision by cabinet-level officers and other officials reporting to the President. *See Newman*, 531 F. Supp. 3d at 188-89 (noting *Low v. Whitman*, 207 F.R.D. 9, 12 (D.D.C. 2002), applied apex doctrine to Deputy Chief of Staff of Environmental Protection Agency); *accord In re Murthy*, No. 22-30697, Order, at 2-3 (5th Cir. Nov. 21, 2022) (per curiam) (applying doctrine to Deputy Assistant to President "two levels removed from the chief executive"); *NEC Corp. v. United States*, 151 F.3d 1361, 1364, 1375 (Fed. Cir. 1998) (applying doctrine to Under Secretary for International Trade at Department of Commerce, and limiting evidence from him to "written interrogatories"); *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 321 (D.N.J. 2009) (applying doctrine to EPA Regional Administrator for Region 2, who "reports directly to the EPA Administrator, who in turn reports directly to the President of the United States"); *Church of Scientology of Boston v. IRS*,

3

138 F.R.D. 9, 12 (D. Mass. 1990) (applying doctrine to director of Exempt Organizations Technical Division, National Office of the Internal Revenue Service).  In that regard, Mr. Lewin is a key deputy to Secretary of State Marco Rubio, who is Acting Administrator of USAID.  As in Mr. Lewin's previous role, he is, among other things, "overseeing" USAID's "day-to-day activities," and "helping to manage the policy process for" State's "reorganization, as well as the realignment of certain USAID functions and programs to State."  *See* 6/30 Lewin Decl. ¶ 2.

GHC Plaintiffs have made no effort to comply with the apex doctrine by establishing that they seek information unavailable from other sources or through less intrusive means, such as interrogatories directed to Defendants.  *See Newman*, 531 F. Supp. 3d at 190 (even if former high-ranking official "may" have had information about event, proponent "failed to demonstrate that information regarding" event "could not be obtained elsewhere"); *see also Alexander*, 186 F.R.D. at 5.  Here, Mr. Lewin's statements about State and USAID contract and grant processes do not reflect unique personal knowledge, rather than knowledge also held by others in the agencies.  *See Galan-Alvarez*, 2015 WL 5602342 at *5 (former FDIC chair's meeting attendance and request for staff briefings did not "demonstrate that any knowledge she gained of the [pertinent] project was unique").  On a proper showing consistent with Federal Rule of Civil Procedure 26, GHC Plaintiffs would ordinarily be able to obtain such information from other agency officials through such means as interrogatories directed to Defendants or a Rule 30(b)(6) deposition.  *See Cmty. Fed. Sav. & Loan Ass'n.*, 96 F.R.D. at 621-22.  But for now, GHC Plaintiffs have not even attempted to comply with Rule 26 by demonstrating that discovery concerning any provision of the preliminary injunction would be "proportional to" current "needs."  Given that "discretion to order discovery, although broad, is clearly cabined by Rule 26(b)(1)'s general requirements, which allow parties to discover 'any nonprivileged matter that is relevant to [a] claim or defense and

4

proportional to the needs of the case,'" *see In re Clinton*, 973 F.3d at 114 (quoting, *inter alia*, Fed. R. Civ. P. 26(b)(1)) (citations modified)), there is no basis even for such alternative discovery (let alone for a deposition under the apex doctrine) at this juncture.

For example, GHC Plaintiffs have not even met the standard for a less-intrusive Rule 30(b)(6) deposition. "Rule 30(b)(6) requires an organization to identify a person knowledgeable on a noticed topic and to prepare that person to testify as to that topic, thus binding the entity." *Prasad v. George Washington Univ.*, 325 F.R.D. 1, 6 (D.D.C. 2018). For Defendants to offer and prepare a witness to give binding testimony on their behalf would be a considerable undertaking. Indeed, Rule 30(b)(6) depositions "provide[] the organization's adversary with a very effective device for procuring information and also can impose considerable burdens on the opposing party." 8A *Fed. Prac. & Proc. Civ.* § 2103 (3d ed.). Given this burden, courts often require a litigant seeking a 30(b)(6) deposition to attempt other means to obtain information (such as contention interrogatories) before authorizing a 30(b)(6) deposition. *Id.*

Importantly, requiring GHC Plaintiffs to satisfy the apex doctrine would fulfill the recognized functions of the doctrine. *See Husayn*, 2024 WL 4443740, at *26. Mr. Lewin explained that there are numerous regulatory provisions, including but not limited to particular provisions he cited, that State and USAID could use to achieve "acceleration of contracting and grant-making processes" so as to "obligate foreign assistance funds that would otherwise expire on September 30, 2025" if the D.C. Circuit decides the pending appeal from this Court's preliminary injunction by the date requested, August 15, 2025. 6/30 Lewin Decl. ¶¶ 10-19. But as this Court noted, the D.C. Circuit decision is pending "on an expedited basis" (Doc. 107 at 5), so State and USAID's exploration of recommendations and proposals concerning such "acceleration" is necessarily contingent on appellate proceedings. Moreover, what information

5

Mr. Lewin has beyond the contents of his declaration would logically fall within the deliberative-process privilege almost by definition, as internal executive-branch recommendations are inherently "pre-decisional" and "deliberative." *See United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) ("[T]he deliberative process privilege shields from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'") (citation modified); Opp to GHC Mot. to Enf. 15-18 (Doc. 99).

Given that limitation, it would be burdensome and of little practical value to require Mr. Lewin to now sit for a deposition and to invoke the deliberative-process privilege on a question-by-question basis. *Cheney v. United States Dist. Ct.*, 542 U.S. 367 (2004), is instructive. It teaches that compelling the Executive Office of the President to assert privileges "line by line" itself imposes an unconstitutional burden. *Id.* at 388-389. Such assertions of privilege set the Executive and Judicial Branches on a course for "constitutional confrontation," which is all the more reason to avoid discovery, not to grant it. *Id.* at 389 (citation modified). Similarly, here, "separation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications." *U.S DOGE Serv. v. CREW*, 145 S. Ct. 1981, 1982 (2025) (mem.).

*In re Cheney*, on which GHC Plaintiffs rely (Reply 14) (Doc. 101), is not to the contrary. The declaration at issue there "den[ied] as a factual matter, that" the Office of the Vice President "employs any narrowing construction" of the Presidential Records Act, 44 U.S.C. §§ 2201 *et seq.*, whose then-ongoing implementation was in dispute. 544 F.3d at 312. That Office's declarant, the D.C. Circuit reasoned, "would seem more logically suited to clearing up lingering questions regarding her own affidavits," instead rejecting the plaintiffs' bid for a more intrusive deposition

6

of a higher-ranking official (the Vice President's chief of staff). *Id.* at 314. Here, GHC Plaintiffs have declined to specify actual "lingering questions" about Mr. Lewin's declaration, and it concerns recommendations and proposals rather than an ongoing "construction" of a statute reflected in "policies" an agency "actually practices," which the D.C. Circuit regarded as a "factual matter." *In re Cheney*, 544 F.3d at 312.

For its part, GHC Plaintiffs' pseudonymous declaration from "Zahra Doe" (Doc. 101-1), espouses disagreement with statements in Mr. Lewin's declaration, but such attempted disagreement does not furnish a valid basis for allowing a deposition at this stage of the suit. To be sure, "Zahra Doe" repeatedly states that based on her unspecified "experience," she is in disagreement with Mr. Lewin about whether certain regulations have in the past been applied to accelerate contract and grant processes at USAID. *See* 2d Zahra Doe Decl. ¶¶ 24-30. But if all a private litigant had to do to obtain a deposition of a high-ranking government official was to offer an agency subordinate's attestation that the subordinate disagreed with the responsible official on various points, then the "extraordinary circumstances" requirement for apex depositions under *Simplex Time* would be easily nullified.

In sum, the Court should deny GHC Plaintiffs' request for a deposition of Mr. Lewin because they have not shown that extraordinary circumstances warrant that course in aid of their request, which the Court has denied, for an obligation plan. Insofar as the Court finds that factual questions remain open for purposes of the motions to enforce, the proper step would be at most to order GHC Plaintiffs to serve Defendants with interrogatories focused on those questions.

Dated: July 23, 2025                                  Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar 978017)
Senior Counsel
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*