UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action No. 25-cv-400 |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) | |
| *Defendants*. | ) ) | |

**RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL STAY OF PRELIMINARY INJUNCTION**

On August 13, 2025, a divided panel of the D.C. Circuit held that Plaintiffs lacked a cause of action to challenge the unlawful impoundment of congressionally appropriated funds. *Global Health Council v. Trump*, No. 25-5097, -- F.4th --, 2025 WL 2326021 (D.C. Cir. Aug. 13, 2025). Perhaps anticipating the extraordinary significance of its ruling, the D.C. Circuit also ordered, on its own motion, that the Clerk withhold issuance of the mandate until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. Two days later, Plaintiffs filed a petition for rehearing en banc and an emergency motion seeking to stay the panel's judgment pending resolution of the petition for rehearing. That same evening, the D.C. Circuit ordered Defendants to respond to both the petition and the emergency motion by August 20, 2025.

Also that evening, Defendants moved this Court for a stay of the portion of the preliminary injunction, issued on March 10, 2025, that enjoined Defendants from "unlawfully impounding congressionally appropriated foreign aid funds" and directed them to "make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in

1

the Further Consolidated Appropriations Act of 2024." ECF 60 at 48. As the D.C. Circuit was aware when deciding to withhold the mandate, and as Defendants have maintained in this Court, Decl. of Jeremy Lewin, ECF 106-1 at ¶ 7, Defendants must begin to undertake the process of obligating funds by August 15 in order to comply with the injunction before many of the funds expire on September 30. In the five months since the injunction issued, Defendants neither sought a stay nor identified anything they have done to initiate the process that they claim is necessary to comply. Now, they seek this Court's approval to avoid taking the steps toward compliance that they should have been taking all along and that, by Defendants' own account, are necessary to take *now* in order to comply with the injunction in the event that the en banc D.C. Circuit grants review and upholds the challenged provision of the preliminary injunction. The likelihood of en banc review is high, given the importance of the issues and the dubious reasoning of the panel opinion, and the D.C. Circuit is best positioned to determine whether Defendants must continue to comply with the injunction while Plaintiffs' petition for review is being considered.

This Court should deny Defendants' request to disrupt the orderly adjudication of this issue and to reward the bad faith they have shown by refusing to even *begin* the process of compliance until it is too late and a permanent, unlawful impoundment is a *fait accompli*.

## ARGUMENT

Defendants bear the burden of demonstrating that a stay is an appropriate exercise of judicial discretion. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). They have not done so here.

As a preliminary matter, it makes little sense for this Court to grant the requested relief when the D.C. Circuit has directed Defendants to respond by tomorrow afternoon to Plaintiffs' emergency motion to stay the panel's judgment pending rehearing en banc and to Plaintiffs' petition for rehearing en banc. For this Court to enter a stay of the preliminary injunction in light

of the panel decision while the full D.C. Circuit is concurrently resolving the question whether Plaintiffs are entitled to stay that decision would thwart the orderly resolution of the issues currently being considered by the D.C. Circuit and likely result in unnecessary additional motions. Defendants' motion should be denied for that reason alone.

To the extent the Court turns to the stay factors, none support Defendants' request. First, Defendants have not made a "strong showing" that they are likely to succeed on the merits. *Nken*, 556 U.S. at 434. Although they claim the panel opinion "logically satisfies" this factor, Mot. 3, the same panel directed the Clerk not to issue the mandate until after resolution of a timely petition for rehearing en banc. The panel, then, contemplated that Defendants would comply with the preliminary injunction unless and until the full D.C. Circuit determined otherwise. And Defendants' point that a published opinion may have precedential weight for *other* cases prior to issuance of the mandate, *id.*, does not explain why the Court should issue a stay in *this* case, in spite of the panel's order withholding the mandate and thus clearly contemplating a strong possibility of en banc review.

In addition to Defendants' failure to show that the en banc Court is likely to deny review, Defendants fail to show that, once review is granted, the en banc Court is likely to conclude that the panel was correct on the merits. Notably, Defendants do not grapple with any of the arguments presented in Plaintiffs' motion to the en banc D.C. Circuit to stay the judgment pending rehearing en banc, which addressed Plaintiffs' likelihood of success on the merits at the en banc stage. *See* Pls.' Emergency Mot. for Stay Pending Rehearing En Banc at 7–20, *Global Health Council v. Trump* and *AIDS Vaccine Advocacy Coalition v. Dep't of State*, Nos. 25-5097, 25-5098 (Aug. 15, 2025).

Second, Defendants have not demonstrated that they would be injured at all, let alone irreparably, by taking necessary steps to comply with the preliminary injunction. *Nken*, 556 at 434. Instead, they argue that "*[i]f* the result [of compliance with the preliminary injunction] is that Defendants must actually enter into obligations with particular awardees, a host of logistical challenges *may* preclude Defendants from later recovery of the related funds once the mandate issues." Mot. 3 (emphases added). This eventuality—contingent, unsubstantiated, and nebulously described—does not demonstrate irreparable injury. *Cf. Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013) (holding that a "highly attenuated chain of possibilities" is insufficient to establish standing). And Defendants' argument that the Court only has authority to grant relief as to Plaintiffs, Mot. 5 (citing *Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2561 (2025)), does not account for the fact that Plaintiffs in both this case and in *Global Health Council v. Trump*, No. 25-cv-402, are willing and able to compete for a vast array of foreign assistance programming, *see generally* Pls.' Resp. to Defs.' Notice of Supp. Authority, ECF 113.

Third, issuance of a stay would "substantially injure" Plaintiffs. *Nken*, 556 U.S. at 434. As Plaintiffs explained in their emergency motion to the D.C. Circuit, if Defendants do not immediately undertake efforts to comply with the preliminary injunction, it will, as a practical matter, become "impossible for Defendants to obligate the full amount of the tens of billions of dollars that remain available before they expire," rendering nugatory any order of the en banc D.C. Circuit vacating the panel opinion and granting review, let alone an order eventually affirming the preliminary injunction. Pls.' Emergency Mot. for Stay Pending Rehearing En Banc at 21–23; *see also* ECF 60 at 38–42 (observing that evidence of "immense irreparable harm" stemming from impoundment has "gone unrebutted by Defendants"). The same would be true if this Court were to stay the preliminary injunction. And Defendants' request for a stay now—after months of

justifying their non-compliance with the preliminary injunction, without at any point seeking a stay from any court, based on the assertion that compliance was possible if they began the process of obligating funds by August 15—is merely an effort to make permanent the impoundment that this Court determined was unlawful and that the en banc D.C. Circuit is likewise likely to determine is unlawful.

Fourth, Defendants' only argument as to the public interest is that the Executive is harmed when it is required to obligate funds, contrary to the President's will. Mot. 5. This argument is "merely a repackaging of their unbridled view of Executive foreign affairs power that has been repeatedly rejected by the Supreme Court," *see* ECF 60 at 43, and ignores that "[t]here is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016). Their argument also ignores unrebutted evidence of the "dire humanitarian consequences" of continued withholding of congressionally appropriated funds. ECF 60 at 43.

## CONCLUSION

Defendants' motion for partial stay should be denied.

Dated: August 19, 2025            Respectfully submitted,

/s/ Lauren E. Bateman
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Nicolas A. Sansone (D.C. Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*