IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**REPLY IN SUPPORT OF MOTION FOR PARTIAL STAY OF PRELIMINARY INJUNCTION PENDING ISSUANCE OF D.C. CIRCUIT MANDATE**

In light of the D.C. Circuit panel opinion, until the mandate of the Court of Appeals issues in the consolidated appeals (Nos. 25-5097 and 25-5098), Defendants should be relieved from the burdens imposed by the appropriations direction in the preliminary injunction. This Court should grant the requested stay, which the traditional four factors support.

Defendants are also seeking a stay from the Court of Appeals today as part of their responses to Plaintiffs' appellate motions. Defs. Resp. in Opp. & Cross-Mot. 2 & n.2 (D.C. Cir. filed Aug. 20, 2025) (Doc. 2131124) (citing Fed. R. App. P. 8.); *see also* Doc. 2131127 (response to *en banc* pet'n).

1

*First*, the D.C. Circuit holding that Plaintiffs lack a cause of action to sustain the preliminary injunction's appropriation directive is binding unless modified by the Court of Appeals *en banc* or by the Supreme Court. Plaintiffs' summaries of their arguments for *en banc* review are unavailing for purposes of the instant motion. GHC Reply 2-4 (GHC Doc. 119); *see* AVAC Reply 3 (AVAC Doc. 130). The binding character of the opinion does not hinge on the timing of the mandate's issuance. *See In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) ("a published decision of this court constitutes binding authority which must be followed unless and until overruled by a body competent to do so.") (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (in turn quoting *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001)) (citation modified); *see also Marin Audubon Soc'y v. FAA*, 129 F.4th 869, 870 n.1 (D.C. Cir. 2025) (citing *Zermeno-Gomez*, 868 F.3d at 1052, and similar cases from the Second, Tenth, and Eleventh Circuits).

*Second*, Plaintiffs downplay the harm from a continuing judicial order, during the pendency of further appellate review, requiring Defendants to "make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs," including funds whose period of availability ends on September 30, 2025. Plaintiffs also repeat their prior misstatements about Defendants' compliance, which Defendants addressed in opposing the June motions to enforce. GHC Doc 99; AVAC Doc. 106. There has been no "refusal to comply with the injunction." GHC Reply 5; *see* AVAC Reply 4-5 (similar misstatement).

The burdens from declining to stay the preliminary injunction are evident from Defendants' submissions. Mem. 3-4 (GHC Doc. 117) (citing Lewin Decl. (June 30, 2025) (GHC Doc. 99-1)). To obligate the funds whose availability ends September 30, 2025, State and USAID would have to, *inter alia*, exercise existing authorities that allow additional agency acceleration of contracting

and grant-making processes. *See, e.g.*, Lewin Decl. ¶¶ 11-12 (GHC Doc. 99-1). But it takes effort to implement such authorities, including to prepare relevant documents. Now that the D.C. Circuit has ruled, this court should not require the time and energy of agency personnel to be dedicated to such tasks on a timetable imposed by Plaintiffs, where Plaintiffs' own prior submissions, which the Court described in granting the preliminary injunction, 770 F. Supp. 3d at 151, illustrate the risk that the Government would "not be able to recoup those funds once expended." *Cf. Sustainability Inst. v. Trump*, No. 25-1575, 2025 WL 158710, at *2 (4th Cir. June 5, 2025) (granting Government's stay application, citing *Dep't of Educ. v. California*, 145 S. Ct. 966, 969 (2025)). Contrary to AVAC Plaintiffs' contention (Reply 4), that risk is not "unsubstantiated."

Plaintiffs also largely fail to grasp that the burdens are magnified by the preliminary injunction's requirement of obligation of funds to nonparties. *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), handed down after the March 10, 2025 preliminary-injunction ruling, makes clear that Congress "has granted federal courts no" power to issue such "universal injunction[s]." *Id.* at 2550. Instead, consistent with the longstanding limits on equitable power that cabin the authority conferred in the Judiciary Act of 1789, federal courts sitting in equity may provide—at most— "complete relief between the parties." *Id.* at 2557 (citation modified). And the relevant "question is not whether an injunction offers complete relief to *everyone* potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*." 145 S. Ct. at 2557.

Contrary to GHC Plaintiffs' contention (GHC Reply 6), those burdens as to nonparties are not mitigated by GHC Plaintiffs' assertion that they "collectively compete for 99% of the funds at issue." Defendants do not understand that assertion to mean that the Plaintiffs before this Court could "compete for" such an overwhelming share of the funds whose period of availability ends

3

September 30, 2025, let alone that Defendants would choose to award the funds to them. The burdens tied to *that* deadline support the instant stay request.

*Third,* GHC Plaintiffs err in asserting that their prior submissions show a stay confined to those funds will cause them "massive irreparable harm." GHC Reply 6-7. On that point, they cite their February 11, 2025 declarations disclosing, as to some Plaintiffs, the percentage of "their business bases" attributed to "USAID funding." GHC Reply 7. But Plaintiffs have not shown what percentage of their business is dependent on funds whose period of availability ends September 30, 2025.

*Fourth,* despite AVAC Plaintiffs' contention (AVAC Reply 5), where, as here, "the [G]overnment is the party sought to be enjoined, the public interest and balance of equities factors merge," *MediNatura, Inc. v. FDA*, 998 F.3d 931, 945 (D.C. Cir. 2021) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

Dated: August 20, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar 978017)
Senior Counsel
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendants*