UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00402 (AHA) |

**Order**

Defendants move to stay part of this Court's preliminary injunction that is currently the subject of a rehearing petition and related stay briefing in the court of appeals. The Court finds that the reasons asserted for a stay conflict with Defendants' litigation decisions in this case, as well as representations that Defendants made to, and were relied on by, the Court. As discussed below, Defendants' claim that they will be irreparably harmed absent a stay is belied by their affirmative proposal that the process of obligating funds begin on August 15, 2025, with the explicit representation to the Court that this proposal was "designed" to account for the "potential for additional review" following a panel decision. Hr'g Tr. at 31 (May 6, 2025). The Court is mindful

that Defendants prevailed before the Circuit panel and may now regret proposing a schedule in which the feasibility of complying with the injunction depends on their continued action pending additional appellate review. But in a circumstance like this—where a party not only declined to seek a stay pending appeal five months ago but also, in the meantime, proposed that the proceedings unfold in the very way they now object to—it would violate basic notions of fair play to grant the equitable relief requested.

In their stay briefing, the parties focus on the usual four factors that courts consider when deciding whether to grant a stay: likelihood of success on the merits, irreparable harm, balance of the equities, and the public interest. *Glob. Health*, ECF No. 117 at 2–5; ECF No. 119 at 2–7; *AIDS Vaccine*, ECF No. 130 at 3–5. As to the first factor, Defendants argue things have changed because they prevailed on appeal before the Circuit panel, which has issued an opinion vacating the relevant part of the Court's preliminary injunction, but withholding issuance of the mandate. *Glob. Health*, ECF No. 117 at 3. Plaintiffs respond that the Circuit is likely to grant en banc review and vacate the panel's decision. *Glob. Health*, ECF No. 119 at 2–4. It is not this Court's role to second-guess the court of appeals, whether it sits as a panel or as a full court. The Court's latest guidance from the Circuit comes from the latter, which directed five days ago that because the mandate has not yet issued, "the preliminary injunction that requires the government to obligate the appropriated funds remains in effect." Order, *Glob. Health Council v. Trump*, No. 25-5097 (D.C. Cir. Aug. 20, 2025) (en banc).

More fundamentally, however, Defendants' arguments that circumstances have changed, that they will be irreparably harmed, and that the equities favor them are belied by their litigation conduct. The Court issued its preliminary injunction more than five months ago on March 10, 2025. Defendants filed a notice of appeal three weeks later, but they elected not to seek a stay of

2

the injunction pending appeal. Instead, Defendants requested a ruling from the Circuit by August 15, 2025, and repeatedly represented this would ensure feasibility to obligate the relevant funds by the September 30, 2025, deadline. *See, e.g.*, Hr'g Tr. at 33 (Defendants' counsel stating that "the historical experience shows that even on the time frame which has been sought from the Court of Appeals, there will be sufficient time to obligate the balances"); *Glob. Health*, ECF No. 99 at 14 (asserting that the agencies "have sufficient time to obligate funds well within the approximately six-week period from August 15, 2025 to September 30, 2025, and could exercise existing authorities that allow additional agency acceleration of contracting and grant-making processes"). In proposing this timeline, Defendants stated they were accounting for not only the time needed for the panel to issue its decision by August 15 but also the time for further review after the panel decision, explaining that it "was designed by the parties to leave room for additional decision making, potential for additional review." Hr'g Tr. at 31; *see also id.* at 32 (stating that "[e]ven later than [August 15] there still would be time to obligate the amount of funds").

Given Defendants' own proposal that it would be feasible to obligate funds between August 15 and September 30 and their acknowledgement that this timeline accounted for further review of the panel decision, they cannot credibly claim irreparable harm from continued compliance in that very circumstance. Defendants suggest that if they "must actually enter into obligations with particular awardees, a host of logistical challenges may preclude Defendants from later recovery of the related funds once the mandate issues." *Glob. Health*, ECF No. 117 at 4. But Plaintiffs have made clear that, at this point, they are simply asking Defendants to "undertake preparations to ensure that *if* the *en banc* court grants the petition or affords other relief from the panel's opinion, then Defendants will be able to obligate the relevant funds before they expire on September 30." *Glob. Health*, ECF No. 119 at 5. Defendants have not shown they will be irreparably harmed by

having to take such preparatory steps—all of which they would have been aware of when they proposed this timeline in which feasibility depends on compliance during further appellate review.[1]

For similar reasons, the equities and the public interest do not weigh in favor of a stay. To the extent there is any "emergency" here, it is one Defendants created through their own strategic choices and, indeed, one that they asked for knowing that the feasibility based on their proposed start date for obligating funds would overlap with further appellate review by a party. Defendants chose not to seek a stay of the preliminary injunction pending their appeal, which would have allowed the Circuit's review and any further review to proceed in full long ago. Defendants also did not attempt to go through the formal rescission process for the funds that expire on September 30, even though they successfully completed that process for other foreign aid funds. And Defendants specifically proposed briefing and a panel decision by August 15, identifying that as the key date to begin obligating funds while also expressly contemplating that a party would seek additional appellate review. Having done so, Defendants cannot now claim to be prejudiced by the appellate process continuing to play out while their obligation to comply with the injunction remains in effect. Given Defendants' litigation decisions and representations, the Court finds the relevant factors weigh strongly against the equitable relief of a stay pending appellate proceedings.

---

[1] Defendants also assert the preliminary injunction is a "'universal injunction' that 'prevents' Defendants from implementing their 'policies against nonparties' (not just Plaintiffs), underscoring the irreparable harm that denial of the requested stay would entail." *Glob. Health*, ECF No. 117 at 5 (quoting *Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2561 (2025)). Again, Defendants have not sought a stay on this basis in the months since *CASA* was decided. And to the extent the scope of the preliminary injunction is what threatens to cause irreparable harm, the proper avenue would be for the Court to address that issue through an indicative ruling stating that the Court would narrow the scope of the injunction as appropriate.

To the extent Defendants remain concerned about practicalities of their proposed timeline in light of ongoing appellate review, the Court notes the existence of Circuit authority discussing a court's equitable power to "simply suspend the operation of a lapse provision and extend the term of already existing budget authority." *City of Houston v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1426 (D.C. Cir. 1994) (quoting *Nat'l Ass'n of Reg'l Councils v. Costle*, 564 F.2d 583, 588 (D.C. Cir. 1977)). The Court has left open, and remains open to, extending the relevant expiration dates in order to accommodate Defendants' needs and ensure that compliance remains feasible. *See Glob. Health*, ECF No. 107 at 7.

For these reasons, Defendants' motion for a partial stay of the preliminary injunction is denied. *Glob. Health*, ECF No. 117; *AIDS Vaccine*, ECF No. 128.

_____
AMIR H. ALI
United States District Judge

Date:   August 25, 2025