UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, et al., | ) ) ) ) |
| *Plaintiffs*, | ) ) Civil Action No. 25-cv-400 |
| v. | ) ) ) |
| UNITED STATES DEPARTMENT OF STATE, et al., | ) ) ) ) |
| *Defendants*. | ) ) |

**MEMORANDUM IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION**

On August 29, 2025, Plaintiffs in *Global Health Council v. Trump* (*GHC*), No. 25-cv-402, submitted a Motion for Temporary Restraining Order, Preliminary Injunction, and Partial Summary Judgment. *GHC* ECF 133. Plaintiffs in this case compete for a subset of the expiring appropriations described in the *GHC* motion, including certain funds identified by Defendants for a "pocket rescission." *Compare AVAC* ECF 113 at 2–3 (listing appropriations for which Plaintiffs compete, including development assistance and Democracy Fund appropriations that appear to be part of the August 28 rescission package, and providing statutory citations); *with GHC* ECF 133-2 (listing appropriations for which plaintiffs in *GHC* compete). To avoid duplicative briefing, Plaintiffs here join *GHC* Plaintiffs' request for preliminary injunctive relief as to the funds for which Plaintiffs compete and join *GHC* Plaintiffs' arguments in support of that request.

Just as the plaintiffs in *GHC* are likely to succeed in their claim under the Administrative Procedure Act (APA) that Defendants acted unlawfully by impounding appropriated funds in violation of appropriations statutes, *see GHC* ECF 133-1 at 11–24; 26–28, Plaintiffs here are likely

1

to succeed in their analogous APA claim. *See AVAC* ECF 86, First Am. Compl. ¶¶ 85–87. Just as the plaintiffs in *GHC* will suffer irreparable harm absent preliminary injunctive relief, *see GHC* ECF 133-1 at 28–30, so too will *AVAC* Plaintiffs. *See* Decl. of Scott Roehm, Exh. A at ¶¶ 17–19, 21 (describing how Plaintiff Center for Victims of Torture was "forced to halt most of its operations, including the provision of mental health and psychosocial services to victims of torture" and immediately furlough or terminate 75% of its staff); *AVAC* ECF 13-2 (Decl. of Mitchell Warren); *AVAC* ECF 13-4 (Decl. of Drew Sullivan); *see also AVAC* ECF 60 at 38–42 (Court's opinion describing irreparable harm). And the analysis as to the remaining equitable factors is identical. *See GHC* ECF 133-1 at 30–31.

## CONCLUSION

For the foregoing reasons and those set forth in the motion of the *GHC* plaintiffs, the Court should grant Plaintiffs' motion for a preliminary injunction.

Dated: September 1, 2025            Respectfully submitted,

/s/ Lauren E. Bateman
Lauren E. Bateman (D.C. Bar No. 1047285)
Allison M. Zieve (D.C. Bar No. 424786)
Nicolas A. Sansone (D.C. Bar No. 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs AVAC, et al.*