**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br>        *Plaintiffs*, <br><br>    v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br>        *Defendants*. | Civil Action No. 25-cv-400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br>        *Plaintiffs*, <br><br>    v. <br><br> DONALD J. TRUMP, *et al.*, <br><br>        *Defendants*. | Civil Action No. 25-cv-402 (AHA) |

**DEFENDANTS' STATUS REPORT UNDER MINUTE ORDER OF MARCH 24, 2025**

1.     Defendants hereby respond to the inquiries in the Court's Minute Order of March 17, 2025, as made applicable through subsequent Minute Orders.

2.     As to processing of payments to foreign assistance funding recipients for work completed prior to February 13, 2025:  As of yesterday, the total number of such payments by Defendants to Plaintiffs processed since September 17, 2025 was 14, and the total number of such payments by Defendants to non-Plaintiffs processed since September 17, 2025 was 1,776.  In sum, Defendants have therefore processed 1,790 payments during the five business days through and including September 24, 2025.

3.      The total number of such payments which remain to be processed for Plaintiffs is 3, and the total number of such payments which remain to be processed for non-Plaintiffs is 1,537. There are therefore approximately 1,500 payments remaining to be processed.

4.      Although USAID has continued to process certain payments made through the payment management system operated by the Department of Health & Human Services (HHS), USAID has not been able to disaggregate HHS-operated payments for work completed prior to February 13, 2025 from HHS-operated payments for work completed later.  Hence, USAID has not reported HHS-operated payments in its count above.

5.      As Defendants have previously explained, they continue to receive or identify additional requests for payment for work completed prior to February 13, 2025.

6.      Defendants have appealed the Court's September 3, 2025, preliminary injunction but are proceeding to obligate approximately $6.5 billion in expiring foreign assistance funds from all appropriations sources, as previously described in their opposition to the preliminary injunction motion.

7.      In response to the Court's Order of September 23, 2025 in No. 25-cv-402, Defendants provide the table attached herewith concerning pertinent expiring funds appropriated in annual appropriations statutes predating the 2024 fiscal year.  In some cases, the funds expiring after September 30 were originally appropriated with a multi-year period of availability ending on September 30.  In other cases, the funds were appropriated with an initial one- or two-year period of availability, which was later extended by four years under section 7011 of the relevant annual appropriations act when the funds were obligated during the original period of availability.  *See, e.g.,* Further Consolidated Appropriations Act of 2020, Pub. L. No. 116-94, div. G, tit. VII, § 7011, 133 Stat. 2534, 2848 (Dec. 20, 2019) (specified funds "shall remain available for an additional 4 years from the date on which the availability of such funds would otherwise have expired, if such

funds are initially obligated before the expiration of their respective periods of availability contained in this Act"). In the latter scenario, the funds are currently available for obligation because they were "deobligated" from a funding mechanism—for example, after the completion of a program.

8. Because the funds that remain available from appropriations acts prior to FY 2024 reflect a small subset of the funds appropriated under those acts, those small amounts do not address most earmarks in the acts. Accordingly, the table is organized by account (including the fiscal year of the original appropriation and the current year of expiration), and states whether the funds were included in the August 28 special message (and are therefore withheld from obligation consistent with the Impoundment Control Act); and whether the funds are potentially tied to an earmark in the relevant appropriations act.

9. Defendants note that, under section 7019 of the annual appropriations acts, the limitations on deviations from the amounts specified in the tables in the Joint Explanatory Statements generally do not apply to funds after their original period of availability has expired. In particular, section 7019(d)(1) provides that sections 7019(a) and 7019(b) shall not apply to "funds for which the initial period of availability has expired." *See, e.g.*, Pub. L. No. 116-94, div. G, tit. VII, § 7019(d)(1), 133 Stat. at 2856. As a result, the table does not address allocations in the Joint Explanatory Statements from prior years (other than the allocations for Global Health Programs).

10. Defendants are making best efforts to obligate all expiring funds that are not included in the President's August 28 special message consistent with the terms of the appropriations (including applicable earmarks) and available authorities. As outlined previously, it is not unusual for some amount of foreign assistance funding to lapse for operational or other reasons. For example, in some cases, the expiring balances reflected in the table include funds that

were "deobligated" in recent days and weeks, which has limited the amount of time for planning

alternative uses.

Dated: September 25, 2025                    Respectfully submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General
                                             Civil Division

                                             YAAKOV M. ROTH
                                             Principal Deputy Assistant Attorney General
                                             Civil Division

                                             ERIC J. HAMILTON
                                             Deputy Assistant Attorney General

                                             ALEXANDER K. HAAS
                                             Director

                                             */s/ Indraneel Sur*
                                             INDRANEEL SUR (D.C. Bar 978017)
                                             Senior Counsel
                                             JOSHUA N. SCHOPF (D.C. Bar 465553)
                                             Trial Attorney
                                             United States Department of Justice
                                             Civil Division, Federal Programs Branch
                                             P.O. Box 883
                                             Washington, D.C. 20044
                                             Phone: (202) 616-8488
                                             Email: indraneel.sur@usdoj.gov

                                             *Counsel for Defendants*