IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-cv-400 (AHA) |

**JOINT STATUS REPORT**

The parties respectfully submit this joint status report pursuant to the Court's order dated January 10, 2026, directing the parties to submit a joint status report within seven days of the D.C. Circuit's disposition of either *AIDS Vaccine Advocacy Coalition v. U.S. Department of State*, No. 25-5317, or *Vera Institute of Justice v. Department of Justice*, No. 25-5248. On February 13, 2026, the government moved to dismiss its appeal in No. 25-5317. The court of appeals granted the motion, dismissed the appeal, and issued its mandate on February 18, 2026.

The parties jointly propose that the stay in this matter remain in effect pending the D.C. Circuit's resolution of the appeal in *Vera Institute*. As the parties explained in their joint status report of November 24, 2025, ECF No. 158, the court of appeals' decision in *Vera Institute* will likely inform the issue of whether this Court has subject-matter jurisdiction over Plaintiffs' Administrative Procedure Act claims challenging Defendants' alleged mass termination of foreign assistance awards. The court of appeals held oral argument in *Vera Institute* on October 14, 2025, and it has not yet issued an opinion in the case.

1

Plaintiffs further observe that, after this Court stayed this case, the en banc D.C. Circuit granted review in *Climate United Fund v. EPA*, Nos. 25-5122 and 25-5123, and *National Treasury Employees Union v. Vought*, No. 25-5091. Oral argument before the en banc court took place in these cases today, on February 24, 2026. Plaintiffs in both cases, like Plaintiffs here, challenge Executive Branch actions that allegedly violate constitutional separation-of-powers principles. Defendants in both cases, like Defendants here, argue that the Supreme Court's decision in *Dalton v. Specter*, 511 U.S. 462 (1994), forecloses constitutional review of the challenged actions. Because opinions in *Climate United Fund* and *National Treasury Employees Union* will likely inform resolution of Plaintiffs' constitutional claims, the dismissal of No. 25-5317—in which a similar issue was expected to be presented, *see* ECF No. 158 at 2—does not eliminate the prospect that forthcoming appellate authority would make this Court's resolution of those claims premature.

The parties accordingly request that this Court direct the parties to file a joint status report proposing a schedule for further proceedings in this case within seven days of the D.C. Circuit's issuance of the mandate in *Vera Institute of Justice v. Department of Justice*.

Dated: February 24, 2026

/s/ Nicolas A. Sansone
Allison M. Zieve (D.C. Bar 424786)
Nicolas A. Sansone (D.C. Bar 1686810)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
Tel: (202) 588-1000

*Counsel for Plaintiffs*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director

JEAN LIN
Special Litigation Counsel
Federal Programs Branch

*/s/ Joshua N. Schopf*
JOSHUA N. SCHOPF
PIERCE J. ANON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 514-6304
Email: joshua.n.schopf@usdoj.gov

*Counsel for Defendants*